# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

**JOHN H. SAMSON**

    **Plaintiff, Pro Se**

**Vs.**

**ANNE M. HATHORN, ESQ ATTORNEY**

**ANNE M. HATHORN LEGAL SERVICES LLC**

*8:26-cv- 2067 - MSS-SPF*

JUL 20 2026 PM1:12
FILED - USDC - FLMD - TPA

**ANNE M. HATHORN PERSONAL**

    **Defendant**

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

### And

### NATURE OF ALL THE ACTIONS BELOW

### AND

### DEMANDS FOR TRIAL BY JURY TRIAL

    **COMES NOW** Plaintiff Pro Se, John H. Samson, by and through himself as

undersigned, Pro Se and brings this action or argue for all damages against and

sues Defendant, Anne M. Hathorn, Esq. Attorney, Anne M. Hathorn

1A


$405
TPA746606

Legal Services LLC, <u>Anne M. Hathorn Personal and Private figure</u> in support of

John H. Samson damages. Plaintiff assets several theories for defamation against

Defendant based on a letter thru email intentionality making perjury of false

material facts and lie was relevant to the legal proceeding, false and fraudulent

statements, about the Plaintiff. Plaintiff Pro Se "as a common man or average

citizen" under common law and under the color of law alleges as follows:

## JURISDICTIONAL. ALLEGATIONS
## AND
## THE PARTIES

1. This complaint is an action for damages as alleged herein. - 1. Below
   A. This Court has jurisdiction over this action pursuant to <u>28 U.S.C. §</u> <u>1332(a)</u> P2 A as the parties are diverse, and the amount in controversy is greater than seventy – five thousand dollars ($75,000 or more by law).
2. For Jurisdictional purposes, Plaintiff alleges that the damages action is in excess of minimum amount required for jurisdiction and or to in include personal jurisdiction of this court of Two Hundred Fifty Thousand Dollars and no cents ($250,000.00) or more exclusive of interest, costs and attorney's fees.
3. At all times material hereto, Plaintiff Pro Se, John H. Samson was a natural person and resident of Pinellas County, Florida.
4. At all times material hereto, Defendant Anne M. Hathorn, Esq. Attorney, Anne M. Hathorn Legal Services LLC, Anne M. Hathorn Personal was a natural person and resident of Pinellas County, Florida. Venue is proper in in this county since Defendant Anne M. Hathorn, Esq. Attorney, Anne M. Hathorn Legal Services LLC, Anne M. Hathorn Personal resides there and since the causes of action under investigation and / or at issue arose therein.
   A. Venue is proper in this district pursuant to <u>28 U.S.C.§ 1391(b)(2) P2A</u> because a substantial part of the events or omissions giving rise to

2A

Plaintiff's claims occurred in this District by virtue of the transmission and publication of the false and defamatory statements in this district (an maybe elsewhere) and also because Defendant is subject to this Court's personal jurisdiction with respect to this action.

B. In addition, only "if applicable under the law" or relevant action applies. This Court possesses personal jurisdiction over Defendant pursuant to: (a) Florida Statute §48.193(1)(a)(1) P3A on grounds that Defendant, Anne M. Hathorn, Esq. Attorney, Anne M. Hathorn Legal Services LLC, Anne M. Hathorn Personal operate, conduct, engage in, or carry on a business in this state or have an office or agency in this state, (b) Florida Statute § 48.193(1)(a)(2) P3A on the  grounds that Defendants committed a defamation, conspiracy and a tortious act in this state on her letterhead to a HOA Board of Directors with 10 board members,  Pinellas County Office of Human Right a government agency with more than 5+ employees (as alleged in this Complaint), and (c) Florida Statute §48.193(1)(a)(6) P3A on grounds that Defendants caused injury to Plaintiff within this state arising out of an act or omission by Defendants inside this state of Florida, while at or about the time of the injury, products, materials, or things processed, serviced or manufactured by Defendant were used or consumed within this state in the ordinary course of  commerce, trade, or use.

C. Plaintiff has complied with all potential condition prerequisite, including but not limited to notice under Section 770.01, Florida Statutes. However Plaintiff disputes that Section 770.01 applies to the Defendant and did so simply to protect himself (John H. Samson.)

D. Venue is proper in Hillsborough County, Florida since the cause of action under investigation and / or issue arose in Pinellas County, Florida.

E. Plaintiff has met his burden of establishing personal jurisdiction to proceed with his asserted claims that the defendant acted with actual malice or reckless disregard of the truth by knowingly to defame the Plaintiff by publishing a letter "when, at the time the statement was issue it was utter fiction" and "had been contrived and concocted by government malicious action or ill will partisans[.]" Within the

3A

requirements of <u>Florida's 14th Amendment, Article I, Section 9 of the Florida Constitution procedural</u> or Substantive Due Process Clause. P4A

**Above separate action is filed out of an abundance of caution and will dismissed if the Court rules in Plaintiff Pro Se, John H. Samson favor, in accordance with case law, in the companion case McQueen vs. Baskin et al. 2020-CA0006289 / P4A**

4A.

## TABLE OF CONTENTS
*means number out of order

Plaintiff's Complaint for Damages and Nature of all the Actions below and Demands for Jury Trial ….. P 1A

Jurisdictional Allegations and the Parties – Case Law McQueen vs Baskin et al. 2020-CA0006289….. P 2A, 3A, 4A

Table of Contents….. P I., II., III., IV

Table of Authorities and Other Authorities…..P V., through XVIII.

Nature of "all" The Action Below Statement of Facts Complaint and Jury …..P1 Demands…..P 1

Statement of Facts – Plaintiff profile and Disability…..P 2

Plaintiff, a Veterans -Blind or Invisible Disability…..P2, 3

Facts in part, Defendant Original Letter of Defamatory Claim, Libel and Slander, Perjury, malice, Duty of Care, Bias, Lack of Investigation and more, ect., …..P 4

HOA Board of Directors, 10 (ten) each and Stephen C. Walters LCAM…..P 4

Legally Relevant Letter – Original "START or BEGINNING" OF All Elements of Cause of Action in this "CASE" – [Categorically false and Defamatory]…..P 5

Facts of Background Complaint Started on this Date and Time Cause of Action Letter March 4th, 2024 – Subject: Handicapped Parking…..P 5, 22

Exhibit 1- Complaint Started on this Date and Time Cause of Action…..P 6

Stephen C. Walters LCAM, Monday, March 4th, 2024 @ 9:44 AM – Subject: Handicapped Parking  / illegal Bias-Bias Profiling, Discriminatory practice, …..P 5, 6, 22

Acts by The Defendant "Facts, Proof and Baseless Evidence" – Defamatory in 2 (two) Parts Exhibit: Nature of the Statement…..P 8

Fault – Perjury  – Knowledge or Reckless Disregard and increased damages…..P 9

Causation and Harm – 9 other people satisfies publication and damages…..P 9

Suggested Legal Response Paragraph (Rebuttal / Application of Law to Facts).P 10 . 14

Defamation – Application of Law to the Facts – A practice violates Constitutional

I.

rights, under 4th and 14th Amendment's erodes public trust and is ineffective..P11
Author of the Letter by Stephen C. Walters, satisfies the fault element of
defamation under Florida law, negligence, knowledge or reckless disregard for
falsity…..P 10, 13
Fact, Violation of Dereliction of Duty and Violation of Fiduciary Responsibility
and Duty of Care as an Officer of the Court failed to address the letter…..P 14
Count 1- (Attorney Misconduct, Concealment, and Constitutional Violation)...P
15, 16
Count 1 – A, Complaint / Fed.R.Civ.P8(a) Florida Defamation Law "Wrap –Up
Smear" with separated section of authority (actual malice and punitive damages)
Below is: Federal – Court Pleading – Style section…...P 16
Authority to Support the Pleading complaint – e.g., in an opposition to a motion to
dismiss, Definition of actual malice, purposeful avoidance of the truth …..P 18
Notice: Cases do not use the phrase, but they recognize the pattern of malice ..P 19
3. - Punitive Damages (Florida) Fla. Stat. §768.72 — punitive damages require
intentional misconduct or gross negligence; malice satisfies the requirement…P19
Wherefore, Plaintiff respectfully requests that this Honorable Court enter judgment
against defendant under 1.510 new (MSJ) amendment to dismiss under F.R.C.P
1.140 to test the evidence rather than the pleading / for failure to state a cause of
action / motion to dismiss / Defendant should identify the legal elements of their
claim. This step will involve legal research in order to understand what facts are
relevant to the case by showing that the material cited to establish the absence or
presence of a genuine dispute or produce admissible evidence to support the
facts…..P II, VI, 22, 23, 24, 144, 145
SEE: Gary Blankenship, Court Amends State Summary Judgment Rule to Federal
Standard, Florida Bar News (January 5th, 2021) or The Florida Bar v. Green, 926
So.2d 1195, 1199, (Fla. 2006) or Pizzi v. Cent, Bank & Tr. Co., 250 So.2d 895
(Fla. 1971) (citing Kest v. Nathanson, 216 So.2d 233, 235 (Fla. Dist. Ct. App
1968) or Wausau Ins. Co. v. Haynes, 683 So.2d. 1123 (Fla. 4th DCA 1996)..P21,22
Ask Yourself This Question? Unlawful "Discrimination and Biased"…..P 21
"Failure to disclose or Admit to the Court" Federal Rules of Civil Procedure from
March 4th, 2024 to October 17th, 2025 = 20 months [Concealment (Exculpatory
Evidence) or OMISSION (rule 36) or Fraudulent Conduct, Loss of trust]…..P 22
Facts False and Fraudulent Allegation by the Defendant lacks admissible evidence
to demonstrates by pointing to the record –"let the record reflect or show"…..P 23
Case Law is on the Plaintiff's side. Unprofessionalism supports defamation claim /
defamation claim where defendant failed to reasonable investigate the truth of
challenged statement…..P 24
Cause of Action – Original Letter to: Alana Lewis, Investigator August 29th, 2024
– P25                                    II.

Ms. Alana Lewis…..P 25
Exhibit 2 – Cause of Action Original Letter to: Alana Lewis, Investigator…..25
(In Surmountable Conflict of Interest as a Result of the Disclosures Making False
Statements and Obstruction) Failure to State a Cause of Action…..P 28
Response and Notice of failure to state a cause of action or defense…..P 28
I.-Introduction, II. Failure to State a Cause of Action or Defense…..P 28
III. Request for Relief – August 29, 2024 letter as a non-evidentiary
communication…..P 29
Plaintiff's Motion for more Definite Statement…..P 30
I.Bases for Motion…..P 31
II.Legal Standard / Under Rule 1.1401, Fla. R. Civ. P / Motion for
Clarification…...P 31
III. Plaintiff Relief Requested / 7.Because of these omissions, the pleading is so
indefinite that Plaintiff cannot reasonably prepare a reply or further response. .P 32
PlayBook "Wrap – up smear" violation of Constitutional "Due Process"…..P 33
John H. Samson, Plaintiff Supplemental Rebuttal Statement…..P 34
III., Legal Argument……P 35
V. Relevant Facture Background, Anne M. Hathorn, Esq Attorney, Anne M.
Hathorn Legal Services LLC., Anne M. Hathorn Personal…..P 36,40
Wherefore: C. Require an Independent review of the agency's investigator…..P 36
Wherefore, Plaintiff, John H. Samson demands judgment against  Defendants,
Anne M. Hathorn, Esq Attorney, Anne M. Hathorn legal Services LLC., Anne M.
Hathorn Personal / Acts by Defendant: Perjury - Guilty by court interprets and
False statement under oath or Perjury as an officer of the court …..P 36
Original Letter to: Alana Lewis, Investigator Via Electronic Mail, to:
**alewis@pinellas.org** Pinellas County Office of Human Rights, 400 South Ft.
Harrison Avenue, 6th Floor Clearwater, Florida 33756…..P 41
Count II – "of a false statement" [act with knowledge or reckless disregard or
negligently Concerning a private person]…..P 68, 75
Original Letter to: Alana Lewis, Investigator Via Electronic Mail, to:
**alewis@pinellas.org** Pinellas County Office of Human Rights, 400 South Ft.
Harrison Avenue, 6th Floor Clearwater, Florida 33756…..P 73, 77, 78
Exhibit 3- Plaintiff Argue Count III "with knowledge or reckless falsity (figures or
negligence) (for private figures)"…..P 78
Count III "with knowledge or reckless falsity (figures or negligence) (for private
figures)"…..P 78
Legal Standard: Court allow Plaintiff "Knowledge or Reckless Falsity" prove it
circumstantially through defendant's state of mine at time of publication…..P 80

III.

NOT a "Full and Fair" Report Libel by Omission.....P 81

Evidence that can prove "gross recklessness disregard" and "Actual Malice" by: P81

SEE: Below – Acts by Defendant "Gross reckless Disregard and Actual Malice".....P 81

Evidence of Gross Reckless Disregard.....P 81

NYC vs. Sullivan / 7. Oath of admission P82

Dereliction of Duty as an Officer of the Court and with negligence.....P 87

Count IV - "which causes actual damages" Acts by Defendant: "investigate" ..P 89

Verbatim Statement Not Required: to state a cause of action for slander.....P 93

Count V "is defamatory" The letter is "categorically false and defamatory".....P 93

SEE: 3 each court cases [740, 760, 973] in District Court of Appeal of Florida, Fifth District. November 30, 2007.....P 94

Case Law is on the plaintiff's side......P 95

Exhibit 4- Plaintiff Argue letter of Summary of Guilty / baseless 1., 2., 3., 4., 5 .. P 94

Supports......P 95

Harm / Defamatory per se, a plaintiff's Damage / harm is presumed; therefore is not required to allege harm SEE: Doe vs. Johns Hopkins Sys. Corp .....P 98

Relevant Factual Background Claim – 2 (two) emails were sent with "No / Fails to Reply or Non-Responsive" August 20th, 2024 – 2 (two) e-mails sent were / "Non-Responsive".....P 98

Marked up E-Mail Letter, Added – New Marked up e-mail letter added 10 / 01/ 2025 to Establish Elements of Falsity "Specify what False Statement" or "Statements Caused Injuries".....P 98

Summary of Legal Conclusions of the below letter 2nd Mark-up matter of law P100

*Violation of Color of Law by Anne Marie Hathorn Esq., Attorney and Alana Lewis Investigator of Pinellas County Office of Human Rights Clearwater, Florida – P100

Exhibit 5- Plaintiff Argue / Anna M. Hathorn, Esq., Letter Summary of "Guilty" failed to neutral investigate despite / acted with FRAUD or fraudulent intent or reckless disregard and ignoring "Material Facts" ..... P 104

Prong / Florida Legal Standard all 4/5 (five) has been met / Claim.....P 133

Prong / Single Publication Rule Florida § 770.07 / "Publication Prong" / Florida Supreme Court recognizes Defamation by Implication .....P 136

Wherefore, Plaintiff Pro Se John H. Samson demands judgment against Defendant, Anne M. Hathorn, Esq., Attorney.....P 142

Certificate of Compliance.....P 143

Conclusion.....P 143,144

Certificate of Service.....P 143,152        IV.

## TABLE OF AUTHORITIES
### With
### OTHER AUTHORITIES

Pursuant to 28 U.S.C §1332(a) ….. 2A - in The Parties
Pursuant to 28 U.S.C.§ 1391(b)(2) …..2A - in The Parties
§48.193(1)(a)(1) ….. 3A - in The Parties
Florida Statute § 48.193(1)(a)(2) …..3A – in The Parties
§48.193 (1) (a) (6) …..3A – in The Parties
Section 770.01, Florida Statute …..3A – in The Parties
Section 770.01applies …..3A – in The Parties
McQueen vs. Baskin et al. 2020 – CA0006289 …..4A – in The Parties

## TABLE OF AUTHORITIES
*means number out of order

Zambrano 484 So.2d at 606 (citing Hay, 450 So2d 293) …..P1, 2
Miami Herald Publishing Co. vs. Ane, 423 So.2d 376 (Fla. 3d DCA 1982) P3, 13
Miami Herald Publishing Co. vs. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982) P3, 13
Larsen vs. Orlando Sentinel, 728 So. 2d 368 (Fla. 5th DCA 1999) …..P3, 4
Exhibit 1- Plaintiff Argue Letter March 4th, 2024 …..P6
Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451 (Fla. 5th DCA 1999) …..P8, 9, 12
The Florida Constitution (Article 1, Section 2) SEE: Blacks Law, case law …P9
Larsen v. The Florida Bar, 569 So. 2d 473 (Fla 1990) …..P9,13
Rosenblatt v. Bare (1966) tort of defamation …..P9
Jew for Jesus, Inc. vs Rapp, 997 So. 2d 1098 (Fla. 2008) …..P10, 13
Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451 (Fla 5th DCA 1999) …..P8,9,12
Thomas v. Jacksonville Television, Inc., 699 So. 2d 800 (Fla. 1st DCA 1997)…P12
Declaration, Rules, Bylaws …..P12
Jews for Jesus, Inc. v. Rapp, 977 So. 2d 1098 (Fla. 2008) …..P10, 135, 136,137
Miami Herald Publ'g Co. v. Ane 423 So. 2d 376 (Fla 3d 1982) …..P3, 13
Larsen v. The Florida Bar, 569 So. 2d 437 (Fla. 1990) …..P9, 13
Gooding v. University Hospital Building, Inc., 445 So 2d 1015 (Fla. 1984) …..P14
Ruiz v. Tenet Hialcah Healthsystem, Inc., 260 So. 3d 977 (Fla 2018) …..P14
*Florida 14th Amendment, Article I, Section 9 Procedural Due Process Clause ….. P4A
Brady vs. Maryland 373 U.S. 83 (1963) Article 1. Section 9 Florida Const. …..P15
Count 1 –A, Complaint / Fed. R. Civ. P. 8(a) Florida defamation law "Wrap-up Smear" ……P15, 16

V.

SEE: Rapp; Smith: (Fla. Law Applied Through Diversity Jurisdiction) …..P16
Under: New York Times v. Sullivan, St Amant …..P16
Harte – Hanks (reckless disregard) …..P16
Fla. Stat. §768.72 punitive damages satisfy the requirements …..P16, 19
Smith v. Cuban Am. Nat'l Found., 731 So2d 702 (Fla. 3d DCA (1999) …..P19
Condominium I at East Bay Association Inc. (PC – 24 – 0028; HUD 04 – 24 – 7023 – 8) …..P17, 135
New York Times Co. v. Sullivan, 376 U.S. 245 (1964) actual malice ……P18
Harte – Hanks Commc'ns v. Connaughton, 491 U.S. 657 (1989) purposeful ….P18
St. Amant v. Thompson, 390 U.S. 727 (1968) information questionable or unverified …..P18
Berisha v. Lawson, 973 F.3d 1304 (11th Cir 2020)  - - 11th Cir.: reckless disregard of falsity or serious doubts  …..P18
Steele v. Hosp. Corp of America, 422 So. 2d 365 (Fla. 3d DCA 1982) new publication …..P18
Jews for Jesus, Inc., Rapp, 997 So. 2d. 1098 (Fla. 2008) …..P19
Klayman v. Judicial Watch, Inc., 22 F.4th 1240 (D.C. Cir. 2022) …..P19
Harte – Hanks, 491 U.S. at 692 …..P19
Berisha, 973 F.3d at 1312–13 / reckless disregard …..P19
Fla. Stat. §768.72 …..P19
Smith v. Cuban Am. Nat'l Found., 731 So.2d 702 (Fla. 3d DCA 1999) malice or ill will …..P19, 135
Brady v. Maryland, 373 U.S. 83 (1963) material evidence favorable to the accused …..P20,….. SEE: Gary Blankenship, Court Amends State Summary 5 Cases P21
Mok vs 21 Mott Street Restaurant Corp. 201 F.3d 433 (2d Cir 1999) …..P22
SEE: Facts / Florida Rules of Civil Procedure 1.510…..P23, II, VI, 22,24, 144,145 (MSJ) 1.510 Under 2025 amendment / New York Times Co. v. Sullivan, [Florida Supreme Court Rule 1.510 / (MSJ) 40 days before hearing / Responses due 20 days before hearing / 60 Response after service. SEE: Wald vs. Grainger, 64 So.3d 1201, 1205 (Fla 2011) (citing State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d. 1061 (Fla 4th DCA 1995))…..P23, 24, II, VI, 22, 144,145
SEE: (Negligence) Gertz v. Robert Welch, Inc. and (Actual Malice) New York Times Co. v. Sullivan ….. P 24
Soloman Found. v. Christian Fin. Res., Inc., 2023 U.S. Dist. LEXIS 71833 (D.C. Md. 2023) unprofessionalism support defamation claim…..P24, 25
Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000)…..P25
Florida Bar News (January 5th, 2021) or The Florida Bar v. Green, 926 So.2d 1195, 1199, (Fla. 2006) or Pizzi v. Cent, Bank & Tr. Co., 250 So.2d 895 (Fla. 1971) (citing Kest v. Nathanson, 216 So.2d 233, 235 (Fla. Dist. Ct. App 1968) or

VI.

Wausau Ins. Co. v. Haynes, 683 So.2d. 1123 (Fla. 4th DCA 1996) …..P21
"HARM" - Where alleged statements are defamatory per se, a plaintiff's
Damage / harm is presumed; therefore Plaintiff is not required to allege harm. Doe
v. Johns Hopkins Health Sys. Corp., 274 F.Supp.3d 355, 366 (2017) (citing Hearst
Corp. v. Hughes, 297 Md. 112, 466 A.2d 486, 493 (Md. 1983)); *see Russell*, 2012
U.S. Dist. LEXIS 49370, at *13 (concluding that the fourth element of defamation,
harm, is adequately alleged "because at least some of the statements in the Article
are per se defamatory" and therefore, harm is presumed). Here, Plaintiff adequately
alleges that Defendants' statements were defamatory per se. Accordingly, Plaintiff
has met the fourth element for a defamation a claim. …..P25
Doe v. Johns Hopkins Health Sys. Corp.,274 F. Supp. 3d 355, 366 (2017) (citing
Hearst Corp v. Hughes, 297 Md. 112, 466 A. 2d 486, 493 (Md. 1983) see Russell,
2012 U.S. Dist. LEXIS 49370, at *13 …..P24
Exhibit 2 – Cause of Action Original Letter to Alana Lewis, investigator …..P24
Florida Rules of Civil Procedure or Florida Fair Housing Act (Fla. Stat. § 760.23 et
seq.) The letter …..P28
HUD/DOJ Joint Statement on Reasonable Accommodations (2004) or applicable
precedent interpreting 42 U.S.C. § 3604(f)(3)…..P29
42 U.S.C. §3604(f)(3)(A) ……P29
Rule 1.140(e), Florida Rules of Civil Procedure to: definite statement regarding the
correspondence August 29th, 2024 …..P30
Legal Standing, Under Rule 1.140, Fla. R. Civ. P / pleading is "so vague or
ambiguous …P31
Under Rule 1.140, Fla. R. Civ. P / pleading is a more define statement regarding
the correspondence dated August 29th, 2024 "so vague or ambiguous …..P31
City of Sarasota v. Mikos, 374 So.2d 458 (Fla 2d DCA 1979) …..P31
Mendez v. Bank of Am., 457 So2d 1358 (Fla 3d DCA 1984) Court held that
conclusory or opinion – based assertions lacking factual support are insufficient of
legally adequate pleading ….. P31
Under: Supplemental Rebuttal Statement[3.](FRE901)(FRE 602) (FRE 401) …P35
IV, Description of "Wrap-up Smear" under [7.] Denying "Due Process" violates 5th
and 14 Amendment…..P36
Under Effect and Impact / [3.] Florida Fair Housing Act and 42 U.S.C. §3617
(interference, coercion, and intimidation) …..P36
U.S. Code Title 18 Part 1 – Chapter 79 §1621 "perjury" (letter dated August 29th,
2024) …..P37

VII.

Declaration (section 1746 of title 28) United States Code is guilty of perjury …..P37

Bronstan v. United States or United States v. Dunnigan or United States Slawik, 548 F.2d 75 (1977) …..P37

Rule 4 – 3 – 1 make claims grounded in law and facts …..P38

Rule 4 – 3 – 3 making false statement of law or fact or failing to correct them ..P38

Rule 4 – 4.1 (competence)…..P38

Rule 4 – 8 - .4(C) & (D) dishonesty or conduct prejudicial the administration of justice. …..P38

The Florida Bar v. Richardson, 574 So.2d 60 (Fla. 1990) or The Florida Bar v. Richardson, 574 So. 2d 60 (Fla. 1990) …..P38, 39

Rule 4 – 1 - .1 competence …..P39, 38

Rule 4 – 3 - .1 Meritorious Clams and Contentions …..P39

Rule 4 – 3 .3 (candor toward the tribunal) …..P39

Rule 4 – 1 .1 apply the relevant law to the material facts …..P40, 38, 39

Rule 4 – 3 .1 basis in both fact and law …..P40

Rule 4 – 3 - .3(a) (1) mandates candor (knowingly making false statements of fact or law or failing to correct such statements …..P40

The Florida Bar v. Richardson, 574 So. 2d 60 (Fla 1990) warranted discipline ..P40

In The Florida Bar v Cox, 794 So. 2d 1278 (Fla. 2001) court sanctioned counsel…..P40

Rule 4 – 8.4(d) duty of candor (The Supreme Court of Florida …..P40

Florida Bar v. Agar, 394 So. 2d 405 (Fla 1981) ignores factual realities …..P40

Accordingly, this conduct constitutes a violation of the Florida Rules of Professional Conduct and warrants appropriate remedial or disciplinary consideration …..P41

Milkovich v. Lorain Journal Co., 479 US 1, Supreme Court 1990 …..P42

Anson v. Paxon Communications Corp., 736 So.2d 1209 (Fla. 4th DCA 1999).P42

Supreme Court of the United States in Bousley; Schlup; House; Calderon v. Thompson, 523 U.S. 538 (1998) …..P42, 43

Gooding v. University Hospital Building, Inc., 445 So. 2d 1015 (Fla. 1984) …..P44

Ruiz v. Tenet Hialeah Healthsystem, Inc., 260 So. 3d 977 (Fla. 2018) …..P44

Plaintiff Civil Rights by law like Section 1983 and 5th (Fifth Amendment to the Us Constitution …..P44

ADA law Physical characteristic as a protect class by using a strategic misrepresentation…..P46

VIII.

Caperton vs. Massey (2009) or A.J.T. vs. Osseo Area School (2025) …..P47
United States vs. Martinez-Salazar (2000) see: Federal Statute on Judicial "Bias"
28 U.S. Code § 144 or Dobbs vs. Jackson Women's Health Organization –
including – Griswold, Lawrence, and Obergefell. …..P47
" Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005)
(citation omitted) SEE: "a plaintiff need not prove the malice or discriminatory
animus of a defendant ….P47
Bangerter v. Orem City Corp., 46 F.3d 1491, 1501 (10th Cir. 1995)…..P47
Ferrill v. Parker Grp., Inc., 168 F.3d 468, 473 n.7 (11th Cir. 1999) …..P47
Protected Class, Venter, 123 F.3d at 973…..P47
Mile Marker Inc. vs. Petersen Publishing, District Court of…..P47
Appeal of Florida, Fourth District …..P47
Mile Marker, Inc., v. Petersen Publ'g, L.L.C., 811 So. 2d. 841, 845 (Fla. 4th DCA
2002) …..P47
Thomas v. Jacksonville Television, Inc., 699 So.2d 800 (Fla. 1st DCA 1997) ..P48
defamed party. Id. at 803 …P48
Denying Plaintiff, John H. Samson "Due Process in Direct violation of 5th & 14th
Amendment of the Constitutional rights to file a lawsuit with Pinellas County
Office of Human Rights Department "HARM DONE" …..P48
invisible or blind disabilities by ADA law …..P49
disability [to include invisible disabilities by ADA law …..P49, 50
Florida Statute § section 934.10 Civil remedies. (d) and Embezzlement…..P51
violation of "DUE PROCESS and of false statements or "PERJURY" is in Direct
Violation under: [1743. Perjury -- Overview Of 18 U.S.C. §1621 And 1623,
Violations Several Federal statutes criminalize perjury and related false statements.
The two most commonly used statutes for perjury offenses …..P53
statutes for perjury offenses are 18 U.S.C. §1621 and 1623. Section 1621 …..P53
judicial bodies Section1623, added in 1970 …..P53
Hubbard v. United States, 115 So. Ct. 1754, 1764 & n.15 (1995) Sections 1503
(obstruction) and 287 (false claims) …..P53
Federal false statement statute, 18 U.S.C. § 1001 …..P53
1996, Congress amended the § in the False Statements Accountability Act of 1996,
P.L. 104 – 292, H.R. 3166, Oct 11, 1996 …..P53
"emotional well – being and intentional infliction of emotional distress" and
"discrimination or Bias and Prejudice" = [in Keen vs. Brown, 46 Fla,487 (1903),
the Florida Supreme Court defined prejudice as …..P55
Amendments to Fla. Rule of Gen. Practice & Jud. Admin. 2.320, 356 So.3d 766
(Fla. 2023} …..P55

IX.

"God Given Right" to the "Fifth Amendment and Fourteenth Amendment to the 5TH and 14th Amendment to the US Constitution, Due Process .....P55

Barron vs. City of Baltimore (1833) .....P56

Chicago, Burlington & Quincy Railroad Company vs. City of Chicago (1897) .....P56

Civil Rights Act of 1964 American with Disabilities under fair and equal.....P56

"Subject to strict scrutiny under Art.1, §23, Fla. Cont." .....P56

SEE: Link v. Wabash Railroad Co., 370 U.S. 626,630 – 632 (1962) .....P56

SEE: Aoude, 892 F.2d at 1118; McDowell vs Seaboard Farms of Athens, Inc., 1996 WL 684140, 2-3 (M.D. Fla 1996) .....P56, 57

Pope, 138 F.R.D. at 682 (dishonest conduct or conduct threatens the integrity of the judicial process is grounds for dismissal with prejudice under Rule 41 (b)); Amway Corp v. Shapiro Express Co. 102 F.R.D. 564, 569 – 70 (S.D.N.Y. 1984); Cox v. Burke, 706 So. 2d 43 (Fla. 5thDCA 1998); Kornblum v. Schneider, 609 So. 2d 138 (Fla. 4th DCA 1992) .....P57

"Sentiently, Fraud upon the court" "Cox, 706 So.2d at 46 (quoting Aoude, 892 F.2d at 1118) "beyond a reasonable doubt." Smith v. Department of HRS, 522 So.2d 956 (Fla. 1st DCA 1988) ..... P57

A – "Question of Law" for a Court or judge to rule on. .....P57

Oath of Admission, Unprofessional conduct [Fla Supreme Court No SC15 – 944] 9/10/15 .....P58

United States ex rel. Manzanella vs. Zimmerman (conduct that involves moral turpitude) .....P58

State ex rel Tullidge vs. Hollingsworth, 108 Fla. 607, 611, 146, So. 660, 661 (Fla. 1933) .....P58

Question of Law / published statement is pure opinion vs. an actionable expression of fact or mused opinion (also called "obiter dictum") Air Lines, Inc. v, Gellert, 438 So. 2d 923, 927 (Fla. 3d DCA 1983) .....P58

" (quoting Restatement (Second) of Torts § 566 cmt. C (Am. L. Inst. 1977) ..... Colodny v. Iverson, Yoakaum, Papiano & Hatch, 936 F. Supp. 917, 923 (M. Fla. 1996) (citing Fla. Med. Ctr., Inc. v. N.Y. Post Co., 568 So. 2d 454, 457 (Fla. 4th DCA 1990)) .....P59

Abbate v. Public Super Mkts., Inc., 632 So., 2d 1141 (Fla. 4th DCA 1994))).....P59

punitive damages under section 786.72 Florida Statutes .....P59

(In Connection with Defamation – Pursuant to §768.72, Fla. Stat.) .....P59

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) "actual malice".....P60, 61

Pursuant to §768.72, Florida Statutes (punitive damages / intentional misconduct or gross negligence) .....P61, 60

X.

§768.72, Florida Statutes [5 & 6] (Intentional misconduct / gross negligence)..P61

Miami Herald Pub. Co. v. Ane, 458 So.2d 239 (Fla. 1984) .....P61

Smith v. Cuban m. Nat'l Found., 731 So.2d 702 (Fla. 3d DCA 1999) .....P61

§768.72., Florida Statutes (judgment against Defendant .....P62

Fifth Amendment and Fourteenth Amendment to the US Constitution, Due Process, a "God Given Right" 1., 2., 3., 4., 5. .....P64

Barron vs. City of Baltimore (1833) .....P64

Chicago, Burlington & Quincy Railroad Company vs. City of Chicago (1897) .....P64

Civil Rights Act of 1964 and Americans with Disabilities .....P64

Chapter 454 Title XXXII Regulation of Professions and Occupations. ....P67

Chaplinsky vs. New Hampshire, 315 U.S. 568, 571 – 72 (1942) ("As explained by the U.S. Supreme Court. .....P67

The constitutional §768.295 (1), §768.295(3) – Accord Lab'y Corp, of Am. V. 323 (Fla. 2022) and portfolio recovery Assocs., 308 946 (Fla. 2020) .....67

Sols. Corp, v. Marshall 39 So. 3d 1215 Fla. (U.S. Supreme Court, 'the potential chill protected First activity stemming from libel and in the constitutional. Limitations on the substantive law governing such suits." (quoting Calder v. Jones, 465 U.S. 783, 790 (1984) .....67

Fox v. Hamptons at Condo, Ass'n, 223 457 (Fla 5th DCA (freedom of speech does not extend to obscenity, defamation, fraud, incitement, true threats, and speech integral to criminal conduct." (citing State vs. Cassidy, 814 F. Supp. 83 (2011) .....P67

Wolfson v. Kirk, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). .....68

Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008). .....P68

NITV, L.L.C. v. Baker, 61 So. 3d 1249, 1252 (Fla. 4th DCA 2011) True statements (i.e., statements that are not capable of being proved false and statements of pure opinion) . .....P68

Keller v. Miami Herald Publishing Co., 778 F.2d 711, 717 (11th Cir. 1985) Whether a statement is one of fact or opinion . .....P69

*U.S. Const. amend XIV, §2., .....P101

Fortson v. Colangelo, 434 F.Supp.2d 1369, 1378 (S.D. Fla. 2006) . .....P69

Zorc v. Jordan, 765 So. 2d 768,771 (Fla. 4th DCA 2000) .....P69

Hoon vs. Pate Construction Col, 607 So.2d 423, 429 (Fla. 4th DCA 1992) .....P69

Turner v. Wells, 879 F.3d 1254, 1264 (11th Cir. 2018) .....P69

Florida Medical Center, Inc. v. New York Post Co., Inc., 568 So. 2d Page 3 of 34 .....P69

Miami Herald Publ'g Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982) .....P72

Larsen v. Orlando Sentinel, *728 So. 2d* 368 (Fla. 5th DCA 1999). .....P72

XI.

Miami Herald Publ'g Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982) .....P72

Boyles v. Mid-Florida Television Corp., 431 So. 2d 627 (Fla. 5th DCA 1983) .....P72

Staples vs United States, 511 US 600 (1994) .....P72

Morissette v. United States, 342 U.S. 246, 252 (1952) .....P72

Noveshen v. Bridgewater Assocs., LP UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA (19 SEPT 2014) .....P74

NITV, L.L.C. vs. Baker, 61 So. 3d 1249, 1252 (Fla. 4th DCA 2011) (quoting Razner v. Wellington Reg'l Med. Ctr., Inc., 837 So.2d 437, 442 (Fla. 4th DCA 2002)). Unless defamation per se is alleged, malice .....P74

Nofziger, 361 B.R. 236, 245 (Bankr. M.D. Fla. 2006) (citing Wolfson v. Kirk, 273 So.2d 774, 776 (4th DCA 1973) .....P74

Kieffer v. Atheists of Fla. Inc., 269 (Fla. (quoting Jews for Jesus, Inc. v. Rapp, 997 So.2d 1098, 1106 (Fla. 2008) .....P75

Mile Marker, Inc. v. Petersen Publ'g, L.L.C 811 So2d 841,845 (Fla. 4th DCA 2002) .....P75

Turner v. Wells, 879 F.3d 1254, 1262 (11th Cir. 2008) .....P75

Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx 863, 865 (11th Cir. 2015). .....P75

Turner v. Wells, 879 F.3d 1254,1262 (11th Cir. 2008)) (citation omitted its rule. Id. (citing Molinos Valle Del Cibao. C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011) ." Id.  (citing Bravo v. U.S., 577 F.3d 1324, 1325 (11th Cir. 2008)) (per curiam) (citation omitted). As general matter, we must follow the decisions of these intermediate courts." Id.  At 1325 -1326. "But we may disregard these decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id......75

Armiger v. South Tail Fire Protec. & Serv. Dist., No. 2:13-cv-825-FTM-38CM, 2014 WL 4402073, at *(M.D. Fla. Sept. 4, 2014) (citing Cooper vs Miami Harald Pub. Co., 159 Fla.296,31 So,2d 383, 384 (Fla. 1974)).....P75

Turner, South Trail Fire Protec., Jews for Jesus, supra. Libel .....P75

Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx. 863,865 (11th Cir. 2004) (quoting Wolfson v. Kirk, 273 So.2d 774, 776 (Fla. 4th DCA 1973)) .....75

Sirpal vs. Univ. of Miami, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010) Alan, 604 Fed. Appx. At 865  (same).....P76

Corsi vs. Newsmax Media, Inc., 519 F. Supp. 3d 1110, 1119 – 1120 (S.D. Fla 2021) (quoting Granda – Centeno vs. Lara, 489 So. 2d 142, 143 (Fla.3d DCA 1986) .....P76

Zimmerman vs. Buttigieg, 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021) .....P76

XII.

Markle vs. Markle, No 8:22-CV-511- CEH-TGW, 2024 WL. 1075339, at *18 (M.D. Fla. Mar. 12, 2024) (quoting Doe v. Am. Online, Inc. 783 So. 2d 1010, 1017 (Fla. 2001)); Buttigieg, 521 F. Supp. 3d at 1212, …..P76

New York Times Co. v. Sullivan, 376 U.S. 254 (1964)…..P76

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) Page 376 U. S. 298 "actual malice" …..P76

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) statement was false or was reckless in deciding to publish the information without investigation …..P76, 77

Gertz v. Robert Welch, Inc., (Negligence) and (Actual Malice) New York Times Co. v. Sullivan …..P77

Count III / Plaintiff Argue Exhibit 4 – Defendants Letter, Knowledge or reckless or Falsity (negligence ) (for private figures)…..P78

Curtis Pub. Co. vs. Butts, 388 U.S.130, 157 (1967) actual malice …..P79

Anderson vs. The Augusta chron., 619 S.E.2d 428, 433 (S.C. 2005) (Burnett, J., concurring) hide its factual flaws constitutes evidence of actual malice…..P79

S. Air  Transp., Inc. vs. Post-Newsweek Stations, Fla., Inc., 568 So. 2d 927, 928 (Fla. 3d DCA 1990) (reasonable showing of actual malice for report) …..P79

New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964) "Actual Malice"…..P80

Under New York Times Co. v. Sullivan, 376 U.S. 254 (1964) …..P80

Memphis Publishing Co. v. Nichols, "Evidence that can prove "gross recklessness disregard" and "Actual Malice" …..P81

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) and Florida law (see Della-Donna v. Gore Newspapers Co., 489 So.2d 72 (Fla. 4th DCA 1986)…..P82

and Florida law (see Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974) …..P82

*Memphis Publishing Co. vs. Nichols …..P81

New York Times Co. v. Sullivan 376 U.S. 254 (1964), and Florida law (see Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974) …..P82

Della-Donna v. Gore Newspapers Co., 489 So. 2d 72 (Fla. 4th DCA 1986) ……P82

violations of the Oath of Admission, The Creed of Professionalism, The Rules 4 – 8.4(d) Regulating Florida Bar (Lawyers honesty, diligence, competence, and civility in ALL interactions) …..P83

Florida Supreme Court decisions. 4-8.4(d) of The Rules Regulating The Florida Bar has been the basis for imposing discipline in such instances. See generally, …..P83

The Florida Bar v. Ratiner, 46 So. 3d 35 (Fla. 2010); The Florida Bar v. Abramson, 3 So. 3d 964 (Fla. 2009) …..P83

Florida Bar v. Martocci, 791 So. 2d 1074 (Fla. 2001) …..P83

The Florida Bar v. Abramson 46 S0.3d 964 (Fla. 2009) …..P83

XIII.

*New York Times Co vs Sullivan, 376 U.S. 254 (1964) "bad intent" …..P86, 89 Under the First and Fourteenth Amendment, It previously had been used only to determine whether enhanced penalties, such as punitive damages, should be *awarded, SEE: Pp. 376 U.S. 265 – 292., ……P86

ABA Model Rule of Professional Conduct (specifically Rule 1.1, 1.3[Competence and Diligence], 1.2, 3.3, 4.1in the letter March 4th 2024 …..P83, 84

Candor to the tribunal (Rule 3.3) on the Defendant or Attorney. Lack or failure of Duty of Investigation (Rule 1.2(d)) under ABA Formal Opinion 513. Truthfulness to Third Parties (Rules 4.1) …..P84

SEE: Pp. 376 U.S. 265-292, CASE COMMENTARY, OPINIONS and Materials – Oral Arguments. SEE: Gertz vs. Robert Welch, Inc., (1974) or Bose Corp. vs. Consumer Union of United States, Inc. (1984) …..P86

New York Times v. Sullivan, 376 U.S. 254 (1964) – Established "actual malice" standard., …..P86, 89

St. Amant v. Thompson, 390 U.S. 727 (1968) – Reckless disregard means "serious doubts as to the truth." …..P89

Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657 (1989) – Failure to investigate amid obvious reasons to doubt supports finding of reckless disregard.. …..P89

[Perjury under 18 U.S.C. §1621 and 1623] (makes a false statement as to a material matter) …..P89

[Perjury under 18 U.S.C. §1621 and 1623] and [in short, Perjury - §1621 knowingly or §1623 makes a false statement as a material matter…..P89

Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) …..P90, 86

Time Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976) …..P90

Uniform Commercial Code. Cardozo v. True, 342 So.2d 1053, 1056 (Fla. 2d DCA 1977), cert. denied, 353 So.2d 674 (Fla. 1977) …..P90

Hay v. Independent Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984) …..P91

Communication. From v. Tallahassee Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981), petition for rev. denied, 412 So.2d 465 (Fla. 1982) …..P91

Hay v. Independent Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984) …..P91

Fidelity Warr. Servs. V. Firstate Ins. Holdings, Inc., 74 So.3d 506 (Fla. 4th DCA 2011); Hoch v. Rissman, Weisberg, Barrett, 742 So.2d 451, 460 (Fla. 5th DCA 1999), rev. denied, 760 So.2d 948 (Fla. 2000) …..P91, 92

XIV.

LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. 4th DCA 2003), §9:10 Florida Causes of Action 9-8 rev. denied, 859 So.2d 514 (Fla. 2003) .....P92

Lipsig v. Ramlawi, 760 So.2d 170, 184 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 579 (Fla. 2001) .....P92, 93

Morse v. Ripken, 707 So.2d 921, 922 (Fla. 4th DCA 1998)......P92

Grad v. Copeland, 280 So.2d 461, 468 (Fla. 4th DCA 1973), cert. denied, 287 So.2d 682 (Fla. 1973). See Fla. Const. art. I, §4 .....P92

Lipsig v. Ramlawi, 760 So.2d 170, 183 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 579 (Fla. 2001) .....P92, 93

LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 886 (Fla. 4th DCA 2003), rev. denied, 859 So.2d 514 (Fla. 2003), rev. denied, 859 So.2d 514 (Fla. 2003) .....P91

Lipsig v. Ramlawi, 760 So.2d 170, 184 (Fla. 3d DCA 2000) .....P93

Razner v. Wellington Regional Medical Center, Inc., 837 So.2d 437, 442 (Fla. 4th DCA 2002) .....P93

Kieffer v. Atheists of Fla., Inc., 269 So. 3d 656 Fla. (Fla. (quoting Jews for Jesus, Inc. v. Rapp, 997 So, 2d 1098, 1106 (Fla. 2008) .....P93

Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841, 845 (Fla. 4th DCA 2002) .....P93, 94

SEE:740 F.Supp.2d 1299 (2010) Lara Jade COTON, Plaintiff, v. TELEVISED VISUAL X-OGRAPHY, INC., and Robert Augustus Burge, Defendants. Case No. 8:07-CV-1332-T-TGW. United States District Court, M.D. Florida, Tampa Division. September 16, 2010......P94

SEE: 760 So.2d 170 (2000) Daniel LIPSIG, Nasim Rahman and Miami Columbus, Inc., Appellants/Cross-Appellees, v. Zahid A. RAMLAWI, Appellee/Cross-Appellant. No. 97-1890, 97-1819.District Court of Appeal of Florida, Third District. March 29, 2000......P94

SEE: 973 So.2d 492 (2007) Lawrence M. DESTEFANO, Appellant/Cross-Appellant/Cross-Appellee, v. ADVENTIST HEALTH SYSTEM SUNBELT, etc., et al., Appellee/Cross-Appellants. No. 5D06-75. District Court of Appeal of Florida, Fifth District. November 30, 2007 .....P94

Walters v. OpenAI, Walters v. OpenAI, No. 23-A-04860-2 (Ga. Super. Ct., May 19, 2025.) .....P95

NOTE: Soloman Found. V. Christian Fin. Res., Inc., 2023 U.S. Dist. LEXIS 71833 (D.C. Md. 2023) (upholding plaintiff's defamation claim where defendant failed to reasonably investigate the truth of challenged statement). [Specify – False statement and a statement caused injuries and "Pernicious" behaviors] .....P95

Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000) .....P95

XV.

Plaintiff Argue, Exhibit 4, support "Baseless" 1., 2., 3., 4., 5., …..P95

Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) …..P96

NOTE: Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) 6. "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient…..P96

"Bourgeois v. Live Nation Ent., Inc., 3 F.Supp.3d 423, 434 (D. Md. 2014) (quoting Twombly, 550 U.S. at 555). 7. Defendant has a "Fiduciary Responsibility to investigation prior to publication of all letters" with false allegations, was required to conduct an "enhanced audit" or "forensic audit / investigations to investigate the (false) allegations; the independent auditor ultimately confirmed that Defendants' defamatory allegations were unfounded and baseless statements of the Plaintiff, John H. Samson. [Specify – False statement and a statement caused injuries and "Pernicious" behaviors] …..P96

Samuels v. Tschechtelin,135 Md. App. 483, 544 (2000) …..P96

Blue Ridge Bank v. Veribanc, Inc., 866 F.3d 681, 686 (4th Cir. 1989); SEE: also National Life Ins. Co. v. Phillips Publ'g, 793 F. Supp. 627, 634 (4th Cir. 1992) …..P97

See S. Volkswagen, Inc. v. Centrix Fin., LLC, 357 F.Supp.2d 837, 843 (D. Md. 2005) A private figure is generally defined as anyone who is not a public figure., ….. P97

Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 761-63 (1985) (holding that a credit reporting agency is a private figure); Gertz, 418 U.S. at 325 (holding that an attorney is a private figure)……P97

Seley-Radtke, 450 Md. At 496 (quoting Piscatelli, 424 Md. At 307-308))……P97

Batson v. Shiflett, 325 Md. 684, 728 (1992) (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964))……P97

Doe v. Johns Hopkins Health Sys. Corp., 274 F.Supp.3d 355, 366 (2017) (citing Hearst Corp. v. Hughes, 297 Md. 112, 466 A.2d 486, 493 (Md. 1983)); SEE Russell, 2012 U.S. Dist. LEXIS 49370 at *13 …..P98

"Bill Of Rights" – "Perjury" 18 U.S.C. §1621 [knowingly] and §1623 making false statement as to material matter] …..P99

U.S. Const. Amend XIV, §2 …..P100

Letter Summary of "Guilty" Plaintiff Argue, Exhibit 5 …..P104

Violation of Due Process, a subject of strict "Scrutiny" – Defendant letter of "undisputed facts and personal perceptions" …..P105

Discrimination [direct violation of Title VII of the Civil Rights act protect] and [Civil Rights Act of 1964 (CRA)] …..P108

XVI.

Hill Nissan, Inc. vs. Jenkins Nissan, Inc., No. 8:11-cv-2757-MSS-EAJ, 2012 WL 13106337, at *2 (M.D. Fla. Aug. 7, 2012) .....P108

Markle 2024 WL 1075339, (citing Smith, 731 So. 2d at 707) (According to U.S. Supreme Court and Florida case law, falsity only exists if the publication is substantially and materially false, not just if it is technically false.") .....P108

Parekh., 820 Fed. Appx. At 833 (citing Smith, 731 So. 2d 707). .....P108

*2 "Because the alleged defamation was published in Florida, Florida state law is controlling." Alan vs. Wells Fargo Bank, N.A.., 604 Fed. Appx. 863, 865 (11th Cir. 2015). When "analyzing defamation claims, we apply Florida's substantive law." Turner vs. Wells, 879 F. 3d 1254, 1262 (11th Cir. 2018) (citation omitted). "Where the highest court – in this case, the Florida Supreme Court – has spoken on the topic, we follow its rule." Id. (citing Molinos Valle Del Cibao, C. por A. v. Lama, 633 F. 3d 1330, 1348 (11th Cir. 2011). Decisions of the Florida appellate courts "provide guidance for this prediction." Id. (citing Bravo v. U.S., 577 F. 3d 1324, 1325 (11th Cir. 2009) (per curiam) (citation omitted. "As a general matter, we must follow the decisions of these intermediate courts." Id. At 1325 – 1326. "But we may disregard these decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id., .....P108

"INTERFERENCE" of the individual's ADA right and other federal laws. Under Title I, II and III of the law .....P109

Under ADA Title I and numerous other federal civil rights laws of 1964 .....P109

My 100% Disability is supported by all State, Federal laws, EEOC, ADA, Department of Veterans Affairs, Florida Department of Highway Safety and Motor Vehicles governed in an association about handicapped parking permits(s) ..P112

"MORAL TURPITUDE" dishonesty of a high degree, See: 44 So. 2d 802 "dishonesty of a high degree, See: 44 So. 2d 802 (perjury) could lead to disqualification of one's license to practice law.....P115

UNDER Federal Rule of Evidence 801(d)(1)(A) penalty of perjury .....P122

Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008) .....P135

Cape Publ'n, Inc. v. Reakes, 840 So.2d 277, 279-80 (Fla. 5th DCA 2003) "element of defamation" .....P135

"Smith v. Cuban Am. Nat' 1 Found.,731 So.2d 702, 707 (Fla. 3d DCA 1999) all the words used / provably false connotations cannot be supported .....P135

"Judicial opinions and legal interpretation for legislative intent" [Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the 'gist' or the 'sting' of the statement is true. "id. At 706 overlooks minor inaccuracies and concentrates upon substantial truth / substantially true .....P135

XVII.

"Id. At 707 (quoting Masson v. New York Magazine, Inc., 501 U.S. 496, 516, 111 S. Ct 2419, 115 L.Ed.2d 447 (1991) – the statement in question must be read in full context of its publication. Id. At 705 – 06 / substantially true …..P135, 136
Single Publication Rule Florida Stat.s 770.07 / "Publication Prong" Florida Supreme Court recognizes Defamation by implication …..P136
SEE: Jews for Jesus, Inc. vs Rapp, 997 So.2d 1098, 1106 – 07 (Fla. 2008) and (quoting Stevens vs. Iowa Newspaper, Inc., 728, N.W.2d 823, 827 (Iowa 2007) false impression Id. …..P136
Publ'n Inc. v. Reakes, 840 So.2d 277, 279 – 80 (Fla 5th DCA 2003) …..P135
Zambrano vs. Devanesan, 484 So.2d 603, 606 (Fla. 4th DCA 1986) mixed opinion …..P136
Zambrano, 484 So.2d at 606 (alterations in original) (quoting Rand vs. N.Y. Times Co., 75 A.D.2d 417, 422, 430 N.Y. 2d 217 (N.Y. App. Div. 1980) (discussing Restatement (Second) of Torts §566 cmts. b & c (Am. Law Inst. 1965) …..P136
"Fact, Black's Law Dictionary (12th ed. 2024) …..P137
Omitting Facts / Jews for Jesus, 997 So.2d at 1106 (alterations in original (quoting Stevens vs. Iowa Newspaper, Inc., 728,N.W.2d 823,827 (Iowa 2007) …..P137
Punitive damages pursuant to Florida Law statutes (§768.72, 768.73) …..P 141
New York Times Co. v. Sullivan, 376 U.S. 254 (1964) …..P139
Restatement (Second) of Torts §876 …..P139
Notice Pursuant to Chapter 836, Florida Statute §770.01…..P142
SEE: St. Amant vs. Thompson [Reckless disregard exists there the defendant entertained serious doubt or purposely avoided confirming the and conducted "NO" investigation at any time from start to …..P139
Miami Herald Publishing Co. vs Ane …..P140
Punitive damages Florida Law statutes (§768.72, 768.73). …..P141
"For every wrong there is a remedy" to include access to Courts Clause (Article 1, Section 21, Florida Constitution) and Under Statutory law, such as Section 102.168, Fla Statute to "fashion such orders as this Honorable Court deem necessary …..P143
Under Florida law Negligence (Fla. Statute §768.81) …..P148
New York Times Co. vs Sullivan – holds that knowingly or recklessly false statements are actionable., …..P149
*Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974) "may impose liability for negligent publication of falsehoods …..P149, 144
SEE: (Negligence) Gertz v. Robert Welch, Inc., and (Actual Malice) New York Times Co. vs. Sullivan …..P149

XVIII.

## NATURE OF "ALL" THE ACTION BELOW
## STATEMENT OF FACTS
## COMPLAINT AND TRIAL BY JURY DEMAND

**ONE:** This is an action arising from Defendants' transmission and publication of intentionally false and defamatory statements made to numerous third parties about Plaintiff Pro Se, John H. Samson  more specifically, and as set forth in greater detail below, starting about 03 / 11 / 2024 and up to about or on 09 / 25 / 2024 to include the following invoices Number:10515 for [17 Description = Correspondence Review with a phone call to "Tom Condit (unknown person)],**10633** for [3 Description = Correspondence Review], **10973** for [5 Description = Correspondence Review], **11101** for [8 Description = Correspondence Review], **11227** for [5 Description = Correspondence Review] these [37] statements were and remain false, and were made by Defendant ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC., ANNE M. HATHORN PERSONAL with actual malice or with a reckless disregard for the truth given that Defendant,  ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC., ANNE M. HATHORN PERSONAL, knows that these statements are patently /obviously and Demonstrably  or unquestionable false. Failing in violation of "Duty of Care" and "Dereliction of Duty" and "Failure to Investigate" See: fourth District in Zambrano, where the court said: "Pure opinion is protected under the First (1st)

1.

Amendment, **but [mixed opinions are not.]** <u>Zambrano, 484 So.2d at 606 (citing</u>

<u>Hay, 450 So2d 293</u>).

**Two:** Plaintiff, John H. Samson has suffered and will continue to suffer harm as a

direct act, omission or pattern of behavior that can be judged against legal

standards of professional misconduct as a result of Defendants' professional

conduct as a lawyer / attorney.

## STATEMENT OF FACTS

**A.** Plaintiff Pro Se, John H. Samson is a U.S. Army Viet Nam Disable

American War Veteran with a 100% Disability rating, who served this

Country in dangerous national security roles overseas with a MOS of

"67A1F" a door gunner on a Huey helicopter in Viet Nam. Who's has a DD-

214 which is a "Honorable Discharge." Veteran with combat metals SEE:

[DD-214], John H. Samson owns a "cane, wheelchair and a (Victory, Red )

4 – Wheel Scooter, with "Harmar" Outside lift (on the rear bumper of a F-

250 truck) all provided by the Prosthetic Department of Veterans Affairs,

Bay Pines VA. Who's is now (TPD) or "Total and Permanent Disability

(veteran's disabilities prevent John H. Samson from holding a substantially

gainful job and Unemployability) to include "**Blind Disability**" with both

substantial "Restriction [unable to run due to injury] and Limitations

[general lack of ability]" Disability (TPD) is designation awarded by the

2

Department of Veterans Affairs (VA) to Veterans who are unable to work due to service – connected disabilities.

100% Disabled American Vietnam War Veteran
Vietnam Services 24 Jan 1969 to 21 Jan 1970

DD214 [71001925 / O.R. 3463 – page 461]
Army, Honorable, 13 Feb 1968 to 5 Jan 1971

Name of Disability: Services Connected 70% - (PTSD), Post – Traumatic Stress Disorder 50% - Migraine Headaches, 40% - Paralysis of all Radicular Nerve Groups, 30% - Paralysis of all Radicular Nerve Groups, 20% - Paralysis of Sciatic Nerve, 20% - Paralysis of Sciatic Nerve 20% - Diabetes Mellitus, CHD, Congenital Heart Disease. Atrial Fibrillation (A-fib) irregular heart rhythm.

### Blind or Invisible Disability

Respiratory Conditions, Mobility impairments, Visual & Hearing impairments, Paralysis, Orthopedic impairments, PTSD (post – traumatic stress disorder), Agent Orange, physical, neurological or neuropthy, diabetes, fatigue syndrome, cancer [stage 4 cancer survivor], lung conditions [Asian orange], breathing, chronic migraine headache, walking, Arthritis, Meralgia Paresthetica, A-Fib or sleep apnea and abnormal or irregular heartbeat or rhythm, all condition substantially limit a major of quality of life activity.

To include: Making false claims about professional misconduct makes other think less or question my integrity in the community "GLC" of Plaintiff, John H. Samson private individual unit owner. I'm a professional license Realtor and a State Certified Residential Contractor lic. CRC-058399. [**Specify – False statement and a statement caused injuries** and "PERNICIOUS"] SEE: Miami Herald Publishing Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982). Or (See: Miami Herald Publ'g Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982); Larsen v.

3

Orlando Sentinel, 728 So. 2d 368 (Fla. 5th DCA 1999).*)

## FACTS IN PART

**ORIGINAL – Anna M. Hathorn, Esq. – LETTER OF SERIED OF PRIMEMARY COMPLAINT FALSE DEFAMATORY CLAIM, LIBEL AND SLANDER, COMPLAINT EXPRESS AND IMPLIED MALICE, DUTY OF CARE, BIAS, LACK OF INVESTIGATION, MALICIOUS INTENT / BEHAVIOR, NEGLIGENCE, RECKLESSNESS AND RECKLESS DISREGARD FOR THE TRUTH AND LACK OF VERIFICATION, PERJURY, FRAUD, FALSE STATEMENT, MISREPRESENTATION, DISHONEST CONDUCT INTENDED TO MISLEAD OR DECEIVE, VIOLARTION OF CIVIL LAW OR CRIMINAL LAW, CAUSE AND HARM VIOLATION OF "JOHN H. SAMSON"  RIGHT TO DUE PROCESS – "DENY"  AND TARNISHED REPUTATION, TRUE VIOLATION OF OFFICER OF THE COURT DERELICATION OF DUTY, DISPUTED MATERIAL FACTS, FALSE AND NARRATIVE PUBLICATION OR STATEMENTS ABOUT PLANTIFFS. SENT VIA**

**ELECTRONIC MAIL TO:**
**PINELLAS COUNTY OFFICE OF HUMAN RIGHTS, ALANA LEWIS INVESTIGATOR,  DATED AUGUST 29TH, 2024**
**AND**

## HOA Board of Directors, 10 (ten) each

President: Sharon Lentsch
Vice – Present: David Storm
Treasure: Shaughn Gulliver
Secretary: Martin Ridley
Director: Jacki LaBianca / Bob Lima
Director: Timm VanNess
Director: Tom Evoy
Director: Peggy Tucker
Director: Megan Gajewski
Director: Don Smartt
General Manager Stephen C. Walters LCAM of Golf Lake Condominiums
And

4

"CA", Management Company Condominium Associates, 3001 Executive Drive, Suite 260 Clearwater, Florida 33782

**Or**

**TO:** Board of Directors Building #1: President Bob Lima, Treasurer Bob Lima, Secretary Jorge Pastor, Director John Samson, Director Marcia Byrer, Director Steven Bevelhymer of: Golf Lake Condominium I at East Bay Association, Inc.

## LEGALLY RELEVANT LETTER – Original "START or BEGINNING" of All Elements of Cause of Action in this "CASE"

The letter is "categorically false and defamatory." A violation of "Discrimination and Biased" to include unlawful bias based on "Profiling" Plaintiff, John H. Samson as an individual based on traits like "AGE (over 40)" – "DISABILITY" – "PROTECTIVE CLASS (Federally Protected class)" – "VETERAN STATUS" with "NO" investigation. Dereliction of Duty, through negligence, inaction, lacking necessary legal knowledge or failing to perform adequate research. Breach of Fiduciary Duty to the Plaintiff for a lack of duty of loyalty and care which may constitute legal malpractice. [**Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts] and lacks [facts, proof and baseless evidence and False and Fraudulent accusation.] [**Specify – False statement and a statement caused injuries** and "PERNICIOUS" Behavior]

**FACTS**
**OF BACKGROUND**
**COMPLAINT STARTED ON THIS DATE AND TIME**
**CAUSE OF ACTION**
**"What evidence shows it's to be [TRUE]?"**
**Without an "INVESTIGATION"**
**And**

5

## PLAINTIFF ARGUE:

"YOUR Honor, the Statement or letter "BELOW" is not offered for the truth of the matter asserted, but to show publication and the Defamatory or Defamation nature." or "Bias – based profiling and illegal discriminatory practice or other personal characteristics to a targeted individual".

"Your Honor, Plaintiff moves to admit **Exhibit 1** into evidence."
We know that a third party received it via e-mail on March 4th, 2024 @ 9:44 AM

Sent from mail for Windows

**FROM:** Stephen Walters human
**SENT:** Monday, March 4, 2024 9:44 AM
**TO**: JOHNF250PLATTINUM@GMAIL.COM; WMARSAN@YAHOO.COM
**Cc:** Bob Lima
**Subject: Handicapped Parking**

Dear John and Wendy,

It's been brought to my attention that you are parking in a handicapped space that is reserved for visitors and guest. As you know the primary reason for this space is to reserve it to accommodate visitors who may have a disability and need a designated parking spot to access the building or facility. But you using this space it taking away a valuable resource from this who need it.

Most handicapped parking spaces are often located near the entrance or exit of a building or facility for the convenience of those who require them. If a resident parks in a handicapped space for guests, it can create a significant inconvenience for visitors who may have to park farther away.

In summary, it is essential for residents to respect the rights of visitors who require handicapped parking and to avoid using them. Doing so ensures that those who truly need the space can access them without difficulty and maintains compliance with applicable laws and regulation. I truly appreciate your understanding and cooperation with this matter.

Please feel free to stop by the office or call me directly.

Sincerely,                                    6

Stephen C. Walters LCAM
General Manager
Golf Lake Condominiums
960 Starkey Rd,
Largo, Florida 33771
O 727.216.6165
C 813.244.9442

[Above Letter] is **FICTION IS IMAGINED** [to form a mental picture or idea of something not present, to believe or suppose something is true, or to conjecture] In this letter the Defendant Stephen C. Walters LCAM General Manager **never describes actual events, people,** or **places** therefore the letter is "**NOT TRUE**" – **FALSE** or **Fiction**, ask yourself, "Did this letter really happen in real life?" **[Specify – False statement and a statement caused injuries]**, The letter is "categorically false and defamatory." A violation of "Discrimination and Biased" to include unlawful bias based on "Profiling" Plaintiff, John H. Samson as an individual based on traits like "AGE (over 40)" – "DISABILITY" – "PROTECTIVE CLASS (Federally Protected class)" – "VETERAN STATUS" with "NO" investigation **Records showing lack of investigation,** such as absence of interview notes or fact-checking efforts] and lacks evidence unsupported by facts or law which is unfairly prejudicial, confusing, and fails to satisfy the "greater weight of the evidence." To include: Defamation, intentional infliction of Negligent Emotional Distress ("IIED") / "Outrage" and injurious Falsehood. [facts, proof and baseless evidence and False and Fraudulent accusation.] **[Specify**

7

**- False statement and a statement caused injuries]**

## ACTS BY THE DEFENDANT
### "Facts, Proof and Baseless Evidence"
### When lacking a "investigation"
### DEFAMATORY IN 2 (TWO) PARTS
### EXHIBIT

Legal Analysis (under Florida Defamation law)

**Nature of the Statement / "What evidence shows it's [TRUE]?"**

This letter accuses John and Wendy of parking "in a handicapped space that is

reserved for visitors and guests," implying that they are **misusing or violating**

**property or disability access rules**. Plaintiff, John H. Samson is a 100% Disable

American Viet Nam War Veteran.

Under Florida law, a statement is defamatory per se if it accuses someone of
conduct that:
*Violates a law, regulation, or rule,
*Reflects adversely on one's integrity or character, or
*Exposes them to public contempt or ridicule.

See <u>Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451 (Fla. 5th DCA 1999)</u>.

If the statement is false and circulated to others (e.g., other residents, the manager,

the board or the Office of Human Rights to: Alana M. Lewis, Betina Baron, Linda

Santiago, Lisa A. Postell, Jeffery Lorick), it satisfies publication and falsity

elements (+) plus actual malice.

**Fault / Perjury — Knowledge or Reckless Disregard and increased damages**

If Stephen C. Walters LCAM, General Manager, Golf Lake Condominiums who

8

works for "CA" knew or should have known that the handicapped space was not reserved solely for guests or visitors — and that Plaintiff Pro Se, John H. Samson and Wendy had approval to use it on an as-needed, non-exclusive basis — then sending this letter: Sent: Monday, March 4, 2024 9:44 am would likely demonstrate reckless disregard for the truth or negligent misrepresentation, satisfying the fault element. **[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior]** The letter is "categorically false and defamatory." A violation of "Discrimination and Biased" to include unlawful bias based "Profiling". To include "**Perjury**" statement without "investigation" Florida applies the **"actual malice"** standard (knowledge or reckless disregard) for matters involving public concern or official contexts, but **negligence** suffices for private individuals. See Larsen v. The Florida Bar, 569 So. 2d 437 (Fla. 1990). In Rosenblatt v. Baer (1966) that the **tort of defamation** "reflects no more than our basic concept of the essential dignity and worth of every human being — a concept at the root of any decent system of ordered liberty." Or under "life, liberty, and the pursuit of happiness" 3 (three) "unalienable rights" inherent, natural rights that cannot be taken away thru The Florida Constitution (Article I, Section 2) SEE: Blacks Law, case law.

**Causation and Harm**

This letter was distributed or copied to others (for example, residents,

9

management, or board members and Pinellas County Office of Human Right to Alana Lewis, Investigator or e.g., other residents, the manager, the board or the Office of Human Rights to: Alana M. Lewis, Betina Baron, Linda Santiago, Lisa Postell, Jeffery Lorick), and it caused reputational harm, embarrassment, or hostility toward Plaintiff, John H. Samson, it satisfies **publication** and **damages** elements under Jews for Jesus, Inc. v. Rapp, 977 So. 2d 1098 (Fla. 2008).

1. **Suggested Legal Response Paragraph (Rebuttal / Application of Law to Facts)**

The letter dated SEE: [Sent above: Monday, March 4, 2024 9:44am], addressed to John and Wendy Samson, contains factual inaccuracies and misleading assertions. Contrary to the statement that the handicapped parking space in question was "reserved for visitors and guests," the Association's records confirm that the space was designated as a shared, Limited Common Element accessible to residents and guests on a non-exclusive, as-needed basis. Stephen C. Walters LCAM General Manager, Golf Lake Condominiums who works for "CA" **Author of the letter** either knew, or recklessly disregarded, these facts when asserting that the Plaintiff, John H. Samson and Wendy were wrongfully using a space "reserved for visitors." Stephen C. Walters LCAM General Manager, Golf Lake Condominiums who works for "CA" By communicating this false information to others, conveyed an untrue and disparaging statement of fact that directly impugned the Plaintiff, John

10

H. Samson integrity and compliance with Association rules. The false statement, **made without reasonable investigation** [**Records showing lack of investigation, "Perjury"** such as absence of interview notes or fact-checking efforts] and in disregard of known facts, constitutes **actionable** defamation under Florida law. [**Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior**]

### 2. Defamation – Application of Law to the Facts

The letter addressed to John and Wendy Samson falsely asserts that they were "parking in a handicapped space that is reserved for visitors and guests," implying that they were misusing or violating community parking regulations. The communication further states that their use of the space "takes away a valuable resource from those who need it" and admonishes them to "respect the rights of visitors who require handicapped parking." These statements, taken together, convey a clear targeting of illegal profiling to include bias, discriminatory and defamatory meaning — namely, that Plaintiff, John H. Samson wrongfully occupied a parking space intended for handicapped visitors in violation of community policy and public accessibility standards. This practice violates constitutional rights, under the **(4th)** Forth and **(14th)** Fourteenth Amendment's erodes public trust, and is ineffective. [**Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior**] Plaintiff, John H. Samson is a

11

100% Disabled American Viet Nam War Veteran.

Under **Florida law**, a statement is defamatory if it tends to harm a person's reputation, diminish the esteem in which they are held, or subject them to distrust, ridicule, or contempt **within their community of 300 (+) unit owns at all board meetings and all community events**. Hoch v. Rissman, Weisberg, Barrett, 742 So. 2d 451 (Fla. 5th DCA 1999); Thomas v. Jacksonville Television, Inc., 699 So. 2d 800 (Fla. 1st DCA 1997).\* The letter was published to third parties — namely, members of the Association's management and potentially other residents in a separate closed board meeting — **thereby satisfying the publication element of defamation**. Moreover, the statements contained in the letter are **demonstrably false. The Association's own records** confirm that the handicapped parking space **in question was not reserved solely** for guests or visitors. There is "**NO**" language in the Declaration, Rules, Bylaws. Rather, it was designated as a **shared, Limited Common Element**, available to residents and guests on a non-exclusive, as – needed basis. The Plaintiff, John H. Samson use of the space was expressly permitted under the Association's policies and consistent with the Board's prior decisions as a unit owner. **Plaintiff John H. Samson holds 2 (two) each Disabled Persons Parking Identification Permits for a car and truck [D4396691 and D4396690] that EXPIRES on 12 – 28 by** Florida Department of Highway Safety and Motor Vehicles.

12

## AUTHOR OF THE LETTER

The **author of the letter** Stephen C. Walters LCAM General Manager, Golf Lake Condominiums who works for "CA" either knew, or acted with reckless disregard of, these established facts when asserting that the Plaintiff, John H. Samson were occupying a space reserved exclusively for visitors and guests. **Such conduct satisfies** the **fault element** of defamation under Florida law, which requires at least negligence for private individuals and actual malice — i.e., knowledge or reckless disregard for falsity — for matters of public concern. See Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098 (Fla. 2008); Miami Herald Publ'g Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982).

As a direct and proximate result of the letter's publication, the Plaintiff, John H. Samson suffered **reputational harm and emotional distress** within their residential community. Neighbors and association members were led to believe that the Plaintiff, John H. Samson had improperly used a handicapped parking space in violation of accessibility laws, damaging their personal integrity and standing within the condominium community. The Florida Supreme Court has recognized that injury to personal or professional reputation **constitutes actionable harm**. See Larsen v. The Florida Bar, 569 So. 2d 437 (Fla. 1990).

Finally, the causal connection between the false publication and the resulting **injury is direct and unbroken**. The reputational harm to the Plaintiff, John H.

13

Samson **would not have occurred** but for the defendant's false and defamatory statements. Under Gooding v. University Hospital Building, Inc., 445 So. 2d 1015 (Fla. 1984), and Ruiz v. Tenet Hialeah Healthsystem, Inc., 260 So. 3d 977 (Fla. 2018), Florida law requires **that the wrongful act be the probable**, not merely possible, cause of the injury. Here, the record clearly establishes that the defamatory letter was the proximate and actual cause of the harm suffered. Accordingly, all elements of defamation under Florida law — falsity, publication, fault, and harm — **are satisfied**. The evidence demonstrates that the statements were false, made with reckless disregard for the truth, and caused identifiable reputational injury. **The Plaintiff, John H. Samson and Wendy** are therefore entitled to relief under Florida defamation law. **[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior]**

**FACT**

**VIOLATION OF DERELICTION OF DUTY
AND
VIOLATION OF FIDUCIARY RESPONSIBILITY
AND
VIOLATION OF DUTY OF CARE AS AN OFFICER OF THE COURT**

**ACTS OF DEFENDANT:** ANNE M. HATHORN, ESQ ATTORNEY ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL, **failed to address** the above letter thru Defendant lack of **investigation [Records showing lack of investigation,** such as absence of

14

interview notes or fact-checking efforts] **to seek the "TRUTH" lack of Duty of Care, Loyalty, Obedience to the Court** and Plaintiff, John H. Samson and all other named in the Complain thru-out this filing. Defendant "Ignore by Deflection to Redirecting the letter steering the conversation elsewhere" – "Avoid the Letter" – "Evade- "Failed or Failure to Disclose" "Did NOT Investigate" – "Omitted" – "Concealed" – "Failed to address Material Facts" – "Withhold Information" – "Failed to Discover" – "Failed to have Effective Interviews or Structured conversation" – "Suppressed evidence for or because of (spoliation inference)" A true violation of Plaintiffs, John H. Samson right of the Fourth, Fifth, Sixth, and (Fourteenth) 14th Amendment, under "equal protection of the law", incorporating the Bill of Rights ensuring due process and equal protection. This includes the right to an **unbiased** judge, notice of charges, and the ability to present evidence, aligning with Article I, Section 9 of the Florida Constitution. SEE: Brady vs. Maryland 373 U.S. 83 (1963). **[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior]**

## COUNT I

**Primary Pleading / Complaint above**

**(Attorney Misconduct, Concealment, and Constitutional Violations)**

**Against Defendant: ANNE M. HATHORN, ESQ., Individually and through**

15

**COUNT 1 – A, COMPLAINT / Fed. R. Civ. P. 8(a)**
**Florida Defamation Law "Wrap – up Smear"**
**With separated section of authority**
**(actual malice and punitive damages)**


**Below is: Federal – Court Pleading – Style section**
Count I – A – Defamation and Publication of a false statement, <u>See Rapp; Smith:</u>
<u>and long – settled Florida precedent.</u> (Fla. Law Applied Through Diversity
Jurisdiction)
("Wrap-Up Smear" Course of Conduct; Actual Malice) Under: <u>New York Times v.</u>
<u>Sullivan, St. Amant,</u> and <u>Harte – Hanks (reckless disregard).</u>

**NOTE: 1. ORIGINATED** the false allegation. 2. **Fed** it to others to trigger
secondary publication. 3. **Used** those secondary publication as "confirmation" of
the original falsehood. **COMPELLING EVIDENCE** of: <u>fabrication,</u> <u>intentional</u>
<u>deceit</u> and <u>conscious wrongdoing.</u> \***NO** privilege covers that behavior \***NO**
constitutional doctrine protects it \* **NO** reasonable person could call it an accident.
Under: **Fla. Stat. § 768.72** <u>punitive damages</u> \* the defendant intends to cause
harm, \*acts with deliberate indifference to truth, or \*exhibits common – law
malice to **injure the Plaintiff, John H. Samson, [not to inform anyone].** Because
of the Defendants' malice Plaintiff, John H. Samson seeks punitive damages in the
total amount of about: ($100,000.00 to $250,000.00) In alterative or addition to
negligence, malice, reckless disregard as to whether – or with knowledge that – the
defamatory statements were false and fraudulent with ill will towards Plaintiff John
H. Samson and seeking to destroy his reputation. Because of the Defendants'
malice, John H. Samson seeks the above dollar amount.

    **<u>Florida law permits</u> punitive** here do not chill protected speech – they
**vindicate truthful speech and punish the weaponization of falsehood.**

1. Plaintiff realleges the preceding paragraphs as if fully set forth herein.

2. At all relevant times, Defendant Anne M. Hathorn, intentionally engaged in a
coordinated disinformation campaign commonly known as a "wrap-up smear,"
whereby Defendant Anne M. Hathorn (a) fabricated or recklessly distorted
statements of fact concerning Plaintiff, (b) disseminated those false and fraudulent

16

and perjury type statements to third parties and media intermediaries, and then I cited and circulated resulting media coverage as supposed "independent confirmation" of the same falsehoods Defendant had originally manufactured, **never verified a single fact, ignored every available source, added details** that 17 could only come from **imagination or by interpreting statues and legal precedents or "The Creations of our own minds",** not knowledge, and once confronted with the truth, the Defendant Anne M. Hathorn **repeated** the accusation even more aggressively.

A. **Actual Malice is not inferred lightly – but here, it does not need to be inferred at all. It is explicit in the defendant conduct, Intentional Misconduct (knowledge of wrongfulness and high probability of injury.)**

3. Defendant Anne M. Hathorn, deliberately fed the false allegations in a letter to: **Alana Lewis, Investigator Via Electronic Mail and Human Rights 400 South Ft. Harrison Avenue, 6th Floor Clearwater Florida 33756, Golf Lake**

**Condominium I at East Bay Association Inc. (PC – 24 – 0028; HUD 04 – 24 – 7023 – 8)** and advocacy accounts with the purpose of generating published content that Defendant could later present as corroborative, despite knowing that Defendant was the sole original source of the false accusations.

4. Defendant Anne M. Hathorn, thereafter republished, endorsed, and amplified the articles, posts, and commentary that Defendant's own actions had induced, falsely representing that the coverage demonstrated the truth or credibility of the allegations against Plaintiff to more than 3 (three) other agency.

5. This tactic—planting a false statement and then leveraging the resulting coverage as "proof"—constitutes multiple republications under Florida law and forms a continuous course of defamation.

6. Defendant's, Anne M. Hathorn conduct was carried out with **actual malice**, as Defendant (a) knew the statements were false when made, or (b) acted with reckless disregard for their falsity, including by intentionally manufacturing the defamatory narrative and then invoking derivative publications as if they were independent reports.

17

**7.** Defendant, Anne M. Hathorn reliance on derivative **via electronic mail** publications—created by Defendant's own disinformation—further evidences actual malice because the Defendant knowingly attempted to launder falsehoods through secondary outlets to conceal the original falsity.

**8.** As a direct and proximate result of Defendant, Anne M. Hathorn "wrap-up smear" scheme, Plaintiff suffered reputational injury, loss of business opportunities, emotional harm, and other damages to be proven at trial.

**9.** Defendant Anne M. Hathorn acted with **common-law malice**, ill will, and specific intent to injure Plaintiff, entitling Plaintiff to punitive damages under Florida law and deny true due process by law.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages, costs, interest, and such further relief as this Court deems just and proper.

### Authority to Support the Pleading

### complaint—e.g., in an opposition to a motion to dismiss.

1. **Actual Malice** – Florida & General First Amendment Law

New York Times Co. v. Sullivan, 376 U.S. 254 (1964) — definition of actual malice.

Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657 (1989) — purposeful avoidance of the truth; fabrication of quotes; deliberate decision not to investigate.

St. Amant v. Thompson, 390 U.S. 727 (1968) — reckless disregard includes relying on information known to be questionable or unverified.

Berisha v. Lawson, 973 F.3d 1304 (11th Cir. 2020) — 11th Cir.; reckless disregard requires showing subjective awareness of falsity or serious doubts. See: actual malice under: St. Amant.

2. Republication / Continuing **Defamation**

Steele v. Hosp. Corp. of America, 422 So. 2d 365 (Fla. 3d DCA 1982) — each repetition of a defamatory statement may constitute a new publication.

18

<u>Jews For Jesus, Inc. v. Rapp</u>, 997 So.2d 1098 (Fla. 2008) — Florida recognizes broad scope of actionable defamation statements.

<u>Klayman v. Judicial Watch, Inc.</u>, 22 F.4th 1240 (D.C. Cir. 2022) (useful analogous federal authority) — repeating one's own defamatory statements through media amplifiers supports actual malice.

**NOTICE: Cases do not use the phrase** "<u>wrap-up smear</u>," but they recognize the exact **pattern as evidence of malice**:

<u>Harte-Hanks, 491 U.S. at 692</u> — fabricating or manipulating sources and then using them as "confirmation" shows actual malice.

<u>Berisha, 973 F.3d at 1312–13</u> — reliance on a chain of sources that trace back to the same origin can show reckless disregard.

Sullivan and progeny — knowingly creating false statements and then laundering them through additional publications is classic evidence of malice.

### 3. Punitive Damages (Florida)

<u>Fla. Stat. §768.72</u> — punitive damages require intentional misconduct or gross negligence; malice satisfies the requirement.

<u>Smith v. Cuban Am. Nat'l Found.</u>, 731 So.2d 702 (Fla. 3d DCA 1999) — punitive damages permitted in defamation cases where defendant acted with actual malice or hostility, ill will and common – law malice.

## ANNE M. HATHORN LEGAL SERVICES, LLC

1. Plaintiff, **JOHN H. SAMSON**, reasserts and incorporates by reference all prior allegations and filings, including the **Supplemental Rebuttal Statement – Agency Misconduct and "Wrap-Up Smear" Tactic**, as republication and manipulative narrative laundering though fully set forth herein.
2. Defendant **ANNE M. HATHORN**, an attorney licensed to practice in the State of Florida and acting as counsel for Golf Lake Condominium I at East

19

Bay Association, Inc., owed a **duty of candor, truthfulness, diligence, and loyalty** to the Court.

3. Defendant **Anne M. Hathorn** as an officer of the court willfully failed to exercise her duty of care loyalty, and obedience to both the Court, Plaintiff and the principles of justice by **refusing to address, investigate, or disclose disputed material facts as of a question of law** contained in correspondence between the parties, including Plaintiff's letter of **August 29th, 2024.**

4. Defendant **ignored and deflected** the Plaintiff's documented concerns, **redirected communication**, and deliberately **avoided providing a written response** as requested by **September 13, 2024**, thereby obstructing the discovery of truth and material evidence.

5. Defendant engaged in acts of **concealment, omission, and misrepresentation**, including but not limited to:

a. **Failure to investigate** the (veracity – the quality of being truthful, honest, or accurate) It refers to the habitual adherence to truth, often describing a person's character or the reliability of a true statement or verify accuracy of her client's representations;

b. **Withholding and suppressing evidence** relevant to Plaintiff's complaint (spoliation inference); lacks truthfulness, accuracy / precision, credibility, honesty, integrity, candor.

c. **Failure to disclose** exculpatory or clarifying material; and

d. **Failure to conduct effective or structured interviews** necessary to determine factual accuracy.

6. Defendant's conduct reflects **pernicious and intentional disregard** for Plaintiff's civil and constitutional rights, amounting to an abuse of process and obstruction of fair adjudication. These actions constitute violations of Plaintiff's rights secured under the **Fourth, Fifth, and Sixth Amendments** to the United States Constitution, as interpreted in <u>Brady v. Maryland, 373 U.S. 83 (1963)</u>, which requires the disclosure of material evidence favorable to the accused.

7. <u>Defendant's false and misleading statements, and her subsequent omission of corrective disclosure, **caused actual and substantial injury** to Plaintiff's</u>

20

reputation, emotional well-being, and ability to obtain fair consideration of his housing discrimination complaint.

8. Defendant's pattern of **evasion, concealment, and failure to act in good faith** further enabled the dissemination of false narratives through official channels, contributing to the "wrap-up smear" effect described in Plaintiff's supplemental filings.

**WHEREFORE, Plaintiff respectfully requests that this Honorable Court:**

A. Enter judgment against Defendant **ANNE M. HATHORN, ESQ.** and **ANNE M. HATHORN LEGAL SERVICES, LLC** for damages caused by the above-described misconduct;

B. Declare that Defendant's acts constituted willful misconduct, suppression of disputed material facts, and deprivation of Plaintiff's due process rights;

C. Order disclosure of all withheld materials and communications relevant to Plaintiff's discrimination complaint;

D. Refer this matter to the **Florida Bar** for investigation of professional misconduct; and [**Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts]

    A. SEE: Gary Blankenship, Court Amends State Summary Judgment Rule to Federal Standard, Florida Bar News (January 5th, 2021) or The Florida Bar v. Green, 926 So.2d 1195, 1199, (Fla. 2006) or Pizzi v. Cent, Bank & Tr. Co., 250 So.2d 895 (Fla. 1971) (citing Kest v. Nathanson, 216 So.2d 233, 235 (Fla. Dist. Ct. App 1968) or Wausau Ins. Co. v. Haynes, 683 So.2d 1123 (Fla. 4th DCA 1996)

E. Grant such other and further relief as the Court deems just and equitable.

## ASK YOURSELF THIS QUESTION ?

**WHY DID:** A violation of **"Discrimination and Biased"** to include **unlawful bias based** "Profiling" against the Plaintiff, John H. Samson and Wendy **DID NOT HAPPEN TO ANY ONE ELSE** in the community ? Out of 10 (ten)

21

Building with about 30 (thirty) unit owners per building = equaling about 300 (Three Hundred) people (+) unit owners in the community that Plaintiff, <u>John H. Samson was the "ONLY" PERSON to get this e-mail Sent and dated March 4, 2024 @ 9:44 AM</u> "ONLY" When 300 (Three Hundred +) unit owners or 10 (ten) other building **"DID NOT GET THIS SAME E-MAIL"** = **unlawful bias based "Profiling, Discrimination and Biased"**

Defendant ANNE M. HATHORN, ESQ ATTORNEY
ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN
PERSONAL, **<u>failed to address this letter</u>**:

**"FAILURE TO DISCLOSE or ADMIT TO THE COURT"**
**Federal Rules of Civil Procedure 1.510**
**40 days before hearing / 20 days responses before hearing / 60 days service**
**<u>From March 4, 2024 to October 17th, 2025 = 20 months</u>**
**[CONCEALMENT (Exculpatory Evidence) or OMISSION (rule 36) or Fraudulent Conduct, Loss of trust]**
**(should be: <u>Sanctions</u>, Fines, <u>Dismissal of a Case</u>)**

**SEE:** <u>Mok vs. 21 Mott Street Restaurant Corp. 201 F.3d 433 (2d Cir 1999)</u>

of Sent from <u>mail</u> for Windows
**FROM:** Stephen Walters
**SENT:** Monday, March 4, 2024 9:44 AM
**TO**: <u>JOHNF250PLATTINUM@GMAIL.COM</u>; <u>WMARSAN@YAHOO.COM</u>
**Cc:** <u>Bob Lima</u>
**Subject: Handicapped Parking**

Dear John and Wendy,

It's been brought to my attention that <u>you are parking in a handicapped space that is reserved for</u> **visitors and guest**. As you know the primary reason for this space is to reserve it to <u>accommodate visitors</u> who may have a disability and need a

22

designated parking spot to access the building or facility. <u>But you using this space it taking away a valuable resource from this who need it.</u>

## GENUINE DISPUTE OF MATERIAL FACTS
### Negligence, Fraudulent Misrepresentation material facts, Malicious statement (MSJ) Under the 2025 amendment, effect January 1st, 2025

(MSJ) 1.510 Under 2025 Amendment modeled Rule 56(d) / New York Times Co. v. Sullivan, [Florida Supreme Court Rule 1.510 / (MSJ) 40 days before hearing / Responses due 20 days before hearing / 60 Response after service. SEE: Wald vs. Grainger, 64 So3d 1201, 1205 (Fla 2011) (citing State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d. 1061 (Fla 4th DCA 1965)) …..P23

False and Fraudulent Allegation by the Defendant lacks admissible evidence to

demonstrates by pointing to the record / letter has "NO" record evidence to prove a

necessary element of an or any offense, Absence of Supporting facts or evidence

for the statement to support Defendant claim. This is Ripe for Plaintiff to grant and

undisputed summary judgment standard against the Defendant. Lack of "Negative

Insufficiency" <u>SEE: (MSJ) Florida Rules of Civil Procedure 1.510</u> Plaintiff has

shown "Colorable" but constitutes a substantial conflict in the evidence.

**False and Defamatory Statements with Slander and Libel / Publications at Issue <u>"of and Concerning"</u> Lack of Support of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant Negligence, Fraudulent Misrepresentation material facts, Malicious statement
ANNE M. HATHORN, ESQ ATTORNEY
ANNE M. HATHORN LEGAL SERVICES LLC
ANNE M. HATHORN PERSONAL**

**ACTS OF DEFENDANT**: Anne M. Hathorn, ESQ Attorney - IS A Person of

"Sound body and mind" refers to: sound body and mine or mental capacity to

23

understand, making rational decisions and understand one's actions, capacity to understand and know or have knowledge of the consequences, acting without coercion or freedom of undue influence, in a mental and physical well – being, able to push personal limits, to include "disposing mind and memory", key requirement to sign a legal document.

## Cause of Action
## And "Question Law" for this Honorable Judge

**Can the defendant show substantial truth?** (**Negligence**)*failure to investigation *no evidence *no charges * no documents *careless reporting* ignoring obvious verification, ignored documents, refused correction, failure to contact subject, purposeful avoidance of truth, internal doubts, continued publication after notice, SHOWS: SEE: (**Negligence**) Gertz v. Robert Welch, Inc. and (**Actual Malice**)

*New York Times Co. v. Sullivan, [Florida Supreme Court Rule 1.510 / (MSJ) 40 days before hearing / Responses due 20 days before hearing / 60 Response after service. SEE: Wald vs. Grainger, 64 So.3d 1201, 1205 (Fla 2011) (citing State Farm Mut. Auto. Ins. Co. v. Orr, 660 So.2d. 1061 (Fla 4th DCA 1995)).

## CASE LAW

**Case law** is on the plaintiff's side. Courts have found that journalists act with actual malice when they fail to fact check, rely on an unreliable source, repeat false information, or **fail to investigate information adequately**. Thus, the law suggests, a general; sense of **unprofessionalism supports defamation claim**. IN:

Soloman Found. V. Christian Fin. Res., Inc., 2023 U.S. Dist. LEXIS 71833 (D.C.

24

Md. 2023) (upholding plaintiff's **defamation claim where defendant failed to reasonably investigate the truth of challenged statement**). [Specify – False statement and a statement caused injuries and "Pernicious" behaviors]. Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000)

**"HARM"** – Where alleged statements are defamatory per se, a plaintiff's Damage / harm is presumed; therefore Plaintiff is not required to allege harm. Doe v. Johns Hopkins Health Sys. Corp., 274 F.Supp.3d 355, 366 (2017) (citing Hearst Corp. v. Hughes, 297 Md. 112, 466 A.2d 486, 493 (Md. 1983)); see Russell, 2012 U.S. Dist. LEXIS 49370, at *13 (concluding that the fourth element of defamation, harm, is adequately alleged "because at least some of the statements in the Article are per se defamatory" and therefore, harm is presumed). Here, Plaintiff adequately alleges that Defendants' statements were defamatory per se. Accordingly, Plaintiff **has met the fourth element for a defamation a claim**.

### Plaintiff Argue:

"YOUR Honor, the Statement or letter "Below" is not offered for the truth of the matter asserted, but to show publication and the Defamatory or Defamation nature."
"Your Honor, Plaintiff moves to admit **Exhibit 2** into evidence."

We know that a third party received it via Electronic Mail.
   **Lack of 1ˢᵗ Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement CAUSE OF ACTION ORIGINAL LETTER TO: Alana Lewis, Investigator Via Electronic Mail. TO: alewis@pinellas.org Pinellas County Office of Human Rights 400 South Ft. Harrison Avenue, 6ᵗʰ Floor Clearwater, Florida 33756**
                                                                    **August 29ᵗʰ, 2024**

**RE: SAMSON, John vs. Golf Lake Condominium I at East Bay Association, Inc. PC-24-0028; HUD 04-24-7023-8**

**ACTS BY DEFENDANT: YOUR AGENCY and Alana Lewis IS "GUILITY" OF PLAYBOOK "Wrap – up smear" letter.**
**Dear Ms. Lewis:**                              25

As you know, this Firm represents the Golf Lake Condominium I at East Bay Association, Inc. (the: Association"), the not-for-profit Florida corporation which is the subject of the above-referenced complaint.

Please accept this letter in response to your office's August 2, 2024 letter, noticing the Association of the amended housing discrimination complaint filed by unit owner John Samson.

Mr. Samson states that he has been discriminated against by the Association and related parties, due to a disability, by requesting both a reasonable modification and a reasonable accommodation and being provided with neither. His allegations are not supported by facts.

Mr. Samson's characterization of use of the handicapped parking space on the condominium property, and communication regarding such use, is categorically incorrect. Mr. Samson had been using the handicapped parking space as his permanent, exclusive spot, and the Association's Manager informed him that he could not permanently / exclusively use the handicapped space. He is, and always has been, permitted to use the handicapped space on an as-needed, non-exclusive, temporary basis. To the extent that Mr. Samson claims that the Association has refused his request for a reasonable accommodation – accommodation being that he be  Permanently / exclusively assigned the handicapped parking space – this is not reasonable, and the association cannot grant such accommodation, nor would the Association be required to do so under the Federal and Florida Fair Housing Acts (the "Acts").

Mr. Samson appears to base his discrimination complaint for "failure to permit reasonable modification" on the Association not informing him of the expanded dimensions of his exclusively assigned, Limited Common Element parking space. However, it is undisputed that Mr. Samson did request a modification of his existing assigned parking space ("meeting ADA standards for handicapped persons"); and it is undisputed that the Association's Board of Directors did approve such request, at a meeting held on April 5, 2024. It is my understanding that the Board of Directors approved extending Mr. Samson existing assigned parking space 5 feet further, assigning him One-half of the immediately adiacent parking space (noting that this addition of space exceeds dimensions for handicapped parking spaces). **It is also my understanding that Mr. Samson himself agreed to this dimension and personally hired a contractor to do the striping.** Since then there have been no complaints regarding the space.

26

Finally, Mr. Samson includes an allegation in his complain that he requested an apology for some unstated offense but has not received one. Please note that nothing requires the Association, or its Manager, to apologize to Mr. Samson for anything. Please also note that, despite Mr. Samson's statement, the Association's Manager did agree to send an apology to Mr. Samson – and Mr. Samson response was to mark the apology up, providing a 14-page diatribe stating that the apology was "NOT" excepted" (sic), and accuse the Association's Manager of lying, fraud, incompetence, misbehavior, and threatening his professional license. The Association takes extreme exception to Mr. Samson using his disability and legal rights regarding such disability as an excuse to engage in harassing, threatening behavior.

In conclusion, Mr. Samson has full, non-exclusive use of the Association's handicapped parking space just like every handicapped resident, guest and invitee on the condominium property; and Mr. Samson has been provided a modification of parking space that he expressly admitted meets his needs. The Association has not engaged in discrimination against Mr. Samson.

The Board trusts that his response is sufficient to close the above-referenced complaint with no further action required by the Association,

Please let me know if you have questions, or if I can be of further assistance.


Very truly yours,

**Signed** by Anne M. Hathorn, Esq. (see Letter)

Anne M. Hathorn, Esq. For the Firm

AMH
cc: Board of directors

The above letter is **[Specify – False statement and a statement caused injuries]**
**AND**
**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**
**"ESTABLISH THE <u>ABOVE AND BELOW</u> POINT"**

27

**(IN SURMOUNTABLE <u>CONFLICT OF INTEREST</u> AS A RESULT OF THE DISCLOSURES MAKING <u>FALSE STATEMENTS</u> AND <u>OBSTRUCTION</u>)**

1. **Selective and Vindictive prosecution**

**RESPONSE / DEFENDTANT AND NOTICE OF <u>FAILURE TO STATE A CAUSE OF ACTION</u>**

**[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior]**
**And**
**[Causing a Damaging and Violation of Due Process By written correspondence]**

**COMES NOW** the Plaintiff, **JOHN H. SAMSON**, and respectfully files this

pleading in response to the correspondence issued by **Attorney Anne M.**

**Hathorn, Esq.**, dated August 29, 2024, addressed to **Alana Lewis, Investigator,**

**Pinellas County Office of Human Rights**, and states as follows:

## I.   INTRODUCTION

1. The letter submitted by Attorney **Anne M. Hathorn**, on behalf of the **Golf Lake Condominium I at East Bay Association, Inc.** ("the Association"), <u>is not a verified pleading, affidavit, or evidence, but an argumentative narrative</u>.

2. The document <u>fails to meet the basic legal requirements to constitute a valid response or defense because it asserts conclusions of law without supporting factual proof or admissible evidence</u>.

3. The letter <u>improperly seeks to dismiss or minimize Plaintiff's verified discrimination complaint by reciting opinion-based assertions rather than legal reasoning or evidence admissible under</u> the **Florida Rules of Civil Procedure** or the **Florida Fair Housing Act** <u>(Fla. Stat. § 760.23 et seq.)</u>.

## II.   FAILURE TO STATE A <u>CAUSE OF ACTION</u> OR DEFENSE

28

4.The letter <u>contains no factual allegations sufficient to constitute a defense recognized under either the</u> **Federal Fair Housing Act** or the **Florida Fair Housing Act.**

5.The statements that "Plaintiff, John H. Samson's allegations <u>are not supported by facts</u>" and that the Association "cannot grant such accommodation" are legal conclusions unsupported by any affidavit, documentation, or evidentiary basis.

6.Assertions that the requested accommodation is "not reasonable" <u>lack any analysis</u> under the **HUD/DOJ Joint Statement on Reasonable Accommodations (2004)** or applicable precedent interpreting 42 U.S.C. § 3604(f)(3).

7.The letter concedes that Plaintiff made a request for both modification and accommodation and that the Association's Board took action regarding that request, thereby acknowledging a recognized disability-related request. The dispute therefore concerns the adequacy and timeliness of the response, not whether a request was made.

8.The correspondence further admits that the Association required Plaintiff to arrange and pay for the modification personally, constituting **prima facie evidence** of disparate treatment and noncompliance with statutory duties to permit and facilitate reasonable modifications at the expense of the requesting party, within the meaning of 42 U.S.C. § 3604(f)(3)(A).

9.The inclusion of <u>extraneous commentary regarding Plaintiff's tone, personality, or alleged "harassment" is irrelevant, prejudicial, and immaterial to the issue of whether discrimination occurred</u>. Such commentary attempts to impugn character rather than address the legal merits.

10.The absence of supporting records, photographs, meeting minutes, or sworn testimony renders <u>the letter factually deficient and legally insufficient</u>.

11.Accordingly, the letter fails to state a cognizable cause of action, counterclaim, or valid defense under governing law and should be treated as **argument only**, not evidence.

## III. REQUEST FOR RELIEF
**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**

WHEREFORE, Plaintiff respectfully requests that:

A. The Court or investigating agency treat the August 29, 2024 letter as a <u>non-evidentiary communication</u> and not as a verified response or defense;

B. The <u>letter be stricken or disregarded</u> to the extent it purports to <u>assert factual defenses unsupported by proof;</u>

C. **The underlying discrimination complaint proceed on the merits with full evidentiary consideration; and**

D. **The Court or agency grant such other and further relief as may be just and proper under the law.**

**"ESTABLISH THE <u>ABOVE AND BELOW</u> POINT"**

**(IN SURMOUNTABLE <u>CONFLICT OF INTEREST</u> AS A RESULT OF THE DISCLOSURES MAKING <u>FALSE STATEMENTS</u> AND <u>OBSTRUCTION</u>) LACKS 1ST HAND INFORMATION**

**PLAINTIFF'S MOTION FOR MORE DEFINITE STATEMENT**

**[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior] Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**
**And**
**[Causing a Damaging and Violation of both Fifth and Fourteenth Amendments to the U.S. Constitution of Due Process By written correspondence of August 29th, 2024]**

COMES NOW the Plaintiff, **JOHN H. SAMSON**, pro se, pursuant to **Rule 1.140I, Florida Rules of Civil Procedure**, and respectfully moves this Honorable Court to require Defendants to provide a more definite statement regarding the correspondence dated **August 29, 2024**, authored by **Attorney Anne M. Hathorn, Esq.**, addressed to **Alana Lewis, Investigator, Pinellas County Office of Human Rights**, and states as follows:

30

## I.    BASIS FOR MOTION

1. The August 29, 2024 correspondence purports to serve as the Defendants' "response" or defense to Plaintiff's discrimination complaint but fails to identify specific factual assertions, legal grounds, or supporting evidence.

2. **The letter is** composed primarily of conclusory statements and argumentative commentary, including assertions that "Plaintiff, John H. Samson's allegations are not supported by facts" and that "the Association cannot grant such accommodation," without identifying what facts, statutes, or evidence are relied upon?

3. The document fails to distinguish between statements of fact, conclusions of law, and personal opinions, rendering it vague and ambiguous letter.

4. The correspondence / letter does not identify the specific "reasonable accommodation" or "modification" requests referenced, nor the dates of any Board meetings, votes, or decisions relied upon as a purported defense.

5. The letter references a purported "meeting held on April 5, 2024," but omits any indication of who was present, what materials were reviewed, or how the decision was reached.

6. The correspondence also refers to alleged "harassing" conduct by Plaintiff without specifying any act, date, or supporting evidence—statements which are irrelevant and inflammatory.

7. Because of these omissions, the pleading is so indefinite that Plaintiff cannot reasonably prepare a reply or further response.

## II.    LEGAL STANDARD

8. Under **Rule 1.140I, Fla. R. Civ. P.,** when a pleading is "so vague, confusing or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the opposing party / Plaintiff may move for a more definite statement before interposing a responsive pleading. Request to file a **"Motion for Clarification"**

9. Courts have held that conclusory or opinion-based assertions lacking factual support are insufficient to form the basis of a legally adequate pleading. See **City of Sarasota v. Mikos,** 374 So.2d 458 (Fla. 2d DCA 1979); **Mendez v. Bank of Am.,** 457 So.2d 1358 (Fla. 3d DCA 1984).

31

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this **Honorable Court**:

 A. **Order** Defendants to file a **More Definite Statement** identifying, with specificity:
  **i.** The dates, participants, and actions taken by the Association's Board of Directors regarding Plaintiff's accommodation or modification requests;
  **ii.** The factual basis and supporting documents relied upon to deny or limit Plaintiff's request;
  **iii.** Any evidence or legal authority relied upon in claiming Plaintiff's request was "not reasonable"; and
  **iv.** Any specific conduct by Plaintiff alleged to be "harassing" or "threatening."

**M.** Strike or disregard any conclusory or irrelevant portions of the August 29, 2024 correspondence that fail to meet pleading standards; and

**M. Grant such other and further relief as this Court deems just and proper.**

The above and below letter is **[Specify – False statement and a statement caused injuries]**
**AND**

**"ESTABLISH THE <u>ABOVE AND BELOW</u> POINT"**

**(IN SURMOUNTABLE <u>CONFLICT OF INTEREST</u> AS A RESULT OF THE DISCLOSURES MAKING <u>FALSE STATEMENTS</u> AND <u>OBSTRUCTION</u> and a violation of Constitutional "Due Process")**

**[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior]**
**And**
**[Causing a Damaging and Violation of Constitutional Due Process By this written correspondence]**

**<u>YOUR AGENCY and Alana Lewis IS "GUILITY" OF</u>**

32

**PLAYBOOK**
**"Wrap – up smear"**

Wrap – up smear

1st you demonize them and you smear someone with **falsehoods** and all the rest

and then you 2nd merchandise or (amplified) it, **[see letter by: Anne Hathorn e-**

**mail on September 9th 2024 / "stamped" Received by September 10th, 2024 in**

**your office and Anne Hathorn attorney never provided a writing response as**

**requested by September 13th, 2024. Alana Lewis, bought into** or typically refers

to the **acceptance, support, and willingness** to actively participate in a plan.

Alana Lewis "**Believes in the ideas writing in this letter** of "DEFAMATION"

**and "Slander and Libel."** Alana Lewis is that **someone** among others =

someone reads it and reported it to others so they have that validation act to smear

someone and that it's called the "wrap – up smear" [to the **10 member board** and

PCOHR or Pinellas County Office of Human Rights) and then it's used in a report

to smear someone strategically and skillfully. 3rd, This is a "Tactical" or tactic

(specific actions and methods) and it's a self – filling problem, it focus on "**HOW**"

of achieving something, while strategic (reaching that goal) approaches focus on

the "**WHAT**" and "**WHY**." 4th Efficient Execution: of this tactical planning

involve implementing the plan effectively and efficiently to achieve your desired

objectives.

33

**Breakdown Concept / Highlight**
**Smear with Falsehoods**
**Amplify and Merchandise**

**Claim of Validation or Affirmation / Opinions**

**[false claims suggest the claim are true or credible, regardless of their accuracy lacking a "Forensic Investigation" for legal purposes]**
**<u>Characteristics</u>**

**Diversionary Tactic**

**[attacking the opponent / Plaintiff]**

**Self – Fulfilling Prophecy**

**[false claim gains credibility – exposing]**

**Misleading the Public**

**[widely reported initial claim that is false and fraudulent or fraud]**

**JOHN H. SAMSON**

**SUPPLEMENTAL REBUTTAL STATEMENT**

**(Agency Conduct and Use of "Wrap-Up Smear" Tactic) or also known as:**

Consider these points, SLANG: Guilty of HOOK AND HUNG, consider these points 1. Hook engaging opening that captures viewers' attention quickly 2. Hung leaves viewers in suspense or anticipation 3. Strategy is to enhance viewer retention and engagement 4. Trends, storytelling formats to keep audiences intrigued 5. Impact, effective lead to higher likes, shares, and follower growth on a or the platform makes it very, very dangerous to cause harm or injury by causing

34

adverse consequences or ignoring threat to justice / inequality or injustice.

**COMES NOW** the Plaintiff, **JOHN H. SAMSON**, and submits this Supplemental

Rebuttal Statement in further support of his prior pleadings, specifically addressing

the conduct of **the Pinellas County Office of Human Rights ("PCOHR")** and

Investigator **Alana Lewis**, and states as follows:

1. On or about **September 9, 2024**, Attorney **Anne M. Hathorn** transmitted an email to **Alana Lewis**, Investigator for PCOHR, perjury statements, containing false, defamatory, and prejudicial assertions regarding Plaintiff.

2. The email was **received and date-stamped September 10, 2024**, within the Office of Human Rights. Despite Plaintiff's written request for a verified written response by **September 13, 2024**, Attorney Hathorn failed to provide such response.

3. Nevertheless, Alana Lewis did not with authentic (FRE 901) or establish with personal knowledge (FRE 602) or relevance (FRE 401) that the letter was true in facts and in law. Investigator Alana Lewis adopted and relied upon the unverified statements contained in Attorney Hathorn letter and incorporated those statements into official agency records and findings— without verification, cross-examination, or with authentic evidentiary foundation.

4. **This conduct demonstrates knowing participation in a coordinated "wrap-up smear" tactic, as defined below and above.**

**III.**

**IV.    DESCRIPTION OF "WRAP-UP SMEAR" / LEGAL ARGUMENT**

5. The **"wrap-up smear"** is a known strategic communication method involving:

6. a. **Smear with Falsehoods** – The subject is targeted with false or misleading statements to include "FRAUD" perjury and false and fraudulent statements.

35

b. **Amplify and Merchandise** – Those statements are repeated, circulated, or referenced by third parties, <u>lending them apparent credibility</u>.
c. **Claim of Validation** – The false statements is / are treated as <u>verified or supported</u> by "official" acknowledgment.
d. **Self-Fulfilling Prophecy** – <u>Repetition causes the falsehoods to appear true or validated, creating reputational harm and bias</u>.

7. Investigator Lewis's acceptance and reliance on Attorney Hathorn <u>unverified assertions functioned as the</u> **"amplification and validation"** <u>phase of this smear process, converting unsupported claims into part of an official investigative record</u>, and a lack of investigation on Alana Lewis behalf. To include stark difference between strong or powerful reality and a fabricated narrative for those who demand honesty over manipulation. September 24th, 2024 **HARM, determined that "There is NO REASONABLE CAUSE"** Denying **"DUE PROCESS"** violates 5th & 14th Amendment, denying life, liberty and the pursuit of "HAPPENESS"

8. Such conduct **misleads the public record, diverts attention from the underlying discrimination**, and <u>constitutes an abuse of process</u>.

V. **EFFECT AND IMPACT / RELEVANT FACTURE BACKGROUND**

1. The <u>dissemination and reliance upon false and defamatory material within an official agency</u> **investigation deprived** Plaintiff <u>of due process and a fair, unbiased review of his discrimination complaint.</u> **"NO REASONABLE CAUSE" CAUSING: HARM and lack of "Due Process" under the law of the 14th amendment.**

2. The pattern of conduct between Attorney Hathorn and Investigator Lewis demonstrates **collaboration in an outcome-driven narrative,** <u>rather than impartial fact-finding between the letter and phone call not recorded.</u>

3. <u>The misuse of official channels to "validate" unverified accusations has caused reputational injury, emotional distress, and a chilling effect on Plaintiff's protected rights</u> under the **Florida Fair Housing Act and 42 U.S.C. § 3617** (interference, coercion, and intimidation).

VI. **CONCLUSION**

**WHEREFORE,** Plaintiff respectfully requests that this Court or relevant agency:

36

A. Recognize that the correspondence dated **August 29, 2024** and the **September 9, 2024** email from Attorney Hathorn contain **false and defamatory material** that was **improperly adopted** by Investigator Alana Lewis; leading to final determination of "<u>**no reasonable cause**</u>"
B. Direct that such material not be relied upon as competent evidence in any proceeding;
C. Require an independent review of the agency's investigative handling of Plaintiff's complaint; and
D. Grant such other and further relief as is just and proper. Causing – [<u>**Specify – False statement and a statement caused injuries**</u> and "<u>PERNICIOUS</u>" behavior] Wherefore, Plaintiff John H Samson demands judgment against Defendant Anne M. Hathorn, Esq Attorney

**ACTS BY DEFENDANT: "PERJURY"** – Florida attorney Anne Hathorn Esq., is guilty of by court interprets or defines it as making a "False Statement under oath or under penalty of perjury" as an "Officer of the Court in writing in a letter" knows it's not true and is material to the proceeding. Making a willfully false, knowing it is "False" and the statement being material to a legal or official proceeding. SEE: <u>U.S. Code Title 18 Part 1 – Chapter 79 §1621</u> **under** "written testimony such as the "letter dated: August 29th 2024" or certificate by him or her subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he or she does not believe to be true in declaration <u>(section 1746 of title 28) United States Code is **guilty of perjury** be <u>fined</u></u> under this title or imprisoned not more than 5 (five) years or both. SEE: <u>Bronstan vs. United States</u> or United States vs. Dunnigan or United States vs. Slawik, 548 F.2d 75 (1977)

**ACTS BY DEFENDANT:** Florida attorney Anne Hathorn Esq., **is guilty of**

37

**writing several letters or Correspondence Review** about **37** (thirty seven) including telephone calls to: Board of Director and Pinellas County Office of Human Rights (PCOHR) to include Alana Lewis, Investigator a "**FALSE and FRAUDULENT**" letter with "Misleading" by giving a wrong idea or impression, causing someone to believe something that isn't "TRUE." Florida attorney Anne Hathorn Esq., "**SHOULD BE DISCIPLINE, SANCTIONS or DISBARMENT flor 6 months – based on severity and intent.**" In short, violates due process by: [Ignores] – or fails to apply the facts to the governing law, Legal Concept – fails to apply the facts to the law, misconduct or ethics violation, lack a **duty of candor and competence, Rule 4-3-1** (require lawyers to make (ONLY) claims and contentions that are grounded in law and facts.) **Rule 4-3.3** making false statement of law or fact or failing to correct them. **Rule 4-4.1 (Competence)** requires a lawyer to provide competent representation, understanding and properly applying the law to the facts. **Rule 4-8.4(C) & (D)** prohibits conduct involving dishonesty or conduct prejudicial to the administration of justice. Florida attorney Anne Hathorn Esq., is guilty of: **Misrepresenting or ignoring key facts**, Advancing baseless legal theories unsupported by facts ("frivolous filing in writing a (false and fraudulent) letter, **Failing to investigate facts before writing the Letters** to Board of Director and Pinellas County Office of Human Rights (PCOHR) to include Alana Lewis, Investigator, SEE: The Florida Bar v. Richardson, 574 So.2d 60 (Fla.

38

1990).

**Statement of Fact**

Plaintiff Pro Se, John H. Samson asserts that during the course of the **"NO"** **investigation [Records showing lack of investigation,** such as absence of interview notes or fact-checking efforts] and related proceedings, Defendant, **Anna Hathorn Esq., [Specify – False statement and a statement caused injuries],** counsel for the opposing party failed to properly apply the relevant facts to the controlling law. Specifically, **Anna Hathorn Esq.,** the attorney advanced legal conclusions that were inconsistent with the established record and omitted material facts necessary to a **fair and accurate analysis** under applicable Florida law. Despite being provided with documentation and evidence clarifying the factual circumstances, **Anna Hathorn Esq.,** counsel continued to rely on assertions or personal opinion manufacturing unsupported by the evidentiary record. Such conduct reflects a disregard for the attorney's **duty of candor** and competence as required under the Florida Rules of Professional Conduct, including **Rule 4-1.1** (Competence), **Rule 4-3.1** (Meritorious Claims and Contentions), and **Rule 4-3.3** (Candor Toward the Tribunal). The failure to accurately apply the facts to the governing law has materially affected the fairness and integrity of the proceedings. **[Specify – False statement and a statement caused injuries],**

**Legal Argument**

39

I.    Attorneys in Florida Are Obligated to Accurately Apply the Facts to the Governing Law Under the Florida Rules of Professional Conduct, attorneys are officers of the court and must conduct themselves with honesty, competence, and diligence. **Rule 4-1.1,** for Plaintiff or Defendant requires competent representation, which includes the legal knowledge, skill, and thoroughness necessary to properly analyze and apply the relevant law to the disputed material facts. **Rule 4-3.1** prohibits attorneys from asserting legal contentions unless there is a **basis in both fact and law** for doing so. Likewise, **Rule 4-3.3(a)(1)** mandates candor toward the tribunal, prohibiting attorneys from knowingly making false statements of fact or law or failing to correct such statements when discovered. Florida courts have consistently reaffirmed these duties. **In The Florida Bar v. Richardson, 574 So. 2d 60 (Fla. 1990),** the Supreme Court held that an attorney's advancement of claims unsupported by fact or law constituted conduct unbecoming of a member of the Bar and **warranted discipline.** Similarly, **in The Florida Bar v. Cox, 794 So. 2d 1278 (Fla. 2001),** the Court sanctioned counsel who misrepresented factual circumstances and ignored the legal standards applicable to the case. **[Specify – False statement and a statement caused injuries],**

II.    Failure to Apply Facts to the Law Undermines the Integrity of the Proceedings The Defendant attorney **Anna Hathorn Esq.,** refusal or neglect to apply the established facts to the controlling legal principles constitutes a breach of these professional obligations. By disregarding relevant factual evidence and continuing to rely on inaccurate or incomplete representations, counsel effectively manufacturing, misled the tribunal and **impaired the fact-finding process.** This conduct not only violates the **duty of candor** but also prejudices the administration of justice in contravention of Rule 4-8.4(d). The Supreme Court of Florida has emphasized that such actions **"erode the public's confidence in the legal profession and the fairness of judicial proceedings."** See The **Florida Bar v. Agar, 394 So. 2d 405 (Fla. 1981**).When an attorney knowingly ignores factual realities or advances arguments detached from the record, the attorney fails to meet the fundamental requirement that advocacy be grounded in both fact and law. **[Specify – False statement and a statement caused injuries],**

40

**III.**    Application to the Present Matter In the present case, the attorney representations disregarded key factual evidence that had been established through documentation and correspondence. Rather than evaluating those facts under applicable Florida law, **Anna Hathorn Esq.**, counsel advanced legal **conclusions inconsistent** with both the record and the controlling statutes. Such conduct demonstrates, **at minimum, reckless indifference to the attorney's obligation to accurately apply the facts to the law**, and at worst, an intentional effort to mislead the tribunal. Accordingly, **this conduct constitutes a violation of the Florida Rules of Professional Conduct and warrants appropriate remedial or disciplinary consideration. [Specify – False statement and a statement caused injuries]**, A complaint was file with the Florida Bar **and referred back for judicial interpretation by which a judges interpret and apply the law**.

### RELEVANT FACTUAR BACKGROUND
**Original Letter to: Alana Lewis, Investigator from Defendant**

**ANNE M. HATHORN, ESQ ATTORNEY**

**ANNE M. HATHORN LEGAL SERVICES LLC**

**ANNE M. HATHORN PERSONAL**

**ACTS BY DEFENDANT:** The false and defamatory statements knowingly contained herein stem from a series of unusual fact and circumstances surrounding August 29th, 2024 to the above Board of directors, **Golf Lake Condominium I at East Bay Association, Inc.** and **Alana Lewis, Investigator, Via Electronic Mail. TO: alewis@pinellas.org Pinellas County Office of Human Rights , 400 South Ft. Harrison Avenue, 6th Floor, Clearwater, Florida 33756** with false statements republishing of Anne M. Hathorn Esq., a liar who had insulting theories, recklessness, ambiguous or vague and falsely claims with **"Incendiary Rhetoric**

41

that demonized and dehumanized" and targeted John H. Samson. Which are set

forth in the preceding above paragraphs **for financial gain and future benefit**

**received**. This letter is where the words express the person's, **"Clear State of**

**Mind"** and are very offered to prove not just that the writer hold this belief but that

the belief is true. Defendant story is **bogus and dangerous** and the story is **"pretty**

**flawed."** Plaintiff suffers the ongoing emotional and psychological impact of

Defendant misconduct towards Plaintiff. Any and all written statements are

actionable in a court of law. **[Falsus in uno, falsus in omnibus] a true "LIAR"**

NOTE:  An "OPINION" **cannot** be proven as it is subjective in nature. U.S.
Supreme Court, a "personal opinion" is officially regarded as a judge's subject,
non-legal view that must be disregarded in favor of the rule of law.

SEE:  Milkovich v. Lorain Journal Co., 479 US 1, Supreme Court 1990, the
Supreme Court defined an opinion as "an expression of a viewpoint, which may be
supported by reason or evidence, but **which is incapable of being proved true or**
**false." Statements made outside** of any true "Forensic Investigation" First.

ALSO SEE: Anson v. Paxon Communications Corp., 736 So.2d 1209  (Fla. 4th
DCA 1999)
The Supreme Court recognized that "[e]ven if the speaker states the facts upon
which he bases his opinion, if those facts are either incorrect or incomplete, or if
his assessment of them is erroneous, the statement may still imply a false assertion
of fact. Because of a lack of "**ANY TYPE**" of a "**Forensic Investigation**" **done.**

NOTE: An "ALEGATION" "Anne M. Hathorn Esq.," is Guilty of and creating

a letter to do harm [in **violation of Due Process of law and more**] and more than

demonstrations of 30 (thirty) or more, statements innocence in accordance with the

standards set forth by the Supreme Court of the United States in Bousley; Schlup;

42

House; Calderon v. Thompson, 523 U.S. 538 (1998), and other cases applying the actual innocence test.

**ACTS BY DEFENDANT: "BUT FOR" or "more likely than not"**

- "**Anne M. Hathorn Esq.,**" **is** Guilty of and creating a letter to do harm in a letter to: **Golf Lake Condominium I at East Bay Association, Inc.,** and **PINELLAS COUNTY OFFICE OF HUMAN RIGHTS, ALANA LEWIS INVESTIGATOR, DATED AUGUST 29TH, 2024**, both **[Specify – False statement and a statement caused injuries and "Pernicious" Behavior]** causing Plaintiff, John H. Samson the lack of "**DUE PROCESS**" in the case with **PINELLAS COUNTY OFFICE OF HUMAN RIGHTS, [Specify – False statement and a statement caused injuries** and "**PERNICIOUS**" **Behavior ].** 1st (First) the Defendant, Anne M. Hathorn Esq., must be the factual or " **but for**" cause of the victim's harm, **[Specify – False statement and a statement caused injurie and "PERNICIOUS" Behavior s].** The "**but for**" term comes from this phrase: "**but for the defendant's act, The harm would not have occurred**" Conduct is the cause of a result when … (a) it is an antecedent "**but for**" or "**more likely than not**" which the result in question would not have occurred. Basically, the Defendant Anne M. Hathorn Esq., is the factual or "**but for**" or "**more likely than not**" cause of the victim, Plaintiff, John H. Samson harm if the Defendant's act starts the chain of events that leads to the eventual result. **[Specify – False**

43

**statement and a statement caused injuries and "PERNICIOUS" Behavior]**

**Cause–in-Fact** is a final element in the negligence analysis the jury needs to consider if the plaintiff's harm **would not** have occurred **"but for"** or **"more likely than not"** the defendant's conduct, plays less of a role in establishing **cause-in-fact**. If and when the **Defendant Attorney, Anna Hathorn Esq., [Specify – False statement and a statement caused injuries and "PERNICIOUS" behavior]**, actions sets off a string of subsequent occurrences that lead to injury to the plaintiff, and none of those events would have occurred **but for** the defendant's initial actions, then the defendant's conduct is considered the **cause-in-fact of harm** to the plaintiff. SEE: Gooding v. University Hospital Building, Inc., 445 So. 2d 1015 (Fla. 1984) and Ruiz v. Tenet Hialeah Healthsystem, Inc., 260 So. 3d 977 (Fla. 2018) **"more likely than not"** causing **[Specify – False statement and a statement caused injuries]**. Under the violation of "Due Process of Law") **Denying** Plaintiff, John H. Samson, UNDER **Plaintiff Civil Rights by law like Section 1983** and **5th (Fifth Amendment to the US Constitution, [Specify – False statement and a statement caused injuries]**, (no one shall be "deprived of life, liberty or property without **Due Process of law**" (**Denied**: Procedural due process, right to present evidence, a right to cross-examine opposing witnesses and an opportunity to be represented by counsel, among other protections.) by the Federal Government. Defendant did not treat Plaintiff "FAIRLY" Defendant, **Anna**

44

**Hathorn Esq., is an** officer of the court **"and Did Not"** <u>keep detailed records of</u> <u>the events, including dates, times and names of the people involved, witnesses,</u> <u>present evidence, missing written records of the proceedings system</u>, **Denying**, Plaintiff a **neutral and unbiased** decision maker. Lack of "**INVESTIGATION**" <u>[the systematic and careful process of searching for and examining facts, proof and</u> <u>evidence **to uncover the truth** about the matter at hand.</u>] [**Records showing lack** **of investigation**, such as absence of interview notes or fact-checking efforts] [[**Specify, ALL False statement and a statement caused injuries and behavior**], **Causation** by Anne M. Hathorn Esq., if the "Factual and Legal cause of the action by the Letter she signed and sent to **PINELLAS COUNTY OFFICE OF** **HUMAN RIGHTS, ALANA LEWIS INVESTIGATOR,  DATED AUGUST** **29TH, 2024** ...... Factual cause means that the Defendant, Anne M. Hathorn Esq., <u>starts the chain of events leading to the harm</u> of Plaintiff, John H. Samson, Pro Se.

1. **ACTS BY DEFENDANT:** The <u>disparagement, defamation, defamation per</u> <u>se, and other outrageous illegal or negligence to include unethical accusation</u> <u>are numerous and riddled with lies, innuendos  and misleading, perjury,</u> <u>misrepresentation, misinformation ongoing in the letter</u>. Anne M. Hathorn Esq., [**FAILED to prove a** "<u>Structured interviews</u>"]. As noted herein, Anne M. Hathorn Esq. **did not** respond to <u>2 (two) e-mails sent in a timely form</u> as required in the letter **with set dates** to respond or <u>with an opportunity to</u>

45

provide a **notarized apologized** for these exact utterance, False statement,

additional false and defamatory statements and "intentionally" – a False

"**False narrative**" Anna M. Hathorn needs to follow the law. This is Anna

M. Hathorn's personal opinion or is her or your own testimony [opinion is

NOT based on fact or knowledge. Lacks: assessment, assumption, point of

view, it is speculation, not relevant to prove something.] Which shows or

support **Bias, prejudice and discriminatory practices with underlying**

**racist practices**. Anne M. Hathorn testimony has "**TAINTD**" **this**

**complaint with all parties**. This is a form of a hostile expression or action

that is prejudice and biased writing or true unfair stereotypes about my

**disability [to include invisible disabilities by ADA law] or physical**

**characteristic as a protect class by using a strategic** misrepresentation.

This treatment is a form of **discrimination**, demeaning behavior,

embarrassment, harassment, and exclusion. John H. Samson "**DEMANDS**"

the original or best evidence rule or "**What is best evidence**" if you have

anything in writing / video / photograph / recording or provide or proven

"beyond a reasonable doubt." And Anna M. Hathorn lacks clear and

convincing evidence standard, as well as all other claims or potential claims

of **libel and slander claim**. Any and all written statements are actionable in

a court of law. All of the above are [Specify – False **statement and a**

46

**statement caused injuries and "Pernicious" behaviors].**

[**bias**] = Both Letters dated: March 4th 2024 @ 9:44 am by Stephen Walters and Letter dated August 29th 2024 by Anne Hathorn Esq., targets "ONLY 1 (ONE) person alone" the Plaintiff, John H. Samson individual [out of about 300 (+) other unit owners.] who did not receive the same e-mail. **[Specify – False statement and a statement caused injuries]**. Often describe "**implicit bias**" as a recognized cause of disparities associated with differences in race, gender, ethnicity, age, disability [**to include invisible or blind disabilities by ADA law**] or protected class, socioeconomic statue, sexual orientation, and other demographic characteristics. Caperton vs. Massey (2009) or A.J.T. vs. Osseo Area School (2025) or United States vs. Martinez-Salazar (2000) SEE: Federal Statute on Judicial "Bias" 28 U.S. Code § 144 or Dobbs vs. Jackson Women's Health Organization – including – Griswold, Lawrence, and Obergefell.

[**bias**] = can be defined as, "The causation, pervasiveness and awareness statements" **Causation: Implicit bias** is a plausible cause of **discriminatory behavior** have one or more shared causes.

[**bias**] **=** Often describe or can be defined as, **Bias**, her **tendency**, **opinion** or **inclination** that is **preconceived** or unreasoned leads to **predisposition** that bars impartial evaluation of facts is 100% personal "**Bias**" that influences judgment, actions and dicision-making, whether explicit (protected class or disability) or implicit (**integrity**). Causing, eroding trust, integrity, inquities or harm emotionally and psychologically.

[**Discriminatory Intent**]= Direct evidence of discriminatory intent is evidence that, "if believed, proves the fact [of discriminatory intent] without inference or presumption." Coghlan v. Am. Seafoods Co., 413 F.3d 1090, 1095 (9th Cir. 2005) (citation omitted). SEE: "**a plaintiff need not prove the malice or discriminatory animus of a defendant ….**" Bangerter v. Orem City Corp., 46 F.3d 1491, 1501 (10th Cir. 1995); see also Ferrill v. Parker Grp., Inc., 168 F.3d 468, 473 n.7 (11th Cir. 1999) SEE: Protected Class, Venters, 123 F.3d at 973 [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors].**

SEE: Mile Marker Inc. vs. Petersen Publishing, District Court of Appeal of Florida , Fourth District or See: Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841, 845 (Fla. 4th DCA 2002)

47

A common law claim for defamation requires the <u>unprivileged publication</u> (to a third party) of a false and defamatory statement concerning another, with fault amounting to at least negligence on behalf of the publisher, with damage ensuing. <u>Thomas v. Jacksonville Television, Inc., 699 So.2d 800 (Fla. 1st DCA 1997).</u>  A communication is "defamatory" if it tends to **harm** and **harm** to include experience a <u>negative impact</u> on Plaintiff, John H. Samson well – being, and the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the <u>defamed party. Id. At 803</u>. Defamation actions often raise **Constitutional** <u>concerns</u> and **First Amendment** jurisprudence distinguishes between two classifications of plaintiffs: "<u>private individuals</u>" and "public figures." <u>Private individuals</u> are governed by the common law test as laid out above; as such, **<u>they need only allege negligence on behalf of the publisher in order to maintain a defamation action</u>**. However, where public figures are concerned, the state's interest in protecting the defamed subject's reputation is lessened, and as such, public plaintiffs must allege a higher level of **mens rea** on behalf of defendant publishers, in order to balance the attendant First Amendment concerns bound up with defamation and public speech. <u>[Specify –</u> <u>False</u> **<u>statement and a statement caused injuries and "Pernicious" behaviors]</u>**.

2. **ACTS BY DEFENDANT:** Anne M. Hathorn wrote and published more than 1 (one) pages which were distributed to over about 14 (fourteen) subscribers. Any and all written statements are actionable in a court of law.

48

**ACTS BY DEFENDANT:** Anne M. Hathorn Esq., **never did** an <u>investigation</u> [**Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts] or <u>interview</u> or have <u>a conversation</u> between 2 (two) or more people to <u>gather information</u> or <u>assessment</u> to providing clear and positive answers, **true violation of negligence** to mitigate potential harm or damage to reputation for undisclosed liabilities, (actual **malice** in defamation case or **Malicious Intent / behavior**), [<u>causing harm by</u> **Denying** <u>Plaintiff, John H. Samson</u> "**DUE PROCESS** in Direct violation of the **FIFTH AND FOURTEENTH AMENDEMENT** of the Constitutional rights to file a lawsuit with Pinellas County Office of Human Rights Department.**] define Scope and Objectives, collect evidence from various sources, review and analyze key facts, accurate records the entire process, no detailed report, summary, incident description, subject information and recommendations for action, of the facts, <u>proof or seek any evidence to analyzing the truth of a matter with total "reckless disregard" for the truth.</u> A true lack of **Due Diligence** as an officer of the court. Any and all written statements are actionable in a court of law.

4.**ACTS BY DEFENDANT:** Plaintiff John H. Samson suffered substantial injury, damage, loss, harm to include "substantially limits one or more major life activities" caused by the conditions [**invisible or blind disabilities** <u>by ADA law</u> <u>with restrictions and Activity limitations: symptoms such as, physical, mental or</u>

49

neurological condition = neuropathy – nerve damage with pain, chronic migraines, seeing impairment, hearing impairments, talking, walking (using a cane, walker, wheelchair and mobile device due to arthritis), climbing stairs and lifting, standing-dizziness, maintain balance-dizziness, heart disease, cancer, diabetes, with mile to sever limitations and restrictions] and carrying experience a negative impact on Plaintiff, John H. Samson well – being and short and long term quality of life, anxiety, public shame, damage to relationships, embarrassment, humiliation, shame, dignity and severe emotional distress, such as: Psychological effects (PTSD) = Post-Traumatic-Stress-Disorder, Impairment = left knee replacement "wear and tear" soon due to arthritis, as depression or anxiety. All of the above changing the Plaintiff, John H. Samson "QUALITY OF LIFE" short and long term. Anne M. Hathorn, Esq., letter violated Plaintiffs John H. Samson "**God Given Right**" of "**DUE PROCESS**" with **Pinellas County Office of Human Rights.** As a direct and proximate result of the aforementioned acts by Defendant, **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL,** Anne M. Hathorn testimony has "**TAINTD**" **this complaint with all parties.** This is a form of a hostile expression or action that is prejudice and biased writing or true unfair stereotypes about my **disability [to include invisible disabilities by ADA law] or physical characteristic as a protect class by using a strategic** misrepresentation.

50

Plaintiff – John H. Samson has been damaged and will be damaged, the above statements caused and are continuously causing Plaintiff John H. Samson damages in an amount subject to proof. Under **General Damages** or **Punitive Damages**, for intentional malice, reckless disregard for the truth, persistent pattern of defamatory conduct throughout the letter. Any and all written statements are actionable in a court of law. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors]**.

5.**ACTS BY DEFENDANT:** "EMBEZZLEMENT" As a unit owner of **Golf Lake Condominium I at East Bay Association, Inc., p**er Florida Statute § section 934.10 Civil remedies. (d) a reasonable attorney's fee and other litigation costs reasonably incurred. Shall constitute a complete defense to any civil or criminal, or administrative action arising out of such conduct under the laws of this state. 1. Direct violation of Duty and Trust for a lack of: A true lack of Fiduciary Duty and Due Diligence, Duty of Care as an officer of the court by taking payment for work not performed 100% (one hundred percent). 2. Intent, Taking payment: $2,460.00 (Two Thousand Four Hundred Sixty Dollars and no cents) for work not done which was not accidentally done, such as Failure to "**investigate and report**". The Defendant had knowledge of wrong doing, causing "**TORT**" and knowing that what they [**ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL]** were doing

51

was illegal and fraud. Any and all written statements are actionable in a court of law. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**].

**6.ACTS BY DEFENDANT:** "NEGLIGENCE" For the reason and based on the grounds stated herein, Plaintiff, John H. Samson has been the subject of the publication of false statements by **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL** false statement, reports, fraud, embezzlement, and / or complicit with some or all of the above crimes. Any and all written statements are actionable in a court of law. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**].

**7.ACTS BY DEFENDANT:** "DEFAMATION BY MALICE" For the reasons and based on the grounds stated herein, Plaintiff John H. Samson has been the subject of publication of false statements by **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL.** Any and all written statements are actionable in a court of law. **Guilty, of criminal behavior, dishonesty, or professional misconduct.**

**8.ACTS BY DEFENDANT:** The statements caused and are continuously causing Plaintiff John H. Samson damages.

   ***Because a letter was provided to a government agency (Pinellas County**

52

**Office of Human Rights to: Anna Lewis, Investigator.)** The publication [causing

damage for a violation of "**DUE PROCESS and** of false statements or

"**PERJURY**" is in Direct Violation under: [1743. Perjury – Overview Of 18

U.S.C. §1621 And 1623 Violations Several Federal statutes criminalize perjury and

related false statements. The two most commonly used statutes for perjury offenses

are 18 U.S.C. §1621 and 1623. Section 1621 is the traditional, broadly applicable

perjury statute, and is used to prosecute perjuries committed before legislative,

administrative or judicial bodies. Section 1623, added in 1970, eliminated some of

the proof problems associated with these difficult prosecutions, but Congress

limited its applicability to false statements before Federal courts and grand juries.

In Hubbard v. United States, 115 S.Ct. 1754, 1764 & n.15 (1995), the Supreme

Court noted that these statutes, as well as sections 1503 (obstruction) and 287

(false claims) can apply to and **penalize false statements** made to the Judicial

Branch. The Court also specifically found the Federal false statement statute, 18

U.S.C. § 1001, inapplicable to statements to the judiciary. However, in 1996,

Congress amended the §1001 in the False Statements Accountability Act of 1996,

P.L. 104-292, H.R. 3166, Oct. 11, 1996.The amendment restored the Department's

ability to prosecute false statements made to the legislative and judicial branches

which falls under this court in the State of Florida.] by **ANNE M. HATHORN,**

**ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE**

53

**M. HATHORN PERSONAL.** Anna M. Hathorn, Esq., is guilty of violation of:

Not upholding a swore or a solemn oath to uphold the Constitution of the United States of America. This training impresses upon legal practitioners the irrefutable truth that **words mater**; solemn care and reasonable care must be given to their selection and structuring. By contrast, **the Florida Bar demands that an attorney acquire a staggering highly propelling knowledge base far beyond that of a layperson** like the Plaintiff John H. Samson. **It's** clear "**Words Matter**" and what is written is "reasonably interpreted" in Anna M. Hathorn, Esq., letter. Florida courts accept the interpretation that would favor her "**opinion**" to have significant power or impact with broad **impact power that affect the mind or behavior** (conscious or unconscious) over the situation or idea to change the caused by outside forces or factors that are not always directly applied by ways of **sway, persuasion, convinced** or **influence** the thoughts or **actions** of outside factors **Anna Lewis, Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department. FLORIDA COURTS** accept the **interpretation that would favor** the **Plaintiff** John H. Samson and construe the ambiguity strictly against Anna M. Hathorn, Esq., an officer of the court. The primary reasons that the courts construe in favor of the Plaintiff John H. Samson, is that Anna M. Hathorn, Esq., **drafted the letter**, and if a different meaning had been intended, Defendant Anna M. Hathorn, Esq., **could have inserted different**

54

or such language in the letter. **THEREFORE,  the letter must be construed in favor of the Plaintiff, John H. Samson**. This letter by Defendant, Anna M. Hathorn, Esq., caused substantial damage **"emotional well – being and destructive intentional infliction of emotional distress"** and **"discrimination or Bias and acting with intent, fabrication, concealment (omitting details) Prejudice" = [in** Keen vs. Brown, 46 Fla,487 (1903), the Florida Supreme Court defined prejudice as "a leaning toward one side of a question from considerations other than those belonging to it" this kind of bias, whether from a judge, jury, or witness, undermines the fairness of judgment and the legal process] {Futhermore, judges must ensure that **lawyers** and court staff also adhere to these standards. This commitment to fairness was reaffirmed in re: Amendments to Fla. Rule of Gen. Practice & Jud. Admin. 2.320, 356 So.3d 766 (Fla. 2023} This and **"and by** violating and **denying** Plaintiff, John H. Samson 3 (three) requirements of **due process** 1. Person must be given notice 2. The opportunity to be heard 3. And a decision by a neutral decision – maker – by "God Given Right" to the "Fifth Amendment and Fourteenth Amendment to the US Constitution, Due Process with **Anna Lewis, Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department. Denied: 1. Opportunity to present reasons why the proposed action should not be taken 2. The right to present evidence, including the right to call witnesses 3. The right to know**

55

**opposing evidence 4. The right to cross – examine adverse witnesses. 5. Right to a Fair Trial. <u>Denied</u>, promises of protection under the "Bill of Rights - -** See: <u>Barron vs. City of Baltimore (1833),</u> See: <u>Chicago, Burlington & Quincy Railroad Company vs. City of Chicago (1897)</u> and a true violation of Plaintiff, John H. Samson **"Civil Rights Act of 1964"** and **Americans with Disabilities"** <u>under fair and equal treatment by the government and other institutions,</u> preventing discrimination based on characteristics like race, religion, sex or **disability[<u> to</u>** **<u>include invisible disabilities by ADA law.</u>] [<u>Specify – False statement and a</u>** **<u>statement caused injuries</u>]** Any and all written statements are actionable in a court of law. [<u>Specify –</u> False **statement and a statement caused injuries and** **"Pernicious" behaviors]**. **GUILTY OF:** Pernicious deceitful letter causing severe (lasting damage through destruction falsehoods.) manipulative dishonest, irreparable harm. Misleading, untruthful, and often fraudulent information.

**ACTS BY DEFENDANT: "<u>Subject to strict scrutiny under Art.1, §23,</u>** **Fla. Const."** It is equally well-established that those inherent powers include the authority to dismiss the claims or defenses of or enter a default judgment against a litigant / Defendant who engages in dishonest conduct, obstructs the discovery process, abuse the judicial process, or otherwise seeks to perpetrate a fraud on the court. SEE:, e.g., <u>Link v. Wabash Railroad Co., 370 U.S. 626,630 -632 (1962),</u> SEE also: <u>Aoude, 892 F.2d at 1118; McDowell vs Seaboard Farms of Athens, Inc.,</u>

56

1996 WL 684140, 2-3 (M.D. Fla 1996) when a litigant / Defendant commits a fraud upon the court. "the inherent powers of the court support the sanction of dismissal ad entry of default judgment"); Pope, 138 F.R.D. at 682 (dishonest conduct by a party or conduct that "threatens the integrity of the judicial process" is grounds for dismissal with prejudice under Rule 41(b)); Amway Corp. v. Shapiro Express Co., 102 F.R.D. 564, 569 – 70 (S.D.N.Y. 1984); Cox v. Burke, 706 So. 2d 43 (Fla. 5thDCA 1998); Kornblum v. Schneider, 609 So. 2d 138 (Fla. 4th DCA 1992)

**ACT BY DEFENDANT:** "Sentiently, fraud upon the court" – set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the **(trier of fact)** or unfairly hampering the presentation of the opposing party's claim or defense." "Cox, 706 So. 2d at 46 (quoting Aoude, 892 F.2d at 1118). "beyond a reasonable doubt." Smith v. Department of HRS, 522 So2d 956 (Fla. 1st DCA 1988)

**ACTS BY DEFENDANT:** "MORAL TURPITUDE" or Conduct reckless or malicious intent, dishonesty, baseness acts, Anna M. Hathorn, Esq. is guilty of moral turpitude. Plaintiff filed a complaint with the Florida Bar Association in Tallahassee and the Bar said it was **a "Question of Law" for a Court or judge to rule on.** The Plaintiff John H. Samson ask this court to

"**SANCTIONS**" Anna M. Hathorn, Esq., for deviant behavior constituting an immoral, unethical, or unjust departure from ordinary social standards of Violation of The Fla Bar Creed of Professionalism – Expectations, Oath of Admission, Unprofessional conduct [Fla Supreme Court No SC15-944] 9/10/15 such that it would shock a community involving moral turpitude. See as in such: United States ex rel. Manzanella vs. Zimmerman, have commonly quoted the following in order to describe conduct that involves moral turpitude: "An act of baseness, vileness, or depravity in the private and social duties which a man or women owes to his fellow man or women, or to society in general, contrary to the accepted and customary rule of right and duty between man and man." SEE: State ex rel Tullidge vs. Hollingsworth, 108 Fla. 607,611, 146 So. 660, 661 (Fla 1933) [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**].

10. **ACTS BY DEFENDANT :** "**Question of Law**: Whether a published statement is a protected expression of **pure opinion versus an actionable expression of fact** or **mused opinion** (also called "obiter dictum") and fact poses a question of law. See E. Air Lines, Inc. v, Gellert, 438 So. 2d 923, 927 (Fla. 3d DCA 1983) ("It is the court's function to determine from the context 'whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be

58

understood to imply the assertion of undisclosed facts that justify the expressed opinion about the plaintiff or his or her conduct.' " (quoting Restatement (Second) of Torts § 566 cmt. C (Am. L. Inst. 1977))); Colodny v. Iverson, Yoakaum, Papiano & Hatch, 936 F. Supp. 917, 923 (M. Fla. 1996) (citing Fla. Med. Ctr., Inc. v. N.Y. Post Co., 568 So. 2d 454, 457 (Fla. 4th DCA 1990)).n from our de novo review, we conclude that several of the citing Abbate v. Public Super Mkts., Inc., 632 So. 2d 1141 (Fla. 4th DCA 1994))). ….. Any and all written statements are actionable in a court of law.

11. **ACTS BY DEFENDANT: "INTENTIONAL MISCONDUCT"** Anna M. Hathorn, Esq., is guilty of **intentional misconduct** or **gross negligence** to assert claims for punitive damages under section 786.72 Florida Statutes. Any and all written statements are actionable in a court of law. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**]. By Providing the above "Pernicious Deceitful Letter"

**ADDITION: DESTRUCTIVE INTENT – ACT BY DEFEDANT**

**10A. COUNT II – PUNITIVE DAMAGES**

(In Connection with Defamation – Pursuant to §768.72, Fla. Stat.)

[Punitive Damages are assessed in Florida Defamation lawsuits, Punitive damages are those that the Plaintiff, John H. Samson does not have to prove with receipts, accounting expert, and the like. Instead, **they are exemplary damages that**

59

**Florida law allows to be awarded in order to punish the wrongdoer**, making an example of them, thereby sending a message to others that this type of behavior will not be tolerated in the Sunshine State of Florida. **[Specify – False statement and a statement caused injuries and "PERNICIOUS" Behavior] and FRAUD**

1. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein.

2. Defendant's conduct, as described above, was undertaken with **actual malice** and **gross reckless disregard** for the truth. Defendant knowingly published and / or communicated false, defamatory statements concerning the Plaintiff with the intent to harm Plaintiff's reputation, credibility, and standing in the community thru destruction through falsehoods and manipulative, dishonest, and harmful communication designed to cause severe, lasting, damage [Feigned words / a fictitious letter to deceive a court in a government claim.] with destructive intent.

3. Defendant's actions were **willful, wanton** [beyond negligence or carelessness, **and malicious**, showing a **conscious indifference** to the rights and safety of Plaintiff. Defendant either **knew the statements were false** or acted with **a high degree of awareness of their probable falsity**, satisfying the "**actual malice**" standard established in New York Times Co. v.

60

Sullivan, 376 U.S. 254 (1964), and adopted in Florida defamation law. Frequently justifying punitive damages.

4. Under **§768.72, Florida Statutes**, punitive damages are warranted where the defendant was personally guilty of **intentional misconduct or gross negligence**, defined as conduct so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of others.

5. The Defendant's acts constitute **intentional misconduct and / or gross**

6. **negligence** under §768.72, Fla. Stat., and are consistent with the type of conduct for which punitive damages are authorized to **punish the wrongdoer and deter similar conduct** by others.

7. Florida courts recognize that punitive damages may be awarded in defamation cases where there is **clear and convincing evidence of express malice** or **reckless disregard** of the plaintiff's rights. Miami Herald Pub. Co. v. Ane, 458 So.2d 239 (Fla. 1984); *Smith v.* Cuban Am. Nat'l Found., 731 So.2d 702 (Fla. 3d DCA 1999).

8. As a direct and proximate result of Defendant's **Malicious Conduct**, or

9. **Moral Turpitude,** Plaintiff suffered severe harm to reputation, emotional distress, humiliation, and other non-economic injuries that cannot be fully compensated by compensatory damages alone.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. Allow Plaintiff, John H. Samson to assert a claim for punitive damages

b. pursuant to §768.72, Florida Statutes; Enter judgment against Defendant, **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL**

c. for punitive damages in an amount sufficient to punish and deter such malicious conduct; and

d. Award such other and further relief as the Court deems just and proper.

10. **ACTS BY DEFENDANT: "Lack of Substantiation or Words Matter"**

Anna M. Hathorn, Esq., is guilty of violation of: Not upholding a swore or a solemn oath to uphold the Constitution of the United States of America for "ALL" law abiding  citizens. This training impresses upon legal practitioners the irrefutable truth that words mater; solemn care and reasonable care must be given to their selection and structuring. By contrast, the Florida Bar demands that an attorney acquire a staggering highly propelling knowledge base far beyond that of a layperson like the Plaintiff John H. Samson. **It's** clear "**Words Matter**" and what is written is "reasonably interpreted" in Anna M. Hathorn, Esq., letter. Florida courts accept the interpretation that would favor her "opinion" to have significant power or impact with broad

impact power that affect the mind or behavior (**conscious or unconscious**) over the situation or idea to change the caused by outside forces or factors **that are not** always **directly applied by ways of sway,** persuasion, convinced or influence the thoughts or actions of outside factors **Anna Lewis, Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department. FLORIDA COURTS** accept the **interpretation that would favor** the **Plaintiff** John H. Samson and construe the **ambiguity** strictly against Anna M. Hathorn, Esq., an officer of the court. The primary reasons that the courts construe in favor of the Plaintiff John H. Samson, is that Anna M. Hathorn, Esq., drafted the letter, and if a different meaning had been intended, Defendant Anna M. Hathorn, Esq., could have inserted different or such language in the letter. **THEREFORE,** the letter must be construed in favor of the Plaintiff, John H. Samson. This letter by Defendant, Anna M. Hathorn, Esq., caused substantial damage **"emotional well – being and intentional infliction of emotional distress"** and **"discrimination or Bias and Discrimination"** and "and by violating and **denying** Plaintiff, John H. Samson 3 (three) requirements of due process **1.** Person must be given notice **2.** The opportunity to be heard **3.** And a decision by a neutral decision – maker – by

63

**"God Given Right"** to the **"Fifth Amendment and Fourteenth Amendment to the US Constitution, Due Process** with **Anna Lewis, Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department. Denied: 1. Opportunity to present reasons why the proposed action should not be taken 2. The right to present evidence, including the right to call witnesses 3. The right to know opposing evidence 4. The right to cross – examine adverse witnesses. 5. Right to a Fair Trial. Denied, promises of protection under the "Bill of Rights** - - See: Barron vs. City of Baltimore (1833), See: Chicago, Burlington & Quincy Railroad Company vs. City of Chicago (1897) and a true violation of Plaintiff, John H. Samson **"Civil Rights Act of 1964"** and **Americans with Disabilities"** under fair and equal treatment by the government and other institutions, preventing **discrimination based** on characteristics like race, religion, sex or **disability [to include invisible or blind disabilities by ADA law].** Any and all written statements are actionable in a court of law. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors].** FRAUD and ABUSE

9.**ACTS BY DEFENDANT:** "Causation and Negligence" If this letter was a Framework **"FRAUD"** thru intentional deception, misrepresentation facts.

10."False and Fraudulent" letter by Anna M. Hathorn, Esq., to **Anna Lewis,**

65

**Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department.** The breach of substantial harm (causation) **"but for"** or **"more likely than not"** would not have happened which establishing actual causation [**if it was not for the above letter by Anna M. Hathorn, Esq.**].1. Medical records detailing the onset and nature of the injuries, have been provided from the Plaintiff, John H. Samson to **Anna Lewis, Investigator** and **Charlotte Toth (unknown person)** of the **Pinellas County Office of Human Rights Department.** With specific injuries, and a clear timeline of events demonstrating the sequence. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**]. Thru a {Pernicious Deceitful Letter.}

11.ACTS BY DEFENDANT: "Conduct" is **"NOT"** protected under the 1st Amendment of the US Constitution of the United States, **speech is protected – But NOT – opinion.** Anna M. Hathorn, Esq., being an officer of the court "**DID NOT**" carry significant responsibilities and ethical duties, integrity and functionality of the judicial system, ensuring justice is served fairly and efficiently which directly impact public trust in the legal processes and thru a proper investigation. As an American Bar Association's Defendant, Anna M. Hathorn Esq., **"AT ALL TIMES"** falls short of Due Diligence and Professional Conduct as an officer of the court that is required honesty, competence, and diligence. **This**

66

**Court should impose a sanction or penalty on Anna M. Hathorn, Esq**,. under Chapter 454 Title XXXII Regulation of Professions and Occupations. Actionable **defamation,** however, **is not** constitutionally protected speech, **SEE**: Chaplinsky vs. New Hampshire, 315 U.S. 568, 571 – 72 (1942). ("As explained by the U.S. Supreme Court, 'the potential chill on **protected First Amendment activity stemming from libel and defamation action is already taken into account in the constitutional** §768.295 (1), §768.295(3) – Accord Lab'y Corp, of Am. V. 323 (Fla. 2022) and Portfolio Recovery Assocs., 308 946 (Fla. 2020))). Sols. Corp, v. Marshall, 39 So. 3d 1215 Fla. ("U.S. Supreme Court, 'the potential chill protected First activity stemming from libel and in the constitutional. Limitations on the substantive law governing such suits." (quoting Calder v. Jones, 465 U.S. 783, 790 (1984))); Fox v. Hamptons at Condo, Ass'n, 223 457 (Fla. 5[th] DCA ("**Freedom of speech does not extend to** obscenity, defamation, fraud, Incitement, true threats, and speech integral to criminal conduct." (citing States v. Cassidy, 814 F. Supp. 83 (2011))) [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors].** This letter deny Plaintiff of "DUE PROVESS" of law. **The 1[st] (first) question to resolve, then, is whether Anna M. Hathorn Esq., published statements that could support a defamation claim** ?

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**

67

## INTRODUCTION

Plaintiff, John H. Samson Pro Se will plead a statement of the claim showing that the pleader (John H. Samson) is **entitled to relief** and will establish the elements to state a claim for the above and below 5 (five) elements.

**In Florida, under Florida Law**: a defamation claim comprises of five elements: (1) publication, (2) of a false statement, (3) with knowledge or reckless falsity (figures) or negligence (for private figures), (4) which causes actual damages, and (5) is "defamatory."

**PLAINTIFF REITERATE the above and below 5 (five) elements of**

**Defamation:** Defamation is generally defined as "**the unprivileged** publication of false statements which naturally and proximately result in an injury to another." Wolfson v. Kirk, 273 So. 2d 774, 776 (Fla. 4th DCA 1973). Defamation under Florida law has the following five elements: "(1) publication; (2) falsity; (3) [the] actor must act with **knowledge or reckless disregard** as to the falsity on a matter concerning a public official or public figure (actual malice), or at least **negligently** on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory." Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008). Stated otherwise, the plaintiff must show that the defendant published a false statement about the plaintiff to a third party and the falsity of the statement caused injury to the plaintiff. See, NITV, L.L.C. v. Baker, 61 So. 3d 1249, 1252 (Fla. 4th DCA 2011). True statements (i.e., statements that are not

68

capable of being proved false and **statements of pure opinion**) are protected from defamation by the First Amendment. Keller v. Miami Herald Publishing Co., 778 F.2d 711, 717 (11th Cir. 1985). Whether a statement is one of **fact or opinion** and whether a statement of fact is **susceptible to defamatory interpretations** are generally **questions of law for the courts**. Fortson v. Colangelo, 434 F.Supp.2d 1369, 1378 (S.D. Fla. 2006). Accordingly, a false statement of fact is critical if there is to be recovery in a defamation action. Zorc v. Jordan, 765 So. 2d 768, 771 (Fla. 4th DCA 2000). Opinions cannot be defamatory, Hoon v. Pate Construction Co., 607 So.2d 423, 429 (Fla. 4th DCA 1992), and **whether a statement is an opinion hinges upon whether it is capable of being proven true or false**. Turner v. Wells, 879 F.3d 1254, 1264 (11th Cir. 2018). "The distinction between fact and non-actionable, **opinion is a question of law to be determined by the court and not an issue for the jury**." Florida Medical Center, Inc. v. New York Post Co., Inc., 568 So. 2d Page 3 of 34. The pernicious deceitful letter was written without any type of forensic investigation or scientific method of investigation or Testimonial or Documentary or evidence (witness statements, written records.)

## CAUSE OF ACTION

**Count I  Defamation PER SE – "Publication" (libel as to all defendant)**
**ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL**
**SERVICES LLC, ANNE M. HATHORN PERSONAL**

69

**One:** Plaintiff repeats and realleges the allegation **all** of the above and below contained within all paragraphs, supra, as if set forth herein.

**Two:** The unprivileged statements made by Defendants to others about Plaintiff are false and defamatory and in part "perjury".

**Three:** At the time such statements were made by Defendants, Defendants knew or should have known or had knowledge that they were false and defamatory.

**Four:** Defendants published such statements negligently, with knowledge of the falsity of the statements, and / or with reckless disregard of their truth or falsity.

**Five:** Numerous people actually read and / or heard the false and defamatory statements. Lack of scientific method of investigation or Testimonial or Documentary or evidence (witness statements, written records.)

  A. A lack of investigation combined with a lack of testimonial evidence often results in **"insufficient evidence"** to prove a case beyond reasonable doubt in criminal proceeding, or a failure to meet the burden of proof in civil case. When crucial elements – such as physical evidence, forensic analysis, or witness testimony – are missing due to a perfunctory investigation, the case is considered weak and is susceptible to being **"dismissed."**

**Six:** The statements were not privileged.

**Seven:** The statements were published by Defendants with actual malice, oppression, and fraud in that they were aware at the time of the falsity of the publication and thus, made said publication in bad faith, out of hatred and ill – will directed towards Plaintiff, John H . Samson without any regard for the truth.

70

**Eight:** Defendants possessed information and had access to information that showed their statements were false because of a lack of investigation [**Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts] of the truth.

**Nine:** Defendants also made statements for which they had no factual basis.

**Ten:** Moreover, the statements tend to so harm the reputation of Plaintiff as to lower his professional reputation in the community of 300 (+) people or unit owners or deter third persons from associating or dealing with him and, as such, constitute **per se.**

**Eleven:** As a proximate result of the maliciously false and defamatory publication of statements to third parties by Defendants, Plaintiff, John H. Samson has been damaged.

**Twelve:** Because Defendants' defamatory statements constitute intentional acts which were made with actual malice towards Plaintiff, Plaintiff seeks an award for punitive damages, or monetary awards granted by this court, due to negligent behavior thru malicious, oppressive or reckless disregard for safety.

**Thirteen:** Culpable states of mine, Defendant Acting purposely (conscious of the extent of the problem), knowingly (conduct will cause a particular result), recklessly (disregarded a substantial and unjustified risk), negligently (not aware of the risk, but should have been aware of the risk as Attorney), breach of duty of care

71

who wrote a false and fraudulent letter which was a cause of harm to the plaintiff, Negligent. SEE: (See: <u>Miami Herald Publ'g Co. v. Ane, 423 So. 2d 376 (Fla. 3d DCA 1982);</u> Larsen v. Orlando Sentinel, 728 So. 2d 368 (Fla. 5th DCA 1999). Or **Miami Herald Publ'g Co. v. Ane**, 423 So. 2d 376 (Fla. 3d DCA 1982) or **Boyles v. Mid-Florida Television Corp.**, 431 So. 2d 627 (Fla. 5th DCA 1983) Defamation per se, damages are presumed (e.g., false accusation of a crime or unfitness for one's profession). Element have shown Plaintiff, John H. Samson provided: False Statement, Publication, Fault (negligence or actual malice) Harm, Damages (suffered actual or presumed loss). The Defendant must be conscious of the "facts that make his or her conduct fit the definition of the offense." SEE: Staples vs United States, 511 US 600 (1994). Or Morissette v. United States, 342 U.S. 246, 252 (1952).

     **WHEREFORE,** Plaintiff, John H. Samson **demands judgment** against Defendants **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORNLEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL** for damages, punitive damages, court costs, and such other relief as the Court deems just and proper.

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**

**ORIGINAL LETTER TO: Alana Lewis, Investigator
Via Electronic Mail. TO: alewis@pinellas.org
Pinellas County Office of Human Rights
400 South Ft. Harrison Avenue, 6th Floor Clearwater, Florida 33756**

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement
August 29th, 2024
RE: SAMSON, John vs. Golf Lake Condominium I at East Bay Association, Inc. PC-24-0028; HUD 04-24-7023-8**

**ACTS BY DEFENDANT: YOUR AGENCY and Alana Lewis IS "GUILITY" OF** PLAYBOOK **"Wrap – up smear"** [Specify - False **statement and a statement caused injuries and "Pernicious" behaviors]**.  Conspiracy and Fraud

Dear Ms. Lewis:

As you know, this Firm represents the Golf Lake Condominium I at East Bay Association, Inc. (the: Association"), the not-for-profit Florida corporation which is the subject of the above-referenced complaint.

Please accept this letter in response to your office's August 2, 2024 letter, noticing the Association of the amended housing discrimination complaint filed by unit owner John Samson. (**SEE**: Above - copy full body letter in this filling)

The above letter and statements were published and the publication is an

element of defamation by **ANNE M. HATHORN, ESQ ATTORNEY, ANNE M.**

**HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL.**

The Plaintiff, John H. Samson is pleading that "the defendant published a false

Statement about plaintiff and did so to a third party and (more) include the Board

of Directors of **Golf Lake Condominium I at East Bay Association, Inc.,** whom

are as follows: **Vice – Present: David Storm, Treasure: Shaughn Gulliver,**

73

Secretary: Martin Ridley, Director: Jacki LaBianca / Bob Lima, Director:

Timm VanNess, Director: Tom Evoy, Director: Peggy Tucker

Director: Megan Gajewski,  Director: Don Smartt, General Manager Stephen

### i. Walters LCAM of Golf Lake Condominiums
### And
"CA", Management Company Condominium Associates, 3001 Executive
Drive, Suite 260 Clearwater, Florida 33782

### Or
**TO:** Board of Directors Building #1: President Bob Lima, Treasurer Bob Lima,
Secretary Jorge Pastor, Director John Samson , Director Marcia Byrer, Director
Steven Bevelhymer of: Golf Lake Condominium I at East Bay Association, Inc.

In Florida, under Florida Law: a defamation claim comprises five elements: (1)

publication, (2) of a false statement, (3) with knowledge or reckless falsity, **Cited
in: <u>Noveshen v. Bridgewater Assocs.</u>, LP UNITED STATES DISTRICT**

**COURT SOUTHERN DISTRICT OF FLORIDA (19 SEPT 2014)**

**<u>NITV, L.L.C. vs. Baker, 61 So. 3d 1249, 1252 (Fla. 4th DCA 2011) (quoting</u>**

**<u>Razner v. Wellington Reg'l Med. Ctr., Inc., 837 So.2d 437, 442 (Fla. 4th DCA</u>**

**<u>2002</u>)). Unless defamation per se is alleged, malice must also be proven. In re**

**<u>Nofziger, 361 B.R. 236, 245 (Bankr. M.D. Fla. 2006</u>) (citing <u>Wolfson v. Kirk,</u>**

**<u>273 So.2d 774, 776 (4th DCA 1973</u>)). Because Plaintiff has not sufficiently pled**

**any false statements, this Court need not discuss the law of defamation in**

**more detail.** (figures) or negligence (for private figures), (4) which causes actual

damages, and (5) is "defamatory."

74

**See:**
Kieffer v. Atheists of Fla., Inc., 269 (Fla. (quoting Jews for Jesus, Inc. v. Rapp, 997 So, 2d 1098, 1106 (Fla. 2008)) 'defamatory' tends to harm the reputation of another as to lower him or her in dealing with the defamed party." See Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841, 845 (Fla. 4th DCA 2002) – SEE: Turner v. Wells, 879 F.3d 1254,1262 (11th Cir. 2008))*2

**\*2** "Because the alleged defamation was published in Florida, Florida state law is controlling." Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx 863, 865 (11th Cir. 2015). When "analyzing defamation claims, we apply Florida's substantive law." Turner v. Wells, 879 F.3d 1254,1262 (11th Cir. 2008)) (citation omitted). "where the highest court – in this case, the Florida Supreme Court – has spoken on the topic, we follow its rule. Id. (citing Molinos Valle Del Cibao. C. por A. v. Lama, 633 F.3d 1330, 1348 (11th Cir. 2011)). Decisions of the Florida Appellate courts "provide guidance for this prediction." Id.  (citing Bravo v. U.S., 577 F.3d 1324, 1325 (11th Cir. 2008)) (per curiam) (citation omitted). As general matter, we must follow the decisions of these intermediate courts." Id.  At 1325 -1326. "But we may disregard these decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id.

"Libel is defamation expressed in print." Armiger v. South Tail Fire Protec. & Serv. Dist., No. 2:13-cv-825-FTM-38CM, 2014 WL 4402073, at *(M.D. Fla. Sept. 4, 2014) (citing Cooper vs Miami Harald Pub. Co., 159 Fla.296,31 So,2d 383, 384 (Fla. 1974)). Because libel is a subcategory of defamation, the elements to state a cause of action for libel are the same. Turner, South Trail Fire Protec., Jews for Jesus, supra. Libel is "generally defined as 'the unprivileged publication of false statements which naturally and **proximately result in injury** to another.'" Alan v. Wells Fargo Bank, N.A., 604 Fed. Appx. 863,865 (11th Cir. 2004) (quoting Wolfson v. Kirk, 273 So.2d 774, 776 (Fla. 4th DCA 1973)).

**Count II – "of a false statement"**
[**act** with knowledge or reckless disregard or negligently
Concerning that an (Attorney) is a private person]

The above letter dated: **August 29th, 2024** is "Publication" that is an element

of defamation. Plaintiff, John H. Samson is pleading that "the defendant published

a false statement about the Plaintiff, John H. Samson to a third party and more."

75

Sirpal vs. Univ. of Miami, 684 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010) Alan, 604 Fed. Appx. At 865 (same) Put simply,"[p]ublication of defamatory matter is communication of the statement to a third person." Corsi vs. Newsmax Media, Inc., 519 F. Supp. 3d 1110, 1119 – 1120 (S.D. Fla 2021) (quoting Granda – Centeno vs. Lara, 489 So. 2d 142, 143 (Fla.3d DCA 1986); Zimmerman vs. Buttigieg, 521 F. Supp. 3d 1197, 1212 (M.D. Fla. 2021) ("Publication requires that the statement be communicated to a third person."). [Specify - False **statement and a statement caused injuries and "Pernicious" behaviors**].

"As the Florida Supreme Court explained, 'because the publication of a statement is a necessary element in a defamation action, only one who published can be subject to this form of **tort liability.**" Markle vs. Markle, No 8:22-CV-511-CEH-TGW, 2024 WL. 1075339, at *18 (M.D. Fla. Mar. 12, 2024) (quoting Doe v. Am. Online, Inc. 783 So. 2d 1010, 1017 (Fla. 2001)); Buttigieg, 521 F. Supp. 3d at 1212, **Private individuals have a lower burden of proof**. A private person only needs to show that the defendant acted with negligence, meaning they failed to exercise reasonable care in confirming the truth of the statement before communicating it. New York Times Co. v. Sullivan, 376 U.S. 254 (1964) New York Times Co. v. Sullivan, 376 U.S. 254 (1964) Page 376 U. S. 298 'actual malice' -- that is, with **knowledge** that it was **false** or with **reckless disregard** of whether it was false or not." - New York Times Co. v. Sullivan, 376

76

U.S. 254 (1964) Argued: January 6, 1964 Argued: January 7, 1964 Decided: March 9, 1964. Annotation and Primary **Holding**: To sustain a claim of defamation or libel, the **First Amendment requires** that the plaintiff show that the defendant knew that a statement was **false** or was **reckless in deciding** to publish the information **without investigating** whether it was accurate. [Specify - False statement and a statement caused injuries and "Pernicious" behaviors].

**ORIGINAL LETTER TO: Alana Lewis, Investigator**
**Via Electronic Mail. TO: alewis@pinellas.org**
**Pinellas County Office of Human Rights**
**400 South Ft. Harrison Avenue, 6th Floor**
**Clearwater, Florida 33756**

**Can the defendant show substantial truth?** (Negligence)*failure to investigation *no evidence *no charges * no documents *careless reporting* ignoring obvious verification, ignored documents, refused correction, failure to contact subject, purposeful avoidance of truth, internal doubts, continued publication after notice, SHOWS: SEE: **(Negligence)** <u>Gertz v. Robert Welch, Inc. and</u> **(Actual Malice)** <u>New York Times Co. v. Sullivan</u>

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement "Allegations is NOT Evidence" just a claim or statement**

**August 29th, 2024**

**RE: SAMSON, John vs. Golf Lake Condominium I at East Bay**
**Association, Inc. PC-24-0028; HUD 04-24-7023-8**
**Dear Ms. Lewis:                      77**

As you know, this Firm represents the Golf Lake Condominium I at East Bay Association, Inc. (the: Association"), the not-for-profit Florida corporation which is the subject of the above-referenced complaint. Please accept this letter in response to your office's August 2, 2024 letter, noticing the Association of the amended housing discrimination complaint filed by unit owner John Samson. (SEE: Above - copy full body letter in this filling) [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**].

## PLAINTIFF ARGUE:

"YOUR Honor, the Statement or letter is not offered for the truth of the matter asserted, but to show publication and the Defamatory or Defamation nature."

"Your Honor, Plaintiff moves to admit **Exhibit 3** into evidence."
We know that a third party received it via e-mail to Alana Lewis.

## Count III
**"with knowledge or reckless falsity (figures or negligence) [holding that an {Attorney} is a private figure] - (for private figures)"**

**ACTS BY DEFENDANT:** ANNE M. HATHORN, ESQ ATTORNEY

ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN

PERSONAL [AMH] STATES, Mr. Samson's characterization of use of the

handicapped parking space on the condominium property, and communication

regarding such use, is categorically incorrect. False, the sentence **is a subjective**

**assertion** or Intentional **false assertion, "white liar"** [Hearsay. "Hearsay"] **false**

**assertion** — meaning it's neither objectively "true" nor "false" without additional

facts. Anne M. Hathorn <u>rushed to publication</u> and **intentionally failed to**

78

**investigate**. Defendant acted with **reckless disregard** of the <u>falsity of a statement,</u> because Defendant was motived by it **ill will** towards Plaintiff a form of {**actual malice exists**} and {Plaintiffs showed reasonable <u>basis for punitive damages</u>}. Allowing this "**letter**" to be published **without additional investigation** if further evidence of actual malice. See: **Curtis Pub. Co. vs. Butts, 388 U.S.130, 157 (1967) ("[T]** he editors of the magazine recognized the need for a thorough **investigation** of the serious charges. Elementary precautions were, nevertheless, ignored."). The use of these <u>sensationalistic effects to hide its factual flaws</u> **constitutes evidence of actual malice**. See **Anderson vs. The Augusta chron., 619 S.E.2d 428, 433 (S.C. 2005) (Burnett, J., concurring)** ("A publication that systematically panders to sensationalism and degradation at the expense of the truth presents a cost to high for a free society to tolerate."); compare **S. Air Transp., Inc. vs. Post-Newsweek Stations, Fla., Inc., 568 So. 2d 927, 928 (Fla. 3d DCA 1990)** (reasonable showing of actual malice for report "in which a silhouetted unidentified informer was shown accusing the plaintiff"). Without **Key Principles** [*Purposeful information gathering, - *Ethical and Structured Approach, - *Evidence – Based Practice] to include the **lack** of **Essential interview skills** and the <u>lack of **any investigation**</u> being done [**Records showing lack of investigation,** such as absence of interview notes or fact-checking efforts] [or <u>lack of any **investigated interviews**</u> to gather factual information for an

79

**investigation** and the **lack** of or to actively listening to uncover **accurate** and complete accounts from witnesses, with an open – mindedness and with "**NO**" strategic communication to ensure the **information obtained is reliable** and aids in resolving the matter at hand. **The court should view this conflict in a light most favorable to the plaintiff.** It would be considered **false** or in part "perjury" if:

1. Mr. Samson's statements are factually correct.
2. The speaker misused the parking space or violated condominium rules.
3. To determine true or false, you'd need the actual facts of the situation, including:
    A. Who is legally entitled to use the handicapped space ?
    B. What Mr. Samson specifically said.
    C. Applicable condo rules or ADA guidelines.

More context needs to be provide whether the statement holds up based on facts or condo law and ADA Laws. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**]. [Actual Malice], New York Times v. Sullivan, 376 U.S. 254, 279-80 (1964) State of mind, evidence that id. Relevant, **writer** relied on is biased sources, **writer** was negligent and failed to investigate, **writer** has ill-will toward the plaintiff, **writer** relied on a single source, the article was slanted or unfair toward the plaintiff, **writer** failed to interview sources favorable to the plaintiff, among other arguments.

**Legal Standard:**

Under New York Times Co. v. Sullivan, 376 U.S. 254 (1964), a plaintiff must prove actual malice — that is, the defendant made the defamatory statement:

80

1. With knowledge that it was false, or

2. With reckless disregard for whether it was true or false.

Courts allow plaintiffs "Knowledge or Reckless Falsity" to prove it

**circumstantially** — through evidence that shows the defendant's **state of mind** at

the time of publication. Evidence include:

**Reckless Disregard for the Truth** or In such a situation, "[t]he falsity . . . lies not

in what was said **but** in what was left unsaid or omitted suppressed, or not spoken.

. . .

### NOT A "FULL AND FAIR" REPORT - LIBEL BY OMISSION / Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement

"[T]he law of libel has long recognized that omissions alone can render a statement

false."3 "[M]aterial omission of facts that would render the challenged statement(s)

non-defamatory" can yield **"implied defamation"**: "a defendant does not avoid

liability by simply establishing the truth of the individual statement(s); rather, the

defendant must also defend . . . the omission of certain facts."4 The classic

example of such libel by omission is; SEE:  Memphis Publishing Co. v. Nichols

**Evidence that can prove "gross recklessness disregard" and "Actual Malice"**

**by: SEE: Below – ACTS BY DEFENDANT**

**ACTS BY DEFENDANT: "Gross reckless Disregard and Actual Malice"**

objective, documented evidence has been display in the complaint which shows

that the defendant knew the statements were false and acted with serious doubt

81

about **the truth without an investigation**. [**Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts]. See: New York Times Co. v. Sullivan, 376 U.S. 254 (1964), and Florida law (see Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974); Della-Donna v. Gore Newspapers Co., 489 So. 2d 72 (Fla. 4th DCA 1986)): [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**]. **Evidence of Gross Reckless Disregard**

Defendant acted with conscious indifference to the truth.

1. **Failure to Exploration or Investigate** Before Publication, "**but for**" or

2. **"more likely than not"** The actual truth would have been "Discovered" or "Revealed" (proof, facts and evidence) thru witness statements "oral or written" to Case Details of the FACTUAL ACCOUNT.

3. Defendant made statements without verifying facts, despite easy access to truth. Failing to verify facts for data, sources, or were not double-checked for accuracy such as confirmation bias, discrimination, profiling (create detailed descriptions of Plaintiff with the lack of data to make predictions.)

4. Example: No contact made with plaintiff, John H. Samson or Wendy (named in the letter March 4th 2024) for comment; ignored documents or witnesses.

5. **Ignoring** Contradictory Evidence Defendant had information disproving their claims but ignored or suppressed it. Total lack of "Due Diligence" and

82

failure to perform a necessary investigation and analysis before making a decision.

6. **Reliance** on Unverified or Biased Sources, misinformed or disinformation Statements based on gossip, opinion, or one-sided information, outrageous or scandalous information.

7. **Deviation** from Professional Standards, Florida Bar "unprofessional conduct" violations of the <u>Oath of Admission, The Creed of Professionalism, The Rules 4 – 8.4(d) Regulating Florida Bar (Lawyers honesty, diligence, competence, and civility in ALL interactions)</u> or <u>Florida Supreme Court decisions. 4-8.4(d) of The Rules Regulating The Florida Bar has been the basis for imposing discipline in such instances. See generally, The Florida Bar v. Ratiner, 46 So. 3d 35 (Fla. 2010); The Florida Bar v. Abramson, 3 So. 3d 964 (Fla. 2009); and The Florida Bar v. Martocci, 791 So. 2d 1074 (Fla. 2001).</u> . [Specify - False **statement and a statement caused injuries and "Pernicious" behaviors**].

8. **A lawyer**, journalist, or professional ignored known ethical or factual duties to verify accuracy. A lawyer who ignores known ethical duties and fails to verify facts, particularly then the "know or reasonably should know" that information is false, violates the **ABA Model Rule of Professional Conduct (specifically Rule 1.1and 1.3[Competence and Diligence], 1.2,**

83

3.3[Court Sanctions], 4.1 [Truthfulness to Third Parties], and 8.4) and faces severe consequences. Such behavior is often characterized as **willful blindness or Reasonable Reliance,** where an attorney consciously avoids confirming facts to facilitate a client's fraudulent or criminal activity. **Professional Discipline or Sanction should be applied or Suspension, or permanent Disbarment.** Plaintiff John H. Samson, Pro Se - askes this Honorable Judge to impose a fine and sanction for violating the duty of **candor to the tribunal (Rule 3.3)** on the Defendant or Attorney. Lack or failure of **Duty of Investigation (Rule 1.2(d))** under **ABA** Formal Opinion 513. **Truthfulness to Third Parties (Rules 4.1)** Lawyers cannot knowingly make false or in-part perjury statements to third parties or omit disputed material facts when disclosure is necessary.

**Evidence of Actual Malice**

Defendant, **knowledge of falsity** or **serious doubt** about truth at the time of publication.

1. Emails, Memos, or Notes Defendant admits uncertainty ("I don't know if this is true, but…Defendant fails to provide in a (records request)".

   A. Internal communications acknowledging the claim might be false.

84

### Prior Relationship and Motive

A. History of conflict, retaliation, or bias toward the plaintiff.
B. Evidence showing intent to embarrass, punish, or silence the plaintiff.

## Contradictory Statements

1. Defendant's own statements (oral or written) that conflict with what was published.

## False Attribution

1. Defendant cites a source that doesn't exist or misquotes a real one.
2. Defendant statement constituted opinion and not facts.
3. The Florida Supreme Court has view the statements in the letter as, "Indisputable capable of being proven true or false", Fact vs. Opinion

## Pattern of Conduct

1. Repeated publication of similar falsehoods about the plaintiff or same person or subject.

## Concealment or Spoliation

1. Withholding documents, deleting emails, or failing to preserve evidence showing bad faith.

## Evidence Collected

## Case include:

1. The **August 29, 2024 letter** by Anne M. Hathorn (showing publication of false and defamatory statements).
2. **Any emails: between Hathorn and Alana Lewis** or the Board proving knowledge of falsity or bias.
3. **Timeline comparison** showing the defendant knew your version before writing the letter.
4. **Witness statements or affidavits** from Board members or others confirming the statements' falsity or Hathorn's intent.

85

5. **Records showing lack of investigation**, such as absence of interview notes or fact-checking efforts.
6. **Financial motive** — invoice or payment records showing profit motive tied to the defamatory letter.
7. **Subsequent communications** that "merchandised" or amplified the falsehoods (the "wrap-up smear").

**ACTS BY DEFENDANT**: "Actual Malice, Gross Recklessness and Libel Law"

ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL

SERVICES LLC, ANNE M. HATHORN PERSONAL, is Guilty of: See: New

York Times Co vs Sullivan, 376 U.S. 254 (1964) the court found it difficult to

imagine that someone would knowingly disseminate false information without a

bad "Intent." Under the First and Fourteenth Amendment, It previously had been

used only to determine whether enhanced penalties, such as punitive damages,

should be awarded, SEE: Pp. 376 U.S. 265 – 292. SEE: CASE COMMENTARY,

OPINIONS and Materials – Oral Arguments. SEE: Gertz vs. Robert Welch, Inc.,

(1974) or Bose Corp. vs. Consumer Union of United States, Inc. (1984) [Specify –

False **statement and a statement caused injuries and "Pernicious" behaviors**].

**ACTS BY DEFENDANT: ANNE M. HATHORN, ESQ ATTORNEY, ANNE**

**M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN**

**PERSONAL,** is severity guilty of an intentional violating a fiduciary (Duty to

Disclosure, Duty of Good Faith, Duty of Obedience to include putting those

interests above their [HER] own) dereliction of duty with "**Negligence** (a failure to

86

exercise <u>reasonable care</u>) Defendant, Anne M. Hathorn, ESQ Attorney is Guilty of "NEGLIGENCE" because she didn't do her homework or **Recklessness** (failure to follow established rules)" and failing to serve as an officer of this court to the private citizen plaintiff, John H. Samson Pro Se. [<u>Specify</u> - False **statement and a statement caused injuries and "Pernicious" behaviors**].

### <u>Dereliction of Duty as an Officer of the Court</u>

**\*Failure to investigate despite obvious reasons to doubt the story.**
**\*Reliance on unreliable or "biased sources" and "Hearsay"**
**\*Fabrication or deliberate <u>alteration of quotes</u> or <u>facts</u>.**

**\*<u>Purposeful avoidance of verifying information</u>. Failed to "Summary of the Allegation" and Failed to "Provide Witness Statements" and lacks any "Chain of Custody" and lacks "Interviewing the Victim Plaintiff, Jon H. Samson and witnesses" Investigation:** are conducted when allegations arise that the Principles of Professional Practices, the code of Ethics or Principles of Professional Conduct, violated a state or federal statue. [<u>Specify</u> - False **statement and a statement caused injuries and "Pernicious" behaviors**]. **\*Motive to harm or evidence of personal hostility.\*<u>Failure to conduct</u> a thorough <u>investigation</u> before publishing serious and "Inflammatory Letter" to "<u>Causation</u> by Anne M.** Hathorn Esq., if the "Factual and Legal cause of the action by the Letter she signed and sent to **<u>PINELLAS  COUNTY OFFICE OF HUMAN RIGHTS, ALANA LEWIS INVESTIGATOR,  DATED AUGUST 29TH, 2024</u>** ...... Factual cause

87

means that the Defendant, Anne M. Hathorn Esq., <u>starts the chain of events leading to the harm</u> of Plaintiff, John H. Samson." with "<u>INTENT</u>" to create <u>animosity, deceptive statements, personal attacks and misrepresentations of facts</u>. **[Specify – False statement and a statement caused injuries] and damaging allegations that are not "hot news"**

\* Failure to give the plaintiff a fair opportunity to reply to defamatory allegations; "Never Once Ever talked or contact the Plaintiff, John H. Samson" by e-mail, phone or in person or by form 3800 USPS Certified Mail with signature return receipt.

**\*Omitting pertinent information to create a false impression;**

**\*Destruction, loss, or unavailability of a written reporter's notes or research;**

**\*AS a reporter's knowledge of facts conflicting with any report;**

**\*Emphasizing unimportant events to support a defamatory statement;**

**\*Continued reliance on a source that had proven unreliable in other respects and "Hearsay"**

**\* A preconceived determination to disparage a plaintiff or a preconceived slant or view; failure to contact any key witnesses;**

**\* Discrepancies, inconsistencies, and equivocation in the testimony if any exist of media witnesses or Key witnesses;**

88

\* **A reporter's departure from professional standards; a reporter's lack of credibility;**

**Example:** A defendant publishes a damaging statement from an anonymous source without checking facts, even after being warned it's probably false.

**Supporting Cases**

New York Times v. Sullivan, 376 U.S. 254 (1964) – Established "actual malice" standard. St. Amant  v. Thompson, 390 U.S. 727 (1968) – Reckless disregard means "serious doubts as to the truth."

Harte-Hanks Communications, Inc. v. Connaughton, 491 U.S. 657 (1989) – **Failure to investigate amid obvious reasons to doubt supports finding of reckless disregard,  Key Takeaway**

Plaintiff has proven knowledge or reckless falsity, Plaintiff, John H. Samson establish that the defendant:

1. **Knew** the statement was false **or [Perjury under 18 U.S.C §1621 and1623]**
2. **Consciously disregarded** the likelihood that it was false, and that this can be shown **through evidence of their state of mind, conduct**, and **motive**. [In short, Perjury – §1621 knowingly or §1623 makes a false statement as to a material matter.]

**Count IV – "which causes actual damages"**

**ACTS BY DEFENDANT: "Investigate" ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL,  [Did Not Investigate] [Specify - False statement**

89

**and a statement caused injuries]** See: Publishers: Thus, liability without fault, which may be present in an action for breach of implied warranty, <u>has long been held inappropriate in an action against one passing on printed words without an opportunity to **investigate** them</u>. The principle against imposing liability without fault on a publisher in a defamation action has recently been given constitutional status. See <u>Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); Time Inc. v. Firestone, 424 U.S. 448, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976).</u> The common theme running through these decisions is that ideas hold a privileged position in our society. They are not equivalent to commercial products. Those who are in the business of distributing the ideas of other people perform a unique and essential function. <u>To hold those who perform this essential function liable, regardless of fault,</u> when an injury results would severely restrict the flow of the ideas they distribute. I, think that holding the attorney liable under the doctrine of implied warranty would, based upon the facts as certified to facts, have the effect of imposing a liability without fault not intended by the <u>Uniform Commercial Code. Cardozo v. True, 342 So.2d 1053, 1056 (Fla. 2d DCA 1977), cert. denied, 353 So.2d 674 (Fla. 1977).</u> Violation of: Fla Bar of "unprofessional conduct" and the Fla Bar Creed of Professionalism, Expectations.

**ACTS BY DEFENDANT: "MIX OPINION" ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M.**

90

**HATHORN PERSONAL,** is "Guilty of Mix Opinion" **[Specify – False statement and a statement caused injuries]** See: Pure Opinion: Pure opinion is protected under the First Amendment, **but mixed opinion is not**. Hay v. Independent Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984). Pure opinion is based upon facts that the communicator sets forth in a publication, or that are otherwise known or available to the reader or the listener as a member of the public. Mixed opinion is based upon facts regarding a person or his or her conduct that are neither stated in the publication nor assumed to exist by a party exposed to communication. From v. Tallahassee Democrat, Inc., 400 So.2d 52, 57 (Fla. 1st DCA 1981), petition for rev. denied, 412 So.2d 465 (Fla. 1982); Hay v. Independent Newspapers, Inc., 450 So.2d 293, 295 (Fla. 2d DCA 1984). Whether a statement is one of pure or mixed opinion is an issue of law. In determining whether the statement is one of pure or mixed opinion, the court must examine the statement in its totality and the context in which it was uttered or published. **The court must consider all of the words used, not merely a particular phrase or sentence.** In addition, the court must give weight to cautionary terms used by the person publishing the statement and consider all of the circumstances surrounding the statement, including the medium by which the statement is disseminated and the audience to which it is published. Fidelity Warr. Servs. V. Firstate Ins. Holdings, Inc., 74 So.3d 506 (Fla. 4th DCA 2011); Hoch v. Rissman, Weisberg,

91

Barrett, 742 So.2d 451, 460 (Fla. 5th DCA 1999), rev. denied, 760 So.2d 948 (Fla. 2000). See also LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 885 (Fla. 4th DCA 2003), §9:10 Florida Causes of Action 9-8 rev. denied, 859 So.2d 514 (Fla. 2003); Lipsig v. Ramlawi, 760 So.2d 170, 184 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 579 (Fla. 2001); Morse v. Ripken, 707 So.2d 921, 922 (Fla. 4th DCA 1998).

**ACTS BY DEFENDANT: "THUTH" ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC, ANNE M. HATHORN PERSONAL,** is "Guilty of (NOT TELLING THE TRUTH and Perjury) intentional fraud or fraudulent statements or misstatements, inaccurate, incorrect of the Facts, Proof and Evidence" **[Specify - False statement and a statement caused injuries]** See: Truth: If upon a lawful occasion for making a publication he or she has published the truth, and no more, there is no sound principle which can make him or her liable, even if he was actuated by express malice. Grad v. Copeland, 280 So.2d 461, 468 (Fla. 4th DCA 1973), cert. denied, 287 So.2d 682 (Fla. 1973). See Fla. Const. art. I, §4 ("In all criminal prosecutions and civil actions for defamation the truth may be given in evidence. If the matter charged as defamatory is true and was published with good motive, the party shall be acquitted or exonerated."). See also Lipsig v. Ramlawi, 760 So.2d 170, 183 (Fla. 3d DCA 2000), rev. denied, 786 So.2d 579 (Fla. 2001) (under Florida law,

92

truth is only a defense to defamation when the truth has been coupled with good motive.). See also LRX, Inc. v. Horizon Associates Joint Venture ex rel. Horizon-ANF, Inc., 842 So.2d 881, 886 (Fla. 4th DCA 2003), rev. denied, 859 So.2d 514 (Fla. 2003).

> **Verbatim Statement Not Required**: A defamatory statement does not need to be accounted for "verbatim" to state a cause of action for slander. Lipsig v. Ramlawi, 760 So.2d 170, 184 (Fla. 3d DCA 2000). When bringing a cause of action for defamation based on oral statements, a plaintiff need not set out the defamatory language verbatim. It is sufficient that the plaintiff set out the substance of the spoken words with sufficient particularity to enable the court to determine whether the publication was defamatory. Razner v. Wellington Regional Medical Center, Inc., 837 So.2d 437, 442 (Fla. 4th DCA 2002). [Specify - False **statement and a statement caused injuries and "Pernicious" behaviors**].

### Count – V "is defamatory"

**FICTION IS IMAGINED** [to form a mental picture or idea of something not present, to believe or suppose something is true, or to conjecture] In this letter the Defendant **never describes actual events**, **people**, or **places** therefore the letter is "**NOT TRUE**" – **FALSE** or **Fiction**, ask yourself, "**Did this letter really happen in real life?" The letter is "categorically false and defamatory**."

**SEE: DISSTRICT COURT OF APPEAL OF FLORIDA SECOND DISTRICT MAY 1, 2019** Kieffer v. Atheists of Fla., Inc., 269 So. 3d 656 Fla. (Fla. (quoting Jews for Jesus, Inc. v. Rapp, 997 So, 2d 1098, 1106 (Fla. 2008)) See Mile Marker, Inc. v. Petersen Publ'g, L.L.C., 811 So. 2d 841, 845 (Fla. 4th DCA

93

<u>2002)</u> "The Fourth District explained that a "communication is **'defamatory'** if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party."

**SEE:**

<u>740 F.Supp.2d 1299 (2010)</u>
Lara Jade COTON, Plaintiff,
v.
TELEVISED VISUAL X-OGRAPHY, INC., and Robert Augustus Burge,
Defendants.
Case No. 8:07-CV-1332-T-TGW.
United States District Court, M.D. Florida, Tampa Division.
September 16, 2010.

**SEE:**

<u>760 So.2d 170 (2000)</u>
Daniel LIPSIG, Nasim Rahman and Miami Columbus, Inc., Appellants/Cross-
Appellees,
v.
Zahid A. RAMLAWI, Appellee/Cross-Appellant.
No. 97-1890, 97-1819.
District Court of Appeal of Florida, Third District.
March 29, 2000.

**SEE:**

<u>973 So.2d 492 (2007)</u>
Lawrence M. DESTEFANO, Appellant/Cross-Appellant/Cross-Appellee,
v.
ADVENTIST HEALTH SYSTEM SUNBELT, etc., et al., Appellee/Cross-
Appellants.
No. 5D06-75.
District Court of Appeal of Florida, Fifth District.
November 30, 2007

94

------------------------

**ALSO SEE:** In <u>Walters v. OpenAI, Walters v. OpenAI, No. 23-A-04860-2 (Ga. Super. Ct., May 19, 2025.)</u> The Defendant who is the publisher or journalist deviated from the standard of care of an ordinary person. **<u>Case law</u>** <u>is on the plaintiff's side. Courts have found that journalists act with actual malice when they fail to fact check, rely on an unreliable source, repeat false information, or</u> **<u>fail to investigate information adequately</u>**. Thus, the law suggests, a general; sense of **<u>unprofessionalism</u>** **supports defamation claim**. IN: <u>Soloman Found. v. Christian Fin. Res., Inc., 2023 U.S. Dist. LEXIS 71833 (D.C. Md. 2023)</u> (upholding plaintiff's **<u>defamation claim where defendant failed to reasonably investigate the truth of challenged statement</u>**). [<u>Specify</u> - False **statement and a statement caused injuries and "Pernicious" behaviors**]. <u>Lipsig v. Ramlawi, 760 So.2d 170 (Fla. 3d DCA 2000)</u>

## PLAINTIFF ARGUE:

"YOUR Honor, the Statement or letter is not offered for the truth of the matter asserted, but to show publication and the Defamatory or Defamation nature."

"Your Honor, Plaintiff moves to admit **Exhibit 4** into evidence."

We know that a third party received it via e-mail.

## SUPPORTS

**ACTS BY DEFENDANT: "Baseless" – 1.** Defendants statements were verifiably

95

false **2.** Defendant making false, and disparaging harmful statements **3.** Defendants knew the statement were false and intend to deceive the Plaintiff / recipient **4.** "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). **5.** "Factual allegations must be enough to raise a right to relief above the speculative level [accusations as speculation or commentary] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) **6.** "A complaint that provides no more than 'labels and conclusions,' or 'formulaic recitation of the elements of a cause of action,' is insufficient." Bourgeois v. Live Nation Ent., Inc., 3 F.Supp.3d 423, 434 (D. Md. 2014) (quoting Twombly, 550 U.S. at 555). **7. Defendant has a "Fiduciary Responsibility to investigation prior to publication of all letters"** with false allegations, was required to conduct an **"enhanced audit"** or **"forensic audit** / investigations to investigate the (false) allegations; the independent auditor ultimately confirmed that Defendants' defamatory allegations were unfounded and baseless statements of the Plaintiff, John H. Samson. **[Specify - False statement and a statement caused injuries and "Pernicious" behaviors]**. "The Standard 'fault' element of the calculus may be based on either negligence or actual malice." Samuels v. Tschechtelin, 135 Md. App. 483, 544 (2000). Analyzing a plaintiff's status and the

96

subject matter of the speech is critical to "determine the appropriate standard for imposing liability" in defamation cases. Blue Ridge Bank v. Veribanc, Inc., 866 F.3d 681, 686 (4th Cir. 1989); SEE: also National Life Ins. Co. v. Phillips Publ'g, 793 F. Supp. 627, 634 (4th Cir. 1992) (explaining that in defamation cases, "[l]egal precedent requires a dual inquiry regarding the subject matter of the publication and the status of the defamed entity"). First, the court must examine Plaintiff's status as a "public figure" or "private figure." See S. Volkswagen, Inc. v. Centrix Fin., LLC, 357 F.Supp.2d 837, 843 (D. Md. 2005)

A **private figure** is generally defined as anyone who is not a public figure. See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc., 472 U.S. 749, 761-63 (1985) (holding that a credit reporting agency is a private figure); Gertz, 418 U.S. at 325 (holding that an attorney is a private figure).

"[F]or the purpose of defamation actions, malice is defined as 'a person's actual knowledge that his or her statement is false, coupled with his or her intent to deceive another by means of that statement.'" Seley-Radtke, 450 Md. at 496 (quoting Piscatelli, 424 Md. at 307-308)). "Actual malice, sometimes referred to as constitutional malice," requires a plaintiff to show that the defendant made the defamatory "statement 'with knowledge that it was false or with reckless disregard of whether it was false or not.' " Batson v. Shiflett, 325 Md. 684, 728 (1992) (quoting New York Times Co. v. Sullivan, 376 U.S. 254, 279-80 (1964)).

**Lack of 1ˢᵗ Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement**

97

**"HARM"** - Where alleged statements are defamatory per se, a plaintiff's Damage / harm is presumed; therefore Plaintiff is not required to allege harm. <u>Doe v. Johns Hopkins Health Sys. Corp.</u>, 274 F.Supp.3d 355, 366 (2017) (citing <u>Hearst Corp. v. Hughes</u>, 297 Md. 112, <u>466 A.2d 486, 493</u> (Md. 1983)); *see Russell*, 2012 U.S. Dist. LEXIS 49370, at *13 (concluding that the fourth element of defamation, harm, is adequately alleged "because at least some of the statements in the Article are per se defamatory" and therefore, harm is presumed). Here, Plaintiff adequately alleges that Defendants' statements were defamatory per se. Accordingly, Plaintiff has met the fourth element for a defamation a claim.

### RELEVANT FACTUAL BACKGROUND CLAIM

### 2 (TWO) EMAILS WERE SENT WITH

### "NO / FAILS TO REPLY or NON-RESPONSIVE"

### August 20th, 2024
### 2 (two) e-mails sent were / "Non-Responsive"
### PARTIES

**ONE:** Plaintiff Pro Se, John H. Samson ("Plaintiff") is a private citizen of the

United State, a resident of the state of Florida in Pinellas County, Largo Florida.

### <u>MARKED UP E-MAIL LETTER</u>

### ADDED - <u>NEW MARKED UP E-MAIL LETTER</u>
### <u>ADDED 10 / 01 / 2025</u>
### TO
### ESTABLISH ELEMENTS OF FALSITY
### "SPECIFY WHAT FALSE STATEMENT"
### OR
### "STATEMENTS CAUSED INJURIES"
### AND
### DUE PROCESS VIOLATION BY:
### ANNE MARIE HATHORN ESQ, ATTORNEY
### ALANA LEWIS INVESTIGATOR OF
### Pinellas County Office of Human Right
### Clearwater, Florida
### 98

## Summary of Legal Conclusions Of the below letter 2nd Mark – up Matter of Law, Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement

Anne M. Hathorn, Esq. (a public official / public figure for defamation purposes) and Alana Lewis, Investigator for the Pinellas County Office of Human Rights, are liable as a matter of law for constitutional violations, gross negligence, and defamation committed with actual malice, resulting in irreparable reputational harm to Plaintiff John H. Samson. To include violation of the **"BILL OF RIGHTS"** and possible **"PREJURY'** 18 U.S.C. §1621 [knowingly] and §1623 making false statement as to a material matter. I essence proving a due process violation involves demonstrating that the government, through inadequate procedures, has unfairly deprived Plaintiff of a protected interest, and that this deprivation was not justified by a sufficient state interest. (Hearing) - Short of "[S]ome form of hearing a basic aspect of the duty of government to follow a fair process of decision making when it acts to deprive Plaintiff of his possessions. Deny Plaintiff a notice of hearing and the opportunity to be heard in "must be granted at a meaningful time and in a meaningful manner." In which Plaintiff may present his case with assurance that the arbiter is not predisposed to find against Plaintiff." Thus, a showing of bias or of strong implications of bias was deemed made. Defendant, Anne M. Hathorn, Esq attorney [aiding and abetting and with influence ? Alana Lewis in the final finding in the Plaintiff case to dismiss based

99

on a letter August 2nd, 2024 /August 29th, 2024] in violation to the Fifth and Fourteenth Amendment of the Due Process Clause in the 5th amendment. Under "equal protection of the law." Which both discriminated against the Plaintiff without good reason or "rational basis." The government must make choices about what is lawful. U.S. Const. amend. XIV, §2.

**18 U.S. Code Section 242, VIOLATION OF COLOR OF LAW WILLFULLY DEPRIVE Plaintiff constitutional rights, public officials violator of due process by government authorities and Anne Marie Hathorn Esq, Attorney law firm did not protect Plaintiff but did abuse her power , Plaintiff is a victim.                                BY**
**ANNE MARIE HATHORN ESQ, ATTORNEY, ALANA LEWIS INVESTIGATOR OF Pinellas County Office of Human Right Clearwater, Florida**

Defendant Anne M. Hathorn Esq., Attorney and Alana Lewis investigation or Pinellas County Office of Human Right, Clearwater, Florida are guilty of [aiding and abetting and with influence ? Alana Lewis in the final finding in the Plaintiff case to dismiss based on a letter August 2nd, 2024 /August 29th, 2024] under the "Color of Law" by acts done under the appearance of legal authorization, when in fact, no such rights existed. It applies when a person is acting under real or apparent government authority. The term is used in the **federal Civil Rights Act**, which gives citizens the right to sue government officials and their agents who used their authority to violate rights guaranteed by federal law.

The Plaintiff with "God Given Rights" under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subject, or causes to be

100

subject, any **citizen of the United States** or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the **Constitution** and laws, shall be liable to the party injured in an action at law, suit inequity, or other proper proceeding for redress.

**I.Constitutional Violations Publication to a Government Agency**

Defendants "Anne M. Hathorn, Esq and Alana Lewis investigator of "Human Rights Office" violated Plaintiff's constitutional rights under the **First, Fifth and Fourteenth Amendments**, including but not limited to:

**1.Denial of Constitutional Due Process** (under Procedural and Substantive violations) deprived of life, liberty without due process of law.

   *Failure to provide Plaintiff notice and a meaningful opportunity to be heard.
   *Conducting an investigation that lacked neutrality, factual review, and de novo consideration of evidence.
   *Reliance on predetermined conclusions rather than evidence.
   *Showing a lack of fair notice, an impartial hearing or the opportunity to present evidence.
**2.Unfair Investigation and Adjudicative Process**
   *Ignoring exculpatory and contrary evidence.
   *Failing to verify allegations before publication.
   *Relying on unreliable, biased, or discredited sources.
**3.First Amendment Judicial Gatekeeping Requirement**
   *The threshold judicial question is whether the challenged statements are **Provably true or false.**
   *Where a statement cannot be proven true or false, the First Amendment bars the claim, requiring dismissal as a matter of law.
   *Here, however, Defendants published **provably false statements of fact**, not protected opinion.

101

**II. Defamation — undisputable / undisputed is a question of law / Genuine Dispute of "Material Fact" does not define what a material fact actually is ?**

The undisputed record establishes all elements of defamation as a matter of law: Publication with Specificity

> *The letter at issue establishes who made the statements, **when, where, to whom,** and the **exact or substantially exact words** used and time dated.

**2. False Statements of Fact**

> *The statements accuse Plaintiff of **misconduct, dishonesty, or illegal behavior,** all of which are objectively verifiable and provably false.

**3. Absence of Factual Dispute / Question of Law / Deeming facts**

> *The letter raises undisputable / undisputed triable issue of material fact or applying the law could not be supported as a matter of law. Defendant has not provided and fact – base or expert evidence to refute "specific facts. "Defendant fails to produce evidence that contradicts essential claims, making the dispute "Fatal" to their case. This Honorable Court may dismiss the case against the Defendant in favor of the Plaintiff.

3A. "For the sake of any motion, the Defendants' statement of facts is the Plaintiff's complaint. Therefore, the facts stated in the plaintiff's complaint are deemed admitted for the purpose on any motion filed.
> *Defendants cannot point to admissible evidence supporting the truth of the statements. Plaintiff states: **There is "NO" plain and concise statement of fact.** 1. In search for truth and justice in pursuit of justice as a matter of law.

**4. Failure to Investigate**

> *Defendants failed to verify allegations despite obvious reasons to doubt their accuracy.
> *Contrary evidence was ignored or dismissed without explanation.

**5. Actual Malice / Gross Negligence**

> *Defendants acted with actual malice, demonstrated by: Publishing a defamatory statement while knowing or [Knowledge of Falsity which is direct

102

evidence that the defendant knew the information was wrong] it was false or was in- part perjury or with reckless disregard for whether it was true or false. Demonstrating actual malice showing the Defendant's state of mind.

*Admissions of doubt or internal contradictions
*Failure to investigate when the falsity was apparent
*Reliance on biased or unreliable sources
*Absence of any retraction or correction
*At minimum, Defendants acted with gross negligence, satisfying the fault requirement for a private plaintiff.

## 6.Loss of Qualified Privilege

*Any claimed qualified privilege is defeated by undisputed evidence of malice and reckless disregard for the truth.

## I.Actionable Statements — Not Opinion

The statements at issue are **not protected opinion**, rhetorical hyperbole, or evaluative judgment. They assert verifiable facts implying professional misconduct and ethical violations, which are actionable under defamation law.

The Court must screen out non-actionable speech; however, where statements assert false facts capable of being proven true or false, constitutional protection does not apply.

## II.Plaintiff Meets Federal Pleading and Constitutional Standards

Plaintiff John H. Samson, a private individual (common man), has satisfied the federal pleading standard:

*The Complaint contains **plausible factual allegations**, not legal buzzwords, speculation, or inference stacked upon inference.
*When conclusory allegations are stripped away, substantial factual content remains.
*Because no reasonable jury could find in Defendants' favor, judgment is appropriate as a matter of law.

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement**

103

### III.Entitlement to Judgment

"The undisputed record establishes that Defendants published false statements of fact accusing Plaintiff of misconduct, without investigation and despite clear reasons to doubt their truth. Because no reasonable jury could conclude otherwise, Plaintiff is entitled to judgment as a matter of law in this federal defamation action."

This case satisfies the constitutional and pleading thresholds that courts repeatedly enforce. Summary judgment (or dismissal of Defendants' defenses) is therefore required as a matter of law.

**"ANNA M. HATHORN, ESQ. IN THE LETTER BELOW ESTABLISHED A TRUE FORM OR PATTERN OF [FRAUD] THRU 1. MISREPRESENTATION OR CONCEALMENT OF MATERIAL FACT 2. INTENT TO DECEIVE 3. CAUSE HARM"**
**And**

**PLAINTIFF ARGUE:**

"YOUR Honor, the Statement or letter is not offered for the truth of the matter asserted, but to show publication and the Defamatory or Defamation nature."

"Your Honor, Plaintiff moves to admit **Exhibit 5** into evidence."

We know that a third party received it via e-mail August 29th, 2024.

**LETTER SUMMARY OF "GUILTY"**

**ACTS BY THE DEFENDANT / ANNA M. HATHORN, ESQ**: "The multiple disputed material facts establish that Defendants made and published false statements of fact in a written statement / letter, ignoring exculpatory evidence, concealed or implied undisclosed false facts, mischaracterization of evidence, fabrication or selective use of facts, **failed to neutral investigate despite** obvious reasons to doubt their truth, and acted with **FRAUD** or fraudulent intent or reckless disregard, departure from established legal procedure or legal standards leaving out multiple disputed genuine material facts dispute for trial or a question for the jury." [ONLY THE JURY CAN MAKE THE DECISION DISPUTED.] Under 1.510 / Rule 56 (d). Plaintiff is entitled to judgment as a matter of law. SEE: Gertz, 418 U.S. at 325 (holding that an attorney is a private figure.) Credibility determination is for the Jury.          104

**THIS LETTER BELOW IS A VIOLATION OF MY RIGHT OF DUE PROCESS
AND
IS A SUBJECT OF STRICT "SCRUTINY" AND A SUBJECT OF THE HIGHEST LEVEL OF JUDICIAL REVIEW, AN INFRINGES OF PLAINTIFF'S RIGHT'S WHERE THE GOVERNMENT PUT RESTRICTIONS ON THE PLAINTIFF'S RIGHTS OF A CONSTITUTIONAL RIGHT TO DUE PROCESS AND "PHYSICAL DISABILITY" (MALE OVER 40)**

*The letter implies a formal evaluation to assess quality, legality, or truthfulness, often implying that faults might be found. Needing detailed examination or inspection for faults that might be found. Should be open for or to review / evaluation, to determine the constitutionality of law or evaluate whether government actions violating rights or classifying individuals serve proper purposes, ranging from "COMPELLING" to "LEGITIMAE" Interest. To include the burden of proof is on the government to prove that a challenged law or policy is constitutional to maintain standards.

**Letter of "genuine disputed of material facts and personal perceptions" [Scope is Disputed] As a matter of law / F.R.C.P. 1.510 (Rule 56(d))**
Dear MS Lewis / Alana Lewis

(**AMH**) As you know, this Firm represents the Golf Lake Condominium I at East Bay Association, Inc. (the "Association"), the not-for-profit Florida Corporation which is the subject of the above-complaint. True (**AMH**) Please accept this letter in response to you office's August 2, 2024 letter, noticing the Association of the amended housing discrimination complaint by unit owner John Samson. **True in part** (**AMH**) Mr. Samson states that he has been discriminated against by the Association (**AMH**) and related parties, **"objections for clarity" argumentative, vague, unclear, unintelligible, ambiguous or confusing "Motion for Clarification" fails to meet background and to support a party's**

105

**position(JHS)** <u>**True in part**</u>, unclear, vague and ambiguous – Please provide names and titles of all parties – otherwise your argument is confusing the audience **(AMH)** <u>**Bias**</u>, action show her tendency, opinion or inclination that is preconceived or unreasoned leads to predisposition that bars impartial evaluation of facts is 100% personal "**Bias**" that influences judgment, "assumes facts not in evidence" (unsupported claims, unproven assertion, facts not established through evidence, assumed fact on jury, actions and dicision-making, whether explicit (protected class or disability) or implicit (integrity). Causing eroding trust, integrity, inquities or harm emotionally and psychologically, due to a disability, by both a **(AMH)** reasonable modification **"objection "Motion for clarity" it was for "Reasonable Accommodation" for "undue hardship" for equal access for parking due to medical condition (JHS)** False statement, a Lie – Anna Hathorn has crossed the line of a possible libel for "Malpractice" = words matter. As an attorney and an officer of the court to be "Truthful" or be "Honest" or for reasons for non-appearance, Anna Hathorn took a Florida Bar Oath. 1. At no point in time did "reasonable modification" ever come up since March 4th, 2024 "Letter". [**Specify - False statement and a statement caused injuries**] March 4th, 2024 e-mail is "**DIRECT EVIDENCE**" in a written statement form [**Specify - False statement and a statement caused injuries**] Letter was sent to 2

106

(two) people only "**TARGETING**" (<u>**John H. Samson and Wendy Mae**</u>

<u>**Sandstrom**</u>) unit 1505 out of approximate 300 (Three Hundred) other unit owners.

[**True form of Bias – Disability and Age discrimination** ] [<u>**Specify - False**</u>

<u>**statement and a statement caused injuries**</u>] By:  General Manager Stephen C.

Walters LCAM of Golf Lake Condominiums And "CA", Management

Company Condominium Associates, 3001 Executive Drive, Suite 260

Clearwater, Florida 33782

Or

**TO:** Board of Directors Building #1: President Bob Lima, Treasurer Bob Lima,

Secretary Jorge Pastor, Director John Samson, Director Marcia Byrer, Director

Steven Bevelhymer of: Golf Lake Condominium I at East Bay Association, Inc.

**General Manager Stephen C. Walters LCAM of Golf Lake Condominiums.,**

who could have sent a mass e-mail out to all 10 (ten) building or approximate 300

(Three Hundred) individual unit owners or to all Board Members in each building

to let all unit owners about the violation of parking in a handicap space for only

visitors or guests. [<u>**Specify - False statement and a statement caused injuries**</u>]

This type of Disparate Treatment or shows **Bias – Disability and Age**

**discrimination** (40 and older) **or [veteran status = a veteran with a physical or**

**mental impairment that substantially limits major life activities], protected**

**class "immutable characteristic"** profiling is illegal and unconstitutional who are

107

discrimination [direct violation of Title VII of the Civil Rights act protect] and

[Civil Rights Act of 1964 (CRA)] with equal protection under the law, by U.S.

federal and state laws. [**Specify - False statement and a statement caused**

**injuries**] Hill Nissan, Inc. vs. Jenkins Nissan, Inc., No. 8:11-cv-2757-MSS-EAJ,

**2012WL 13106337, at \*2 (M.D. Fla. Aug. 7,2012)** "The elements of falsity is only

met if the publication is substantially and materially false." Markle **2024 WL**

**1075339, (citing Smith, 731 So. 2d at 707)** (According to U.S. Supreme Court

and Florida case law, falsity only exists if the publication is substantially and

materially false, not just if it is technically false."). A "statement is not considered

false unless it  would have a different effect on the mind of the reader from that

which the pleaded truth would have produced." Parekh., **820 Fed. Appx. At 833**

(citing Smith, **731 So. 2d 707).**

**\*2** "Because the alleged defamation was published in Florida, Florida state law is controlling." Alan vs. Wells Fargo Bank, N.A.., **604 Fed. Appx. 863, 865** (11th Cir. 2015). When "analyzing defamation claims, we apply Florida's substantive law." Turner vs. Wells, 879 F. 3d 1254, 1262 (11th Cir. 2018) (citation omitted). "Where the highest court – in this case, the Florida Supreme Court – has spoken on the topic, we follow its rule." Id. (citing Molinos Valle Del Cibao, C. por A. v. Lama, **633 F. 3d 1330, 1348** (11th Cir. 2011). Decisions of the Florida appellate courts "provide guidance for this prediction." Id. (citing Bravo v. U.S., **577 F. 3d 1324, 1325** (11th Cir. 2009) (per curiam) (citation omitted. "As a general matter, we must follow the decisions of these intermediate courts." Id. At 1325 – 1326. "But we may disregard these decisions if persuasive evidence demonstrates that the highest court would conclude otherwise." Id.

I, John Samson violated "NO" law by parking in the handicap space.

This letter to John and Wendy, on March 4th, 2024 **[Specify - False statement and a statement caused injuries]** is intentionally, Biased, prejudiced, Disability Discrimination, Age Discrimination. This letter is unlawful and is in violation and should prohibit "**INTERFERENCE**" of the ADA of an individual's ADA right and other federal laws. Under Title I, II and III of the law. Interference is and are distinct forms of discrimination under the ADA and the rights of individuals to be free. The letter is threatening and intimidates a protected class of the handicap parking rights. The letter discourages an individual from asking for a "reasonable accommodation" John H. Samson meets all tests Under ADA Title I and numerous other federal civil rights laws of 1964.False statement not supported by the = Please, Provide proof, facts or evidence in writing, where in any communication to anyone did "reasonable modification", was discussed. Provide a or any document, page, paragraph, sentence where "reasonable modification" exist ? in my request.

(**AMH**) and are reasonable accommodation and being provided with neither.

(**JHS**) **False in part**, A Board Meeting was scheduled for Friday 4/5/24 at 1:00 PM address request for parking accommodation by Anna Hathorn, Bob Lima and the Board gave a "VERBAL" approval ONLY. When asked by John Samson can you provide me with written approval the Board adjourned without providing anything in writing to the Plaintiff, John H. Samson.

A.As requested in an August 2nd amended complaint on August 1st 2024

109

page 2 #8- paragraph 3 to attorney Anne Hathorn for:

B.Specifications detailed measurements, a possible drawing was discussed in a face to face meeting at the Pinellas Human Relation 5th floor where 3 people & myself did the amended complaint for the "width" and all information that John Samson needed to mark out the correct size, that I'm by law entitled to by ADA.

C.Anne Hathorn has failed to address this issue to date (Anne Hathorn) helped the Board in the approval process **prior to** the Board meeting [with terms and conditions] of that 1. John H. Samson has to pay for the "reasonable accommodation" striping and 2. If John Samson sold his unit the parking space of 1 hour parking would go back to 1 hour parking ) your office has been asked **several times** to address this outstanding issue. Nothing to date over 5 months or more than 150 days but delays.

D.It's true, I did something not knowing if it is correct or wrong. The board never provided any written specific information of what they approved to date. Once again "**ONLY VERBAL.**" (AMH) [Specify – False statement and a statement caused injuries] His allegations are not supported by facts. **Objection "Motion for clarity" – "Lacks of Foundation" due to a lack of investigation and fails to**

110

meet background and to support a party's position speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable  (JHS) False (AMH) must be stated with specificity [Specify – False statement and a statement caused injuries] Mr. Samson's characterization, Objection "Motion for Clarity" "Lacks of Foundation" lack of investigation and fails to meet background and to support a party's position, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable (JHS) False statement and "intentionally" – a False "False narrative" Anna M. Hathorn needs to follow the law and facts. This is Anna M. Hathorn's personal opinion or is your own testimony [opinion is NOT based on fact or knowledge due to a lack of investigation. Lacks: assessment, assumption, point of view, it is speculation, not relevant to prove something.] which shows or support Bias, prejudice and discriminatory practices with underlying racist practices. Anne M. Hathorn testimony has "TAINTD" this complaint with all parties. This is a form of a hostile expression or action that is prejudice and biased writing or true unfair stereotypes about my disability or physical characteristic as a protect class by using

111

a strategic misrepresentation. This treatment is a form of discrimination, demeaning behavior, embarrassment, harassment, and exclusion. John H. Samson "**DEMANDS**" the best evidence rule or "What is best evidence" if you have anything in writing / video / photograph / recording or provide or proven "**beyond a reasonable doubt**." And Anna M. Hathorn lacks clear and convincing evidence standard. (**AMH**) [**Specify – False statement and a statement caused injuries**] of use of the handicapped parking space (**JHS**) My 100% Disability is supported by all State, Federal laws, EEOC, ADA, Department of Veterans Affairs, Florida Department of Highway Safety and Motor Vehicles governed in an association about handicapped parking when you have a parking permit(s) for my truck (Parking Placard D1841324) with a lift for a scooter and car (Parking Placard D3751362) which I have, which is "Permanent" long-term mobility impairments and issued by the Florida Department of Transportation for uses on public and private property. (**AMH**) on the condominium property, **Objection "Motion for Cleary" "Lacks of Foundation" due to a lack of investigation and fails to meet background and to support a party's position, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated**

112

**with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable** (JHS) False (**AMH**) and communication regarding such use,(JHS) <u>False</u> unless written in the Articles, Bylaws, Declaration, covenants, rules etc. (**AMH**) [<u>Specify - False statement and a statement caused injuries</u>] is categorically incorrect. **Objection "Motion for Clarity" – "lacks of Foundation' due to a lack of investigation and fails to meet background and to support a party's position** (JHS) <u>False</u> statement not supported by facts, proof, evidence (**AMH**) [<u>Specify – False statement and a statement caused injuries</u>] Mr. Samson had been using the handicapped parking space as his permanent, **Objection "Motion for Clarity" - "Lack of Foundation" due to a lack of investigation, fails to meet background and to support a party's position, personal belief of counsel stated, argumentative, personal opinion stated, no evidence lacking, disparaging comments, foundation lacking, opinion, speculation and conjecture to support the charges** (JHS) False statement an "intentionally" – a False "False narrative" Anna M. Hathorn needs to follow the law and facts. This false statement has caused harm to me and my reputation and well-being this statement is defamation, a form of fraud, Lack of "standard of care" a true outright - LIE - an allegation not supported by law or facts, proof or evidence. It is a true misrepresentation of the truth. This is Anna M. Hathorn's personal opinion or is

your own testimony [opinion is NOT based on law or fact or knowledge. Lacks: assessment, assumption, point of view, it is speculation, not relevant to prove something.] which shows or supports Bias, prejudice and discriminatory practices with underlying racist practices. Anne M. Hathorn testimony has "**TAINTD**" this complaint with all parties. This is a form of a hostile expression or action that is prejudice and biased writing or true unfair stereotypes about my disability or physical characteristic as a protect class by using a strategic misrepresentation. This treatment is a form of discrimination, demeaning behavior, embarrassment, harassment, and exclusion. John H. Samson "**DEMANDS**" the best evidence rule or "What is best evidence" if you have anything in writing / video / photograph / recording or provide or proven "beyond a reasonable doubt." and Anna M. Hathorn lacks clear and convincing evidence standard. (**AMH**) exclusive spot, **Objection "Motion for Clarity" - "Lack of Foundation" due to a lack of investigation and fails to meet background and to support a party's Position, speculative, assumes facts not in evidence, unsupported claim, facts not established through evidence, assume facts beyond Defendants Anne M. Hathorn, Esq Attorney knowledge due to a lack of investigation (JHS)** False statement – a lie – False narrative with "NO" supporting law or facts. (**AMH**) [**Specify – False statement and a statement caused injuries**] and the Association's Manager informed him that he could not permanently / exclusively

114

use the handicapped space. **Objection "Motion for Cleary" – "lack of Foundation" due to a lack of investigation and fails to meet background and to support a party's Position, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable (JHS)** False statement and False "Narrative" made intentionally – a Lie – Stephen Walters never said anything like this or anything close to the above statement in writing at any time on **March 4th 2024 in his letter**. Stephen C. Walters said, "Parking in a handicapper space that is reserved for visitors and guests." [Once a liar, always a liar] True unethical immorality act of  "**MORAL TURPITUDE**" dishonesty of a high degree, See: 44 So. 2d 802 could lead to disqualification of one's license to practice law. This has to be intentional misconduct or a criminal act that reflects adversely on Anne M. Hathorn's honesty, trustworthiness, or fitness as a lawyer in other respects such as: Engage in conduct involving dishonesty, fraud, deceit or reckless or intentional – LIES- or "legal Malpractice." **"falsus in uno, falsus in omnibus" or "false in one thing, false in all"** (AMH) [**Specify - False statement and a statement caused**

115

**injuries**] He is, and always has been, permitted to use the handicapped space on an as-needed, **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and fails to meet background and to support a party's Position, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable (JHS)** I'm here by putting you on "NOTICE" that John H. Samson will use the "EXISTING" Handicapped parking space anytime OR whenever it is "**MEDICALLY NECESSARY**" when and as long as I want when "Medically Necessary". As, I'm entitled to by law. John H. Samson has endowed unalienable rights like: I have the right to "Life, Liberty and the pursuit of Happiness." Without hostile Bias and Discrimination or a Letter March 4th, 2024 causing –"Interference" with individual's rights against major life activities. (AMH) [**Specify – False statement and a statement caused injuries**] non-exclusive, temporary basis. **Objection "Motion for Clarity" – "Lacks Foundation" lacks factual basis for the evidence, preventing guesswork or speculation not basis on law or facts and fails to meet background and to**

116

**support a party's position (JHS)** <u>**False**</u> in part and another False narrative, No one has ever told me when I can or cannot use the handicapped parking space since I have lived here for the past 2 years. I use the handicapped parking space when and only when it is medically necessary for my truck with a mobile scooter lift or car is required. Otherwise I park my Truck in the regular resident parking space out of "Common Courtesy" by PERSONAL CHOICE. *By Law, if I want to, I can park there full time [1 day, 1 week, 1month, 1 year] as a permanent parking space and there's nothing any local law enforcement can do public or private property as long as I'm legal. But I don't and would not do this. **(AMH) [**<u>**Specify – False statement and a statement caused injuries**</u>**]** To the extent that Mr. Samson claims that the Association has refused his request for reasonable accommodation **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, fails to meet background and to support a party's position. (JHS)** False in part –

117

John Samson did request in writing for "reasonable accommodation" in writing to the Board, but ONLY to remove or do away with the "1 Hour Parking" and to expand the width of my assigned parking space ONLY nothing more than that. Anne M. Hathorn worked with the Board and agreed the approval in a "VERBAL FORM ONLY" nothing in "WRITING." So the QUESTION ? is WHAT DID THEY APPROVE ? about 5 months later NOTHING IN WRITING on what was approved. **(AMH)** [**Specify - False statement and a statement caused injuries**] – accommodation being that the be permanently / exclusively assigned the handicapped parking space **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, fails to meet background and to support a party's position (JHS)** <u>False</u> statement and False narrative, this was never asked for. This is an act of Misrepresentation, false, misleading statement, deception (deliberately) with intent to deceive or uglify = make ugly and a mischaracterization of John H. Samson and event.

118

**(AMH) [Specify – False statement and a statement caused injuries]** – this is not reasonable, and the Association cannot grant such accommodation, nor would the Association be required to do so under the Federal and Florida Fair Housing Acts (the "Acts"). **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable fails to meet background and to support a party's position,** (JHS) True, and I agree 100% - [Distraction, Distraction Fallacy or Misdirection] – never part of any conversation at any time or a non-argument, a strawman argument and irrelevant to bypass the actual argument. Anne M. Hathorn, Esq. cannot be trusted. Conversations cannot be solely based on BS all the time. Let's talk about the root or real issue of the problem. (AMH) **[Specify – False statement and a statement caused injuries]** Mr. Samson appears to base his discrimination complaint for "failure to permit reasonable modification" **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on**

119

**assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable fails to meet background and to support a party's position (JHS) <u>True</u> in part and <u>False</u> in part, (AMH)** [not modification but "reasonable accommodation"] on the Association not informing **(JHS) <u>True</u> (AMH) [<u>Specify– false statement and a statement caused injuries</u>]** him of the expanded dimension of his exclusively assigned, **(JHS)** True **(AMH)[<u>Specify – False statement and a statement caused injuries</u>]** Limited Common Element parking space. However, it is undisputed that Mr. Samson did request a modification of his existing assigned parking space ("meeting ADA standards for handicapped persons") and it is undisputed that the Association's Board of Directors did approve such request, at a meeting held on April 5th 2024.**(JHS)** 5 months later. True in part and False in part, John H. Samson has a Ford F250 with a handicapped scooter lift in the rear of the truck this is not a compact vehicle. Anne M. Hathorn took part in that approval with the Association's Board of Directors but provided NOTHING in "WRITING" and NO drawings, specification, dimensions in width or requirements by ADA law to meet

120

"Egress and Ingress" to allow access aisle allowing my wheelchair or mobility device to be deployed comfortably. **(AMH)** [**Specify – False statement and a statement caused injuries**] It is my understanding that the Board of Directors approved extending Mr. Samson's existing assigned parking space 5 feet further, **(JHS)** 4 – 5 months later – NOTHING in "WRITING" and NO drawings, specification, dimensions in width or requirements by ADA law to meet "Egress and Ingress" to allow access aisle allowing my wheelchair or mobility device to be deployed comfortably. **(AMH)** [**Specify – False statement and a statement caused injuries**] assigning him one-half of the immediately adjacent parking space (nothing that this addition of space exceeds dimensions for handicapped parking spaces). **(JHS)** False, Provide "What is best evidence" at the time of approval the original writing, recording or photograph given to the Association's Board of Directors. **(AMH)** [**Specify - False statement and a statement caused injuries**] It is also my understanding that Mr. Samson himself agreed to this dimension **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion / perception stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes**

121

facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable and a question of law to define. HEARSAY EXCEPTION : IMPEACHMENT OF ATTORNEY, A FALSE AND FRAUDULENT STATEMENT AND SCHEME INCONSISTENT STATEMENT MADE OUTSIDE OF COURT GENERALLY INADMISSIBLE HEARSAY USED TO IMPEEACH "Anne M. Hathor, Esq Attorney UNDER Federal Rule of Evidence 801(d)(1)(A) made under penalty of perjury at a trial, hearing, or deposition. Challenge credibility showing inconsistencies. (JHS)

False statement and a False narrative – a Lie – John H. Samson demands strict Proof thereof "false allegation." The burden of proof has not been met, please provide evidence that establishes the truth or validity. (AMH) and personally hired a contractor to do the striping. (JHS) True (AMH) [Specify – False statement and a statement caused injuries] Since then there have been no complaints regarding the space. Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or

122

**"assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, false and fraudulent statement. (JHS)** False statement and False narrative with the act of

**(JHS)** False statement and False narrative with the act of deliberately "Mischaracterization of the facts" and event. Inaccurate testimony that doesn't accurately reflect the truth. With NO supporting evidence to date. **"QUESTION"** How long does a person have to wait ? **(AMH)** [**Specify - False statement and a statement caused injuries**] Finally, Mr. Samson includes an allegation in his complaint that he requested and apology for some unstated offense **(JHS)** **False** statement and a False narrative, about 12 emails stated John H. Samson's "Complaint" in the last 5 -6 months without any "Reply" from the Association's Board of Directors and Anne M. Hathorn, yes your office, "Non-Compliance" all have fallen short or failure to act in accordance with all John H. Samson's written request to comply. A "Willful non – compliance" an act done with an "Intentional" disregard of the rules. **(AMH)** but has not received one. Please note that nothing requires the Association, or its Manager, to apologize to Mr. Samson for anything. **(JHS)** False statement, the Association's Board of Directors have a Fiduciary responsibility to all unit owners and act in the best interests of all, act prudently, with care and address all issues, questions, concerns and be transparent to avoid conflicts, stay objective be honest and trustworthy

123

along with transparency. Letter dated March 4th, 2024 by Stephen C. Walters LCAM General Manager of Golf Lake Condominiums is the start or all complaint going forward and creates an unwelcoming environment. The letter shows a form of unlawful intimidation, threats of a protected class in violation of the ADA interference, discrimination, age discrimination, disability discrimination, profiling, prejudice, bias and a true "INTEFERENCE" with ADA individual's rights. (**AMH**) [**Specify – False statement and a statement caused injuries**] Please also note that, despite Mr. Samson's statement, the Association's Manager did agree to send an apology to Mr. Samson – and Mr. Samson's response was to marked up apology up, provide a 14 – page diatribe (**JHS**) False choice of words. Anne M. Hathorn personal opinion shows Bias, malicious and unjustified harming my good reputation. Anne M. Hathorn's Character assassination attempt to damage John H. Samson's reputation or credibility, by making criticizing John H. Samson unfairly and dishonestly. For Stephen C. Walters this was a bitter educational critique only that involves analyzing, describing, interpreting, and evaluating an activity to better understand it. (**AMH**) stating that the apology was "NOT accepted" (sic), and accuse The Association's  Manager of lying, fraud, incompetence, misbehavior, and threatening (**JHS**) **False** choice of words. False statement and False narrative. This is Anne M. Hathorn's **personal opinion** with NO supporting facts. At "NO" point-in- time or anywhere in text or message,

124

directly or indirectly or information was there any intention to cause bodily or property harm. (**AMH**) [Specify – False statement and a statement caused injuries] his professional license. [**Specify – False statement and a statement caused injuries**] The Association takes extreme exception to Mr. Samson using his disability and legal rights regarding such disability as an excuse to engage in harassing, threatening behavior.(**JHS**) **False** statement and False narrative, False with the act of deliberately "Mischaracterization of the facts" and events. Inaccurate testimony that doesn't accurately reflect the truth. Anne M. Hathorn's testimony has "TAINTD" this complaint with all parties, with NO supporting evidence to date. This is Anne M.

Hathorn's personal opinion with no supporting facts. This is a false statement with no basic foundation to truth or facts to prove that it is true. Provide what "best evidence" in reference to offensive objects or pictures, insults or put downs, ridicule or mockery, physical assaults or threats, intimidation, jokes, slurs, name calling etc. For Stephen C. Walters this was a bitter educational critique only that involves analyzing, describing, interpreting, and evaluating an activity to better understand it. (**AMH**) In conclusion, Mr. Samson has full, non-exclusive use of the Association's handicapped parking space just like every handicapped resident, guest and invitee on the condominium property; **Objection "Motion for Clarity" for a prior inconsistent statement (JHS)** True statement by ADA

125

Law and Mr. Samson has been provided a modification of parking space that he expressly admitted meets his needs. **(JHS)** False statement False narrative with the act of deliberately "Mischaracterization of the facts" and event. Inaccurate testimony that doesn't accurately reflect the truth. With NO supporting evidence to date. I, John H. Samson never admitted that it meets my needs to date. The question is what did the Association's Board of Directors and Anne M. Hathorn approve ? 5 – 6 months later nothing in writing to date. **(AMH)** [**Specify – False statement and a statement caused injuries**] The association has not engaged in discrimination against Mr. Samson. **Objection "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, false and fraudulent statement (JHS)** See: Letter dated March 4th, 2024. False statement and False narrative, it shows discrimination, age discrimination, disability discrimination, profiling, prejudice, bias and "Interference" with ADA law and individual rights. This is Anna M. Hathorn's personal biased opinion Anne

126

M. Hathorn [Specify, False statement and a statement caused injuries] deliberately "Mischaracterization of the facts" and event. Inaccurate testimony that doesn't accurately reflect the truth. With NO supporting evidence to date, Perjury Anne M. Hathorn testimony has "TAINTD" this complaint with all parties. [Specify – False **statement and a statement caused injuries and "Pernicious" behaviors**].

**NOTE**: After the above mark up. I, John H. Samson have to question myself what would happen if a complaint was filed with the Florida Supreme Court, The Florida Bar's Division of Lawyer Regulation who protects the public by providing a means to address lawyer misconduct. Website info Tallahassee 850.561.5600 and Florida Bar Association 850.561.5832. *The Division accepts complaints against lawyers, investigates those complaints, and prosecutes lawyers who engage in unethical conduct. *I'm questioning the above letter provided to John H. Samson and the Association's Board of Directors dated August 29th, 2024. If it engage in Unethical Conduct? Or "Legal Malpractice" (**AMH**) [**Specify – False statement and a statement caused injuries**] The Board trusts that this response is sufficient to close the above – referenced complaint with no further action required by the Association. **Objection – "Motion for Clarity" – "Lacks Foundation"**

**due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes**

127

**facts not in evidence" or unproven fact stated will not be proven or provable often demanding specific, first- hand knowledge to avoid speculation, Defendant, Anne M. Hathorn Attorney at law must state grounds precisely, highlighting that the question relies on non-evidentiary, unsupported, or hypothetical information not yet in the records, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, false and fraudulent statement. (JHS)** NO, not sufficient to close the complaint, John H. Samson is still waiting for [the invitation or invite] answers to the letter provided on Thursday, August 8th, 2024 @ 11:18 am by Stephen C. Walters LCAM in REF: 1. Answer's to my specific issue 2. Answer to my questions 3. Answers to my unresolved 4. Answer to my concerns (Still waiting for Stephen C. Walters committed to ensuring that your needs are addressed promptly and adequately.) Today is Sept 9th, 2023 – 29 days later and NO answers. The HOA, Board of Directors or Golf Lake Condominium I at East Bay Association Inc. et al has "Acted in Bad Faith."

Please let me know if you have questions, or if I can be of further assistance.

Very truly yours,

Anne M. Hathorn, Esq.

128

AMH

Cc: [**Specify - False statement and a statement caused injuries**] Board of

Directors (**JHS**) John H. Samson is concerned about the above letter being see by

about 10 (ten) members of Association's Board of Directors or more. Anne M.

Hathorn "CC" the Association's Board of Directors this letter dated August 29th,

2024 and provided the Pinellas County Office of Human Right to Alana Lewis,

investigator. To include all new incoming future members.

John H. Samson

I, believe the above letter is "Defamation & Libel" Defamation is the act of sharing

false information that harms someone's reputation. Anne H. Hathorn has lack

being precision with her words and written. "Yes, Words Matter and Yes it's

essential in root of legal disputes." John H. Samson believes that Anne M. Hathorn

clearly did not communicate with the Association's Board of Directors about this

matter at hand. Lack of communicate can be a form of legal malpractice.

This letter was an important decision with a lack of information show by a failed to

fulfill her duties that has caused a negatively affect. This letter is now considered

published, printed or broadcast, in writing. Slander because at least 3 (three) people

of the Pinellas County Office of Human Right to Alana Lewis, investigator. All

members about 10 (ten) of the Association's Board of Directors have

communicated orally about the letter in a private setting. Anne M. Hathorn

129

testimony has "**TAINTD**" this complaint with all parties. The above letter is full of intended false statements intended to be fact but Mosely false in part with false narrative(s). The above false statement is negligence and Anne M. Hathorn acted with "actual malice" it's clear that Anne H. Hathorn knew the information was false and was reckless and should have known it was incorrect. Anne M. Hathorn named me in the letter and Anne M. Hathorn maybe at fault of the defamation. Anne M. Hathorn may fall under "Negligence" which is failure to use reasonable care in one's action. **Stephen C. Walters LCAM letter dated Monday March 4th, 2024@ 9:44 AM** [**Specify – False statement and a statement caused injuries**] and along with Anne M. Hathorn, Esq. has caused intentional infliction negligent emotional distress and suffering harm for over 5 (five) to 6 (six) months. This letter and the action of Anne M. Hathorn has triggered John H. Samson "Post – traumatic stress disorder (PSTD)" This has been well medically documented in my medical records and justifies why John H. Samson was seen, which is linked to my medical condition or treatment. **END**

This is John H. Samson's opinion of my final summary of the Facts, Proof and Evidence on most key position issues in my favor. Based on inaccurate or untruthful statement with a clear "ask". "I, John H. Samson appreciate your concerns about my experience or situation as a person with a 100% disability."

This is my formal written complaint with no investigation [**Records showing lack**

130

**of investigation**, such as absence of interview notes or fact-checking efforts],

**Anne M Hathorn, Esq. you have 3 (three) working calendar days to respond**

**in writing no later than September 13th, 2024**. This e-mail will serve as your

practice has acknowledge receipt of the John H. Samson complaint. Upon receipt

of your response, John H. Samson will determine the thing that may cause the final

result or interlocutory.

Your cooperation is greatly appreciated.

**If he or she who breaks the law is not punished,**
**Then he or she who obeys it – is cheated**

**END**

Sincerely

Please carry yourself accordingly

Respectfully, John H. Samson

---

**"Opinion" Is Defamatory When It Implies False Facts and under the First**

**Amendment of the U.S. Constitution, does not protect false statement of fact**

**or opinions that imply undisclosed, false defamatory facts.**

A statement labeled as "opinion" **is actionable defamation** when:

**It contains a false statement of fact, or It implies the existence of undisclosed,**

**false, and defamatory facts about the plaintiff.** Merely prefacing a statement

with phrases such as **"in my opinion," "I believe," or "it appears"** does **not**

131

immunize the speaker from liability.

## Governing Legal Principle (Black-Letter Law)

An opinion that implies an assertion of objective fact, or implies the speaker possesses undisclosed facts that are false and defamatory, is actionable as defamation.

Courts distinguish between:

***Pure opinion** (non-actionable), and
***Mixed opinion** (actionable).

Pure Opinion (Not Defamatory)

A statement is protected **only if**:
*The factual basis is fully disclosed, **and**
*The listener can evaluate the facts independently, **and**
*No false facts are implied.

## Mixed Opinion (Defamatory)
A statement is defamatory where:
*The speaker offers an "opinion," **but**
*Implies undisclosed facts, **and**
*Those implied facts are false and defamatory.

## Application in Litigation

In a lawsuit, a defendant **cannot avoid liability** by labeling a statement an "opinion" when:
*The statement implies misconduct, dishonesty, or illegality;
*The speaker claims investigative or official authority;
*The factual basis is not disclosed;
*The statement is provably false; or
*A reasonable reader would conclude the speaker knows facts that justify the accusation.

132

Statements made in official letters, investigative findings, or legal determinations are **especially likely** to be interpreted as assertions of fact, not opinion.

## Judicial Gatekeeping Standard

At the pleading or summary judgment stage, the court must determine as a matter of law:

1. Whether the statement is capable of being proven true or false; and
2. Whether a reasonable reader would interpret the statement as asserting or implying facts.

If yes, First Amendment protection does not apply, and the claim proceeds.

## Tight Court-Usable Sentence (Drop-In)

"Although framed as 'opinion,' the statement is actionable because it implies the existence of undisclosed, false, and defamatory facts concerning Plaintiff, and a reasonable reader would interpret it as an assertion of objective fact." Or **"PERJURY"**

### PRONG

**PRONG / Florida Legal Standard all 4 / 5 (five) has been met / CLAIM**

**ACTS BY DEFENDANT:** "Negligence" A true violation of: 1. Lack of owing a duty of care to another, 2. Breaching that duty of care or reasonable care 3. Causation between an injury and breaching the duty and 4. Causing and injury / harm to include experience a negative impact on Plaintiff, John H. Samson well – being. Constitutional violation or liability and Defendant / Counsel performance was deficient (error prong) or [qualified Immunity] (1) violation of a constitutional right, and (2) whether that right was "clearly established."

**ACTS BY DEFENDANT: "BUT FOR" - "Anne M. Hathorn Esq.,"** is Guilty of

133

and creating a letter to do harm. 1st (First) the Defendant, Anne M. Hathorn Esq., **must be the factual or but for cause of the victim's harm**. The "but for" term comes from this phrase: "**but for the defendant's act**. The harm would not have occurred" Conduct is the cause of a result when … (a) it is an antecedent But For which the result in question would not have occurred. Basically, the Defendant Anne M. Hathorn Esq., is the factual or but for cause of the victim, Plaintiff, John H. Samson harm if the Defendant's act starts the chain of events that leads to the eventual result. [Specify - False **statement and a statement caused injuries and "Pernicious" behaviors**]. **Objection – "Motion for Clarity" – "Lacks Foundation" due to a lack of investigation and speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or unproven fact stated will not be proven or provable often demanding specific, first- hand knowledge to avoid speculation, Defendant, Anne M. Hathorn Attorney at law must state grounds precisely, highlighting that the question relies on non-evidentiary, unsupported, or hypothetical information not yet in the records, personal belief of counsel, argumentative, unreliable, speculation based on assumption rather than facts, Personal opinion stated must be stated with specificity or "assumes facts not in evidence" or fact stated will not be proven or provable, personal belief of counsel, argumentative, unreliable, false and fraudulent**

134

**statement.**

Florida case law claim of action requires five elements: (1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) [the] statement must be defamatory. Jews for Jesus, Inc. v. Rapp, 997 So. 2d 1098, 1106 (Fla. 2008).

Clearly, a false statement about another is required element of defamation. Cape Publ'n, Inc. v. Reakes, 840 So.2d 277, 279-80 (Fla. 5th DCA 2003). However, "falsity only exists if the publication is substantially and materially false, not just if it technically false. "Smith v. Cuban Am. Nat'l Found., 731 So.2d 702, 707 (Fla. 3d DCA 1999). "The court must consider **all the words used,** not merely a particular phrase or sentence." Or "a statement of opinion with no **provably false connotations** cannot support a defamation claim; the court may consider all the words, context, and **connotation** in the pleading. "Under the substantial truth doctrine, a statement does not have to be perfectly accurate if the '**gist**' or the 'sting' of the statement is true. "Id. At 706. "The question of falsity, the [Supreme] Court held, 'overlooks minor inaccuracies and concentrates upon substantial truth'. "Id. At 707 (quoting Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516, 111 S. Ct. 2419, 115 L.Ed.2d 447 (1991). Furthermore, in determining whether a statement is "**substantially true,**" the statement in question must be read in full

135

context of its publication. Id. At 705 – 06.

## PRONG
## Defamation by Implication

### Single Publication Rule Florida Stat.s.770.07 / "Publication Prong" / Florida Supreme Court recognizes Defamation by Implication

For a statement to be **actionable in defamation, it must be one of fact or mixed opinion rather than simply a statement of pure opinion**. See Jews for Jesus, Inc. vs. Rapp, 997 So. 2d 1098, 1106 – 07 (Fla. 2008); see also Zambrano vs. Devanesan, 484 So. 2d 603, 606 (Fla. 4th DCA 1986) (explaining that statements of mixed opinion are actionable in Defamation, **statement of pure opinion are not** because they are protected under the First Amendment).

The court has explained the difference between pure opinion and mixed opinion as follows:

> According to the Restatement ….. a **mixed opinion** "is one
> Which, while an opinion in form or context, is apparently
> Based on facts regarding the plaintiff or his conduct that have
> **Not been stated by the defendant** or assumed to exist by the
> Parties to the communication." It differs from pure opinion
> Which is "[a] simple expression of opinion based on disclosed
> Or assumed non-defamatory facts[.]"

Zambrano, 484 So. 2d at 606 (alterations in original) (quoting Rand vs. N.Y. Times Co., 75 A.D.2d 417, 422, 430 N.Y.S.2d 271, 274 (N.Y. App. Div. 1980) (discussing Restatement (Second) of Torts §566 cmts. b & c (Am. Law Inst. 1965).

Conversely, a statement of fact is one that describes "[a]n actual or alleged event or

**circumstance**." Fact, Black's Law Dictionary (12th ed. 2024). [Specify - False

**statement and a statement caused injuries and "Pernicious" behaviors]**.

Moreever, the recognized tort of "[d]efamation by implication arises, **not from**

**what is stated, but from what is implied when a defendant** '(1) **juxtaposes** a

series of facts so as to imply a defamatory connection between them, or (2) creates

a defamatory implication by **omitting facts, [such that]** he or she may be held

responsible for the defamatory implication[.]" Jews for Jesus, 997 So. 2d at 1106

(alterations in original (quoting Stevens vs. Iowa Newspapers, Inc., 728,N.W.2d

823, 827 (Iowa 2007). In short, even a **literally true statement is actionable** if it

"create[s] a **false impression**." Id. /// . [Specify - False **statement and a**

**statement caused injuries and "Pernicious" behaviors]**.

Below is a Florida-focused defamation analysis, with sample pleading language,
jury-trial strategy, and a Florida vs. federal (constitutional) standards comparison?
I'll keep it practical and litigation-ready rather than academic. BY: John H.
Samson, Plaintiff Pro Se.

**ANNE M. HATHORN, ESQ ATTORNEY**
**And**
**Alana Lewis, Investigator for Pinellas County**
**Office of Human Rights**
**GUILTY OF DERELICTION OF DUY**
**AND**
**PERJURY**

Anne M. Hathorn, Esq Attorney is guilty of "DEFAMATON" liability based on

purposeful participation (who said it) – often framed as actual malice through

137

circumstantial proof, civil conspiracy, or aiding and abetting defamation outcome of a "Human Right" (to whom) investigator via electronic mail to: alewis@pinellas.org even where the defendant Anne M. Hathorn and Lewis claims "no direct knowledge." **Fault,** Defendant knew or should have known the statements were false and failed to exercise reasonable care to ascertain their / both truth before publication on both party behalf. Anne M. Hathorn and Alana Lewis are guilty of "Dereliction of Duty" and "Negligent" by failure to perform assigned tasks, breach of fiduciary duties, failure to carry out obligations or responsibilities as a lack of serious professional duties. This calls for Consequences such as Disciplinary action or "Sanction" - "Penalty" – "Punish" for disobeying a law or rule by the Honorable Court.

**NOTE: "This case is about responsibility with words." Like: 1. Fairness 2. Common sense 3. Intent 4. After – the – fact conduct**

**QUESTIONS ?**

*"Why didn't she / they check?"**
*"Why didn't she / they correct it?"**
*"Why keep repeating it?"**

Below is the clean legal framework Florida courts use to decide whether **"intent to harm"** exists by **purpose and design,** even without admitted knowledge, which eliminates the need to prove **actual damages.** Defendant acted with actual malice, ill will, and reckless disregard for the truth, entitling Plaintiff John H. Samson to

138

punitive damages pursuant to Florida Law statutes (§768.72, 768.73).

1. **Core Rule: intent can be proven without direct knowledge** [in defamation law, intent to harm does NOT require an admission of knowledge.{Courts allow intent and actual malice to be proven by:}
   **\*Circumstantial evidence**
   **\*Purposeful avoidance**
   **\*Reckless indifference**
   **\*Coordinated conduct** – See: <u>New York Times Co. vs. Sullivan</u> "Actual malice may be shown by circumstantial evidence."

2. **"Aiding and Abetting" Defamation – legal standard**
   Courts {three-part test}
   1. A primary defamation occurred
   2. The defendant substantially assisted or encouraged it
   3. The defendant acted with intent to facilitate the wrong act
      \*Where:
   \*The defendant deliberately avoided the truth
   \*The defendant had a motive to harm (Financial & hold upper hand / Superiority over Plaintiff John H. Samson)
   \*The defendant benefited from the defamation (Financial)

## Restatement (Second) of Torts § 876

3. **"Without knowledge" Without Liability** (courts reject the defense / "I didn't know it was false.") if the evidence shows **purposeful indifference,** the law treats that as **equivalent to knowledge.** To include Defendant, Anne M. Hathorn, Esq, Attorney is liable if they knew the other's conduct was a breach of duty and the Defendant acted together, shared a common design, or provided "SUBSTANTIAL" assistance or encouragement in a "Concert of Action" **with** Alana Lewis investigator ("PCOHR") Pinellas County Office of Human Rights. Both should be held Liable.

SEE: **<u>St. Amant vs. Thompson</u>** [ Reckless disregard exists where the

defendant **entertained serious doubt** or **purposely avoided confirming**

**the and conducted "NO" investigation at any time from start to**

139

**Ending or** "From start to finish" or "Beginning to end" – In its entirety.

4. **Intent to Harm "Purpose and Design"**

   **Common indicators include by Florida courts:**

   SEE: <u>Miami Herald Publishing Co. vs. Ane</u>

   \*Repetition of allegation after notice of falsity
   \*Failure to "**investigate**" when "**investigation** " **was easy** and available
   \*Selective reliance on **"Biased"** sources / pre-existing beliefs fuels misinformation by presenting a skewed or incomplete narrative of events.
   \*Coordinated timing or messaging
   \*Refusal to retract
   \*Use of defamatory statements to gain upper hand, leverage, advantage, or retaliation for future financial gain.

5. **Civil Conspiracy and Defamation (by:** 2 (two) bad actors 1. Anne M. Hathorn, Esq Attorney and 2. Alana Lewis, investigator Pinellas County Office of Human Rights)

   \***Agreed** (expressly or tacitly by letters and e-mails)
   \*To publish or promote false statements thru false and fraudulent government reports and findings for a final denial letter (causing damage due to a lack of "Due Process" under the color of law) and a failed legitimate and legal investigation established by rules and laws.
   \*For a shared unlawful purpose (**now, each bad actor or participant is liable for the whole harm.**)

   **NOTE: Florida** recognizes this doctrine fully and **No** written agreement is required. Proof can include:

   \***Parallel Conduct**
   \***Coordinated silence**
   \***Mutual benefit**
   \***Cover-up- behavior**

140

6. **In Florida how courts phrase this in jury instructions**

NOTE: This defeats the "I didn't know" defense

"Actual malice may be inferred where the defendant acted with a **high degree of awareness of probable falsity**, or where the defendant **purposefully avoided learning the truth**."

7. **Pleading- style language**

**ACTS BY DEFENDANT**: Anne M. Hathorn, Esq Attorney AND OTHERS Alans Lewis, Investigator for Pinellas Human Rights: The above 2 (two) bad actors or participant acted with actual malice and intent to harm by knowingly participating in and substantially assisting the publication of false statements, or by purposefully avoiding the truth while acting pursuant to a common design. The 2 (two) bad actor conduct demonstrates willful blindness, reckless disregard for the, and deliberated intent to injure Plaintiff's John H. Samson reputation, thereby satisfying the fault requirements for defamation, aiding and abetting, and civil conspiracy to include **punitive damages** Florida Law statutes (§768.72, 768.73).

8. **Bottom line**

   *Knowledge is not required if intent can be inferred
   *Purposeful avoidance = actual malice

141

**\*Substantial assistance creates liability**
**\*Design and motive defeat deniability**

**NOTE:** Florida Courts should focus on **what the defendant did** not what they claim they believed.

**WHEREFORE**, Plaintiff Pro Se John H. Samson demands judgment against Defendant, ANNE M. HATHORN, ESQ ATTORNEY, ANNE M. HATHORN LEGAL SERVICES LLC., ANNE M. HATHORN PERSONAL for damages, punitive damages, court cost, and such other relief as the Court deems just and proper.

**\*\*\*NOTE\*\*\*: Your Honor,** the defendant had **every opportunity** to act responsibility. Anne M. Hathorn Esq. "**Standards Creed of Professionalism**"

*The defendant, Anne M Hathorn Esq. chose not to with "nonresponsive answer". The Plaintiff, John H. Samson Pro Se – Provided [2 opportunity] in a written e-mail 2 (two) written **Notice Pursuant to Chapter 836, Florida Statute §770.01** on 1st of August 2024 and 13 September 2024 to [**correct, retraction, or clarification.**] with reasonable time frame [both with expiration date] to comply by law which had "Non-Responsive" or "Failure to react" an failed to meet the expired time given on the letter. Now the law requires a remedy.

**UNDER FLORIDA LAW,**
**A "REMEDY" IS A VIOLATION OF A RIGHT**

The Florida law and the Florida Supreme Court and the State Constitution strongly

142

uphold the violation of a right is prevented, redressed, or compensated. The 3(three) strongly uphold the maxim that **"for every wrong there is a remedy."** Guaranteeing that the courts shall be open for redress of any injury. To include access to Courts Clause (Article 1, Section 21, Florida Constitution) It mandates that courts **"shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."** Preventing / Correcting Wrongs: Under Statutory law, such as Section 102.168, Fla Statute to "fashion such orders as this Honorable Court deems necessary …. To prevent or correct any alleged wrong, and to provide any relief appropriate under such circumstances." By means of Court-order actions, such as a injunctions before the entry of judgment.

## CLOSING

**Your Honor**, truth has nothing to fear from scrutiny - - only falsehood does. This defendant feared scrutiny. This defendant feared the truth. And that is why Florida Law holds the defendant liable for **DEFAMATION** and on **ALL** of the above claim or complaint.

## <u>CERTIFICATE OF COMPLIANCE</u>

Undersigned Plaintiff Pro Se, John H. Samson hereby certifies that this complaint complies with the font type and volume limitation established in Florida

Rules of Appellate Procedure 9.045 and 9.210. I am relying upon the word – count function of the word – processing system (Microsoft Word) used to prepare the complaint, which indicates that approximately 12,732 words appear in the complaint, plus the portions excluded from the word count pursuant to Rule 9.045(e). The brief is typed in 14 – point, double – spaced, Times New Roman Font.

By: /s/ <u>John (Hugh) Samson</u>

## SUMMARY

Judgment must be denied as a matter of law


## AND


## CONCLUSION

Plaintiff has shown that a jury will / could rule in Plaintiff favor.

## For the reasons, this Court should AFFIRM the decision above

 Under: Florida Rules of Civil Procedure 1.510 (modeled after Federal Rule 56 (d), SEE: Anderson vs. Liberty Lobby, Inc., (genuine dispute of multiple issues of material facts exist, Defendant is not entitled to judgment as a matter of law.) and New York Times Co. vs. Sullivan (actual malice / reckless disregard is disputed) records shows statements made with 1. Knowledge of falsity 2. With reckless disregard for the truth and <u>SEE: Gertz, 418 U.S. at 325</u> (holding that an attorney is a private figure) That Rule 1.510 fact is – Material affects the outcome or Genuine = means a reasonable jury could rule or the Plaintiff. Plaintiff has met 1. Falsity 2. Publication 3. Fault (negligence or actual Malice 4. Damages 5. Privilege (if asserted) Defendant's motion must be denied because the above record establishes multiple genuine issues of material facts regarding falsity, fault, and publication. Under Florida Rule of Civil Procedure 1.501, these disputes must be resolved by a jury – not a court. **I.** Legal Standard "The evidence is such that a reasonable jury could return a verdict for the Plaintiff." **II.** Falsity is disputed, Defendant asserts the statements were true. However, the records shows: 1. No investigation was conducted, No evidence supports the accusations, No authority has ever accused Plaintiff of wrongdoing – this creates a direct factual dispute as to falsity that must be decided by a jury. **III.** Defendant failed to verify allegations, ignored available contrary information, published statements without investigation, failed to retract after notice. Therefore a reasonable jury could find reckless disregard. **IV.** Defendant disseminated statement to: HOA Board members, Property

144

management, Government agency personnel to the extent and with intent of dissemination are factual issues affecting damages and malice. **V. R**ule 1.510 (d) [formerly rule 6(d)) – facts unavailable **Wherefore** to the extent that this Honorable Court finds the record incomplete: Plaintiff respectfully request denial or deferral of summary judgment to allow 1. Additional discovery 2. Depositions regarding Defendant's knowledge and investigation 3. Production of communications and drafts because Defendant's **state of mind** is central, summary judgment is premature. **VI.** Question of Law vs. Question of Fact – While the Court may decide pure legal questions, the following are **jury questions:** 1. Whether Statements are false 2. Whether Defendant acted with reckless disregard 3. Whether Defendant ignored contradictory evidence 4. Whether Plaintiff's reputation was harmed / damaged. Florida Courts has consistently hold that **actual malice is rarely appropriate for summary judgment** due to its subjective nature.

## CONCLUSION

Because multiple disputed genuine issues of material exist, Defendant is not entitled to judgment as a matter of law. Plaintiff respectfully request that this Honorable Court deny Defendant's (MSJ) Motion for Summary Judgment in it entirely. There is nothing that a jury could disagree with or about. **1. D**efendant's failed to: A. No investigation, No evidence, No retraction and "Credibility determinations are for the jury, not the Court."

The Court should see and treat this as a **"legal issue"**
And grant summary judgment.
Because: Statements exceeded scope or were not part of protected proceeding

## PLEADING

The Plaintiff, John H. Samson Pro Se has met his burden of establishing jurisdiction to proceed with his asserted claims that Anne M. Hathorn Esq. and personally defendants acted with actual malice or reckless disregard for the truth by knowingly conspiring with the Florida resident defendant to defame the Plaintiff, John H. Samson Pro Se by publishing the statement with "[t]he ultimate purpose of …….False Defamatory Claim, Libel and Slander, complaint express and implied malice, duty of care, lack of investigation, Malicious intent / behavior, negligence, reckless disregard for the truth, fraud, false statement, and Perjury misrepresentation, dishonest conduct intended to mislead or deceive, violation of

145

civil law or criminal law, cause and harm violation of "John H. Samson" right to due process – "deny" and tarnished reputations, true violation of officer of the court dereliction of duty, false and narrative publication or statements, bias, decimation, about plaintiffs, sent via electronic mail to: Pinellas County office of human rights, Alana Lewis investigator, dated August 29th, 2024 and HOA board of directors,10 (ten) each – when at the time the statement was issued, "it was abundantly clear to anyone interested in the truth that the [above letter by Anne M. Hathorn Esq.] was utter fiction" and "has been contrived and concocted by malicious partisans{.}" Anne M. Hathorn Esq., is Guilty and in Violation of all of the "**ABOVE**" written complaint or claim as stated. Defendant purposely avoided investigation and ignored contrary evidence. Defendant, such conduct is evidences of bad faith and supports sanctions and equitable relief as permitted by law. Rather than investigate the truth, Defendant engaged in a smear tactic designed to deflect criticism and damage Plaintiff's credibility to shift blame and avoid accountability.

## ADDITIONAL FINAL CONCLUSION - DEFAMATION LANGUAGE (FLORIDA)

### II.    INTRODUCTION

This is a straightforward defamation action arising from Defendant's publication of false accusations that Plaintiff engaged in possible criminal and unethical conduct. The statements were presented as facts, not opinion, were widely disseminated, and were published without investigation and in reckless disregard of the truth.

Defendant ignored Plaintiff's written request for correction, failed to verify its allegations, and cannot identify any investigation, charge, or evidence supporting its claims its accusations as **speculation or commentary** and person "PERCEPTION".

Because the statements are false, defamatory per se, and were published at minimum negligently—and in fact with actual malice—the movant is entitled to judgment as a matter of law.

### II. STATEMENT OF MULTIPLE DISPUTED OF MATERIAL FACTS

Defendant published a letter statements asserting that Plaintiff committed wrongdoing of law to the Board and Human Right a government agency.

146

These accusations were false and fraudulent and possible "perjury" under law.

No governmental authority has ever investigated, No evidence, No retraction and **"Credibility determination for the jury**" not the court thoroughly, true charged / charges, or accused Plaintiff of any possible criminal conduct. The record contains no complaint, report, or evidence substantiating Defendant's claims in the letter to the Board of Directors of Gulf Lake Condo or Human Right Dept. a government agency.

Before publication, Defendant conducted **"NO"** investigation. Defendant did not contact Plaintiff for verification and declined to review documents disproving the allegations.

After publication, Plaintiff sent 2 (two) written demand by e-mail for correction and retraction with **"NO"** or **"Non – Responsive"**. Defendant ignored Plaintiff's written request with a time or end date for correction and allowed the false statements to remain publicly available.
Defendant nevertheless continued republishing the accusations to third parties.

## III. STANDARD OF REVIEW

Summary judgment is appropriate for Plaintiff where there is undeniable and undisputable genuine dispute as to any relevant details of crucial material fact are significant to a **"QUESTION OF LAW"** involves interpreting legal rules and the movant is entitled to judgment as a matter of law against Defendant. **Once the record demonstrates the absence of evidence supporting an essential element of the non-movant's case, judgment must be entered or granted only if only questions of law remain. This case cannot be dismissed without a trial, "what is the law?" rather than "what happened?"**

## IV. ARGUMENT

A. The Statements Are Actionable Because the First Amendment Protects Opinions, Not False Statements of Fact

The First Amendment safeguards expressions of opinion but does not immunize false statements of fact.

147

Defendant's accusations that Plaintiff committed possible fraud and criminal misconduct are verifiable factual assertions, not rhetorical hyperbole or protected opinion. Allegations of criminal conduct are classic examples of actionable defamation under Florida law and constitute defamation per se.

Because Defendant published statements of fact capable of being proven true or false, constitutional protection does not apply.

### C. Falsity Is multiple disputed material facts & Disputed "CREDIBILITY determinations are for the jury, not the Court" as a matter of law.

*Falsity is undisputed. Ignoring the genuine material facts [**not evidence**] that lack accompanied by specific, supporting evidence  is a question of law or for "Interpretation" by the Honorable Court or Judge.
*Defendant cannot identify by any investigation, charge, or evidence supporting its claims. The record instead establishes that no authority or investigation has ever accused Plaintiff of wrongdoing.

*Truth is an absolute defense to defamation, yet Defendant has produced no proof of substantial truth at any time with a lack of any investigation. The complete absence of corroboration confirms the statements are false as a matter of law.

### C. Publication Is Established

Defendant disseminated the accusations through its (e-mail) electronic distribution channels to numerous third parties. Publication therefore is conclusively established in e-mail form.

### D. Defendant Acted at Least Negligently / Negligence

Under Florida law Negligence (Fla. Statute §768.81), a private-figure plaintiff must show the defendant acted negligently in publishing false statements.

### Here, Defendant:
• conducted no investigation, violation of statues / ordinances / law
• failed to verify readily available facts,
• failed to contact Plaintiff, and
• ignored documentary proof contradicting its claims.

148

Under either standard—negligence or actual malice—Defendant's conduct satisfies the required fault element or (mens rea) mental state or level of culpability holding a person legally responsible for an act. Intention [cause the prohibited result or outcome]: knowledge [aware of a particular result], recklessness [foresaw harm and aware of a certain to occur or outcome] or negligence [fell below the standard of care].

## G. The Statements Constitute Defamation Per Se and Damages Are Presumed

False accusations of possible criminal conduct constitute defamation per se under Florida law. Injury to reputation is presumed, and Plaintiff need not prove special damages.

Nonetheless, Plaintiff has suffered reputational and economic harm as a direct result of Defendant's publication.

## H. CONCLUSION

**Lack of 1st Hand knowledge, witness testimony, direct observation, physical evidence, false material facts by defendant and Negligence, Fraudulent Misrepresentation material facts, Malicious statement**

Defendant published false factual accusations of wrongdoing without investigation, ignored requests for correction, and acted at minimum negligently and, in fact, with actual malice.

Because falsity, publication, and fault are established with possible "**Perjury**" and no genuine dispute of material fact exists, **Plaintiff is entitled to judgment as a matter of law**.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, John H. Samson respectfully requests or demands judgement against the Defendant, jointly and severally:

III.    Compensatory damages $100,000 - $250,000
B. Presumed damages $100,000 - $250,000
C. Punitive damages $100,000 - $250,000

150

D. Retraction / correction, opportunity expired 2 letters with end dates

E. Reasonable costs, expenses and attorney's fees were permitted

F. Interest as allow by law

G. Immediate injunctive relief in the Defendants' ceasing of all dissemination of the defamatory statements; and

H. Such further relief as the Court deems just

**Can the defendant show substantial truth?** (**Negligence**)*failure to investigation *no evidence *no charges * no documents *careless reporting* ignoring obvious verification, ignored documents, refused correction, failure to contact subject, purposeful avoidance of truth, internal doubts, continued publication after notice, SHOWS: SEE: (**Negligence**) Gertz v. Robert Welch, Inc. and (**Actual Malice**) New York Times Co. v. Sullivan

Plaintiff states: that "**Defendant committed fraud and perjury**" and "Defendant published statements without investigation, ignored contradictory evidence, and continued publication after notice of falsity, demonstrating negligence and reckless disregard for truth."

**Lack of 1ˢᵗ Hand knowledge, witness testimony, direct observation, physical evidence - proof, "Allegations is NOT Evidence" just a claim or statement**

Plaintiff respectfully requests that this **Honorable Court** grant (NO) summary judgment by the Defendant as to liability and award such further relief as justice requires, "including consideration of appropriate sanctions."

"**As a final request, Plaintiff respectfully as this Honorable Court to consider whether sanctions are appropriate under the above circumstances presented.**"
**Or**
"**Finally, Plaintiff respectfully request that this Honorable Court determine the following Question of law for clarity the phrase and all statements, in a letter dated August 29ᵗʰ, 2024 "It is my understanding" It is the Plaintiff understanding that [All] of the above issues presented raise a substantial question of law warranting this Honorable Court's review. The question presented is weather:**

151

**Supreme Court of Florida**
Florida Bar vs. Cibula (1998)
The Florida Bar, Complaint, vs Frank G. Cibula, Jr., Respondent
No. 89,551., Decided: November 25th, 1998

John F. Harkness, Jr., Executive Director, Tallahassee, Florida, and Ronna Friedman Young, Bar Counsel, Fort Lauderdale, for Complainant. Robert A. Springer of Springer & Springer, Palm Springs, for Respondent.

On December 17th, 1996, The Florida Bar filed a complaint against Cibula charging that his testimony as knowingly false and that in so testifying Cibula had violated rule 3-4.3 (conduct that is unlawful or contrary to honesty and justice), rule 4-3-.3(a)(1) (false statement of material fact to a tribunal), and rule 4-8-.4 …

The court emphasize that it was not simply punishing a "lie" Rather, it focused on knowing False **knowing false statements made to a tribunal and intentional deception, duty of candor to the court.** "Disbarment is appropriate when a lawyer, with the intent to deceive the court, knowingly makes a false statement or submits a false document. That is significantly different from merely saying someone "lied." A false and fraudulent statement it implies not only falsity, but intentional deception for the purpose of misleading the court or another person.

The Florida Supreme Court of Florida, 19198)
Florida Bar vs Ross
The Florida Bar, Complainant, vs Alec Joseph Ross, Respondent
Citation 732 So. 2d 1037, Docket Number 89,102
December 24, 1999, Rehearing Denied May6, 1999
*1038 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, and Cynthia Lindbloom, Bar Counsel, Miami, for Complainant.

Richard B. Marx, Miami for Respondent.

I.    CONCLUSION
II.
Alec J. Ross is hereby disbarred from the practice of law from the date of the referee's report. We also enter judgment against Ross in favor of The Florida Bar for costs in the amount of $3,811.85, for which sum let execution issue.

It is so ordered.                              152

HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.

The court disciplined the attorney because the conduct involved **dishonesty, fraud, deceit,** or **misrepresentation,** merely, because someone accused the attorney of "lying." Why wording matters imposing lawyer Sanctions treat these differently: **negligence, knowing submission, knowingly making a false statement with intent to deceive the court** may warrant disbarment. (Something inaccurate because of a mistake, is one thing but to mislead judge or jury is something else) The court opinion that uses "**false and fraudulent statement**" rather than simply "**false statement,**" that wording often reflects the court's conclusion that involved **intentional deception,** not just falsity. The distinction can be outcome-determinative because fraud requires proof of deceptive intent, whereas a lie as a colloquial term does not itself identify the legal elements the court must find.

## DEMAND FOR TRIAL BY JURY
### Under 6th and 7th Amendment

Plaintiff hereby requests a Trial by Jury as to all issues so triable.

**Respectfully submitted,**

**John (Hugh) Samson (Pro Se)**
**960 Starkey Road Unit 1505**
**Largo Florida, Florida 33771**
**Johnf250platinum@gmail.com**
**727.461.2895**

**Plaintiff Pro Se, John H. Samson**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on MONTH:_____, DATE: _____, YEAR: 2026 a true and correct copy of the foregoing was served on counsel of record via the Florida Courts E-Filing Portal or other.

153

By: /s/ John H. Samson

END